| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Alik Segal**<br>**11620 Wilshire Blvd. #900**<br>**Los Angeles, CA 90025**<br>**310-362-6157 Fax: 310-382-2551**<br>California State Bar Number: **175159**<br><br><br><br><br>☐ *Individual appearing without attorney*<br><br>☒ *Attorney for:* **Debtor Joseph Williams** | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA   <u>LOS ANGELES</u>  DIVISION

| In re:<br><br><br><br>**Joseph Williams**<br><br><br><br><br><br>Debtor(s). | CASE NO.: **1:12-bk-20158-AA**<br><br>CHAPTER: **11**<br><br>**INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**<br><br><br>DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed.  All Creditors should refer to Articles I- IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan.  The Disclosure Statement is explanatory only; the language used in the Plan is binding.  **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one.**

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                              Page 1                                              **F 2081-1.PLAN**

# Article I
## Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are not classified and are not entitled to vote on confirmation of the Plan. These claims shall be treated as follows:

A.    <u>Professional Fees</u>. Professional fees may only be paid upon application to and approval by the court. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

B.    <u>Other Administrative Claims</u>. The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition[1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms.[2]

C.    <u>Tax Claims</u>. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time in equal amortized payments in accordance with § 511. Federal tax claims will be paid 0.93% interest, the Mid-Term Applicable Federal Rate effective October, 2012. State and local tax claims will be paid 3% interest. Payments will be made quarterly, due on the first day of the quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the entry of the order for relief.[3]

D.    <u>Involuntary Gap Period Claims pursuant to § 507(a)(3)</u>. The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

---

1    Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.
2    Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.
3    Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C). IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of __% and maturity on _____. This treatment is at least as favorable as that received by Class 6(b)."
4    This treatment is required by § 1129(a)(9)(A).

# Article II
## Classification and Treatment of Claims

**<u>Classes 1(a)-(e):  Priority Claims</u>**.

These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I). For instructions on voting, see Part 2 of the Disclosure Statement. If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms). Creditors in Class 1 are treated as follows (*Check each box that applies*):

☐    Debtor has no creditors in Class 1

**<u>Class 2: Secured claims on Debtor's principal residence</u>**.

☒    Debtor has no Class 2 claims.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                            Page 2                                            **F 2081-1.PLAN**

**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

There are no Class 3 claims.

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

There are no Class 4 claims.

**Class 5: Impaired secured claims**

The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6.  However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

The following chart lists Class 5 claims and their proposed treatment under the Plan:

| Class 5(a)(1): | | |
|---|---|---|
| Secured claim of: | **Citibank, N.A.** | |
| Property address or description of collateral: | **13755 Driftwood Drive, Victorville, CA 92395** | |
| Priority of lien: | **1st** | |
| Total amount of allowed claim: | $ | 160,000 |
| Term of Loan (years): | | 40 |
| Interest rate (to compensate creditor because claim is paid over time): | | 4.25% |
| Amount of each installment: | $ | 694 |
| Total yearly payments: | $ | 8,326 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 333,020 |
| First payment date: | **1 month after the Effective Date of Plan** | |
| Frequency of payments: | **Monthly** | |
| Day of the month when the payment is due: | **1st** | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                             Page 3                                             **F 2081-1.PLAN**

| **Class 5(b)(1):** | | | |
|---|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | | |
| Property address or description of collateral: | **1675 West Blvd, Los Angeles, CA 90019** | | |
| Priority of lien: | **1st** | | |
| Total amount of allowed claim: | | $ | 1,233 |
| Term of Loan (years): | | | 1 |
| Interest rate (to compensate creditor because claim is paid over time): | | | 4.25% |
| Amount of each installment: | | $ | 1,285 |
| Total yearly payments: | | $ | 1,285 |
| Total amount of payments (over time) to satisfy the secured claim: | | $ | 1,285 |
| First payment date: | **1 year after the Effective Date of Plan** | | |
| Payments per Year | **1** | | |
| Day of the month when the payment is due: | **1st** | | |

| **Class 5(b)(2):** | | | |
|---|---|---|---|
| Secured claim of: | **US Bank NA** | | |
| Property address or description of collateral: | **1675 West Blvd, Los Angeles, CA 90019** | | |
| Priority of lien: | **2nd** | | |
| Total amount of allowed claim: | | $ | 197,767 |
| Term of Loan (years): | | | 40 |
| Interest rate (to compensate creditor because claim is paid over time): | | | 4.25% |
| Amount of each installment: | | $ | 858 |
| Total yearly payments: | | $ | 10,290.69 |
| Total amount of payments (over time) to satisfy the secured claim: | | $ | 411,628 |
| First payment date: | **1 month after the Effective Date of Plan** | | |
| Payments per Year | **12** | | |
| Day of the month when the payment is due: | **1st** | | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                    Page 4                                    **F 2081-1.PLAN**

| Class 5(c)(1): | | |
|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | |
| Property address or description of collateral: | **3629 S. Genesee Ave, Los Angeles, CA 90016** | |
| Priority of lien: | **1** | |
| Total amount of allowed claim: | $ | 138 |
| Term of Loan (years): | | 1 |
| Interest rate (to compensate creditor because claim is paid over time): | | 4.25% |
| Amount of each installment: | $ | 144 |
| Total yearly payments: | $ | 144 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 144 |
| First payment date: | **1 year after the Effective Date of Plan** | |
| Payments per Year | **1** | |
| Day of the month when the payment is due: | **1st** | |

| Class 5(c)(2): | | |
|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | |
| Property address or description of collateral: | **3629 S. Genesee Ave, Los Angeles, CA 90016** | |
| Priority of lien: | **2** | |
| Total amount of allowed claim: | $ | 1,756 |
| Term of Loan (years): | | 1 |
| Interest rate (to compensate creditor because claim is paid over time): | | 4.25% |
| Amount of each installment: | $ | 1,831 |
| Total yearly payments: | $ | 1,831 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 1,831 |
| First payment date: | **1 year after the Effective Date of Plan** | |
| Payments per Year | **1** | |
| Day of the month when the payment is due: | **1st** | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                          Page 5                          **F 2081-1.PLAN**

| Class 5(c)(3): | | |
|---|---|---|
| Secured claim of: | **Federal National Mortgage Association** | |
| Property address or description of collateral: | **3629 S. Genesee Ave, Los Angeles, CA 90016** | |
| Priority of lien: | **3** | |
| Total amount of allowed claim: | $ | **360,106** |
| Term of Loan (years): | | **40** |
| Interest rate (to compensate creditor because claim is paid over time): | | **4.25%** |
| Amount of each installment: | $ | **1,561** |
| Total yearly payments: | $ | **18,738** |
| Total amount of payments (over time) to satisfy the secured claim: | $ | **749,516** |
| First payment date: | **1 month after the Effective Date of Plan** | |
| Payments per Year | **12** | |
| Day of the month when payment is due: | **1st** | |

| Class 5(d)(1): | | |
|---|---|---|
| Secured claim of: | **Bank of America, NA** | |
| Property address or description of collateral: | **5271 Angeles Vista Blvd., Los Angeles CA 90043** | |
| Priority of lien: | **1** | |
| Total amount of allowed claim: | $ | **390,000** |
| Term of Loan (years): | | **40** |
| Interest rate (to compensate creditor because claim is paid over time): | | **4.25%** |
| Amount of each installment: | $ | **1,691** |
| Total yearly payments: | $ | **20,293** |
| Total amount of payments (over time) to satisfy the secured claim: | $ | **811,737** |
| First payment date: | **1 month after the Effective Date of Plan** | |
| Payments per Year | **12** | |
| Day of the month when the payment is due: | **1st** | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| **Class 5(e)(1):** | | |
|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | |
| Property address or description of collateral: | **5303 Angeles Vista Blvd., Los Angeles CA 90043** | |
| Priority of lien: | **1** | |
| Total amount of allowed claim: | $ | 104 |
| Term of Loan (years): | | 1 |
| Interest rate (to compensate creditor because claim is paid over time): | | 4.25% |
| Amount of each installment: | $ | 108 |
| Total yearly payments: | $ | 108 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 108 |
| First payment date: | **1 year after the Effective Date of Plan** | |
| Payments per Year | **1** | |
| Day of the month when the payment is due: | **1st** | |

| **Class 5(e)(2):** | | |
|---|---|---|
| Secured claim of: | **Bank of America, NA** | |
| Property address or description of collateral: | **5303 Angeles Vista Blvd., Los Angeles CA 90043** | |
| Priority of lien: | **2** | |
| Total amount of allowed claim: | $ | 439,896 |
| Term of Loan (years): | | 40 |
| Interest rate (to compensate creditor because claim is paid over time): | | 4.25% |
| Amount of each installment: | $ | 1,907 |
| Total yearly payments: | $ | 22,890 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 915,589 |
| First payment date: | **1 month after the Effective Date of Plan** | |
| Payments per Year | **12** | |
| Day of the month when the payment is due: | **1st** | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                    Page 7                    **F 2081-1.PLAN**

| Class 5(e)(2): | | | |
|---|---|---|---|
| Secured claim of: | **Bank of America, NA** | | |
| Property address or description of collateral: | **5356 8th Ave, Los Angeles, CA 90043** | | |
| Priority of lien: | 1 | | |
| Total amount of allowed claim: | | $ | 300,000 |
| Term of Loan (years): | | | 40 |
| Interest rate (to compensate creditor because claim is paid over time): | | | 4.25% |
| Amount of each installment: | | $ | 1,301 |
| Total yearly payments: | | $ | 15,610 |
| Total amount of payments (over time) to satisfy the secured claim: | | $ | 624,413 |
| First payment date: | **1 month after the Effective Date of Plan** | | |
| Payments per Year | 12 | | |
| Day of the month when the payment is due: | 1st | | |

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6:  General Unsecured Claims**.

☒    **Class 6(a):  Smaller Unsecured Claims**. This class includes any allowed unsecured claim of $___100.00___ or less and any allowed unsecured claim larger than $__100.00__ but whose holder agrees to reduce its claim to $__100.00___. Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim. This class is unimpaired and not entitled to vote on the plan.

☒    **Class 6(b):  Other General Unsecured Creditors**. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid _3_% of its claim over ____10___ years in Equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar ☒ month ☐ quarter, with interest at the rate of _0_% per annum without interest starting on the first such date after the Effective Date. If payments are not proposed as equal monthly installments, they will be paid as follows: Payments will begin on the 1st anniversary of the Effective Date.

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

**Article III**
**Allowance and Disallowance of Claims**

A.    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either:

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                         Page 8                         **F 2081-1.PLAN**

(i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B.    <u>Delayed Distribution on Disputed Claims</u>.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $__**5,000**__  in which case no court approval is necessary.

## Article IV
## Executory Contracts and Unexpired Leases

A.    <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.    <u>Executory Contracts and Leases Rejected</u>.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
## Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a.    ☒    $ _10,000_____ of cash available on the date of the Plan confirmation hearing;

b.    ☒    A sale of the following property (*describe*) _

        **1) Classic Car (1923 Buick Convertible, FMV $10,000, approx.)**

        **2) Undeveloped Land in PULASKI COUNTY, GA, FMV $ 12,760, approx.)**                   ,

described in the Plan, which the Debtor estimates will produce $__**20,484 (after 10% cost of sale)**____ ;

c.    ☒    additional cash from projected disposable income (projected to be $__**2,309**___/month for the __**40** year(s)[5] following confirmation); and/or

d.    ☐    other sources of funding, as follows: _____

Please see Part 3 of the Disclosure Statement for further details of these projections.

_____

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

## Article VI
## Discharge and Other Effects of Confirmation

A.    <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                    Page 9                                    **F 2081-1.PLAN**

B.    Vesting of Property.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.    Plan Creates New Obligations.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.    Creditor Action Restrained.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may:  (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a chapter 7 bankruptcy case.

E.    Material Default Defined.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either:  (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F.    Retention of Jurisdiction.  This court retains jurisdiction until all Plan payments have been made.

**Article VII General
Provisions**

A.    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B.    Effective Date of Plan.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan. But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C.    Cramdown.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D.    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E.    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F.    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G.    Final Decree.  Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered.   The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

H.    Miscellaneous Provisions: _____

_____

_____

_____

_____

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

I.   ☒      Addendum attached, see addendum.

Date: _____5/2/2013_____        By: ___/s/ Joseph Williams_____
                                          Signature of Debtor

                                     Name:  Joseph Williams
                                            Printed name of Debtor


Date: _____5/2/2013_____        By: _____
                                          Signature of attorney for Debtor, if any

                                     Name:  Alik Segal
                                            Printed name of attorney for Debtor, if any

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ADDENDUM


ADDITIONAL TERMS


Debtor will pay property tax and insurance directly and not via escrow.  Each secured creditor will retain its lien to the extent of the allowed secured claim.  As of the Effective Date, the obligations shall be deemed current.  All pre-petition defaults are cured by confirmation of the plan and all foreclosure actions including any notice of default or sale are void.  All other terms of the existing loan documents not inconsistent with the above shall remain in full force and effect and apply to the secured portion of the claim.  In the event DEBTOR fails to comply with these terms, BOA shall have all remedies as called for in the original contract.  The allowed unsecured portion of the claim shall be paid as part of the general unsecured claims as described in Class 6 below.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                    Page 12                    **F 2081-1.PLAN**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Alik Segal**<br>**11620 Wilshire Blvd. #900**<br>**Los Angeles, CA 90025**<br>**310-362-6157 Fax: 310-382-2551**<br>California State Bar Number: **175159**<br>Alik.Segal@BkFort.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>    **Joseph Williams**<br><br>                                    Debtor(s). | CASE NO.: **1:12-bk-20158-AA**<br><br>CHAPTER: 11 |
|---|---|
| | **INDIVIDUAL DEBTOR'S DISCLOSURE**<br>**STATEMENT IN SUPPORT OF**<br>**PLAN OF REORGANIZATION** |
| | DATE:<br>TIME:<br>COURTROOM:<br>PLACE: |

     Attached is a chapter 11 plan (the Plan) proposed by the above-named individual Debtor. The Debtor attests that the information stated in this Disclosure Statement and the Plan is accurate. All creditors should refer to Articles I-IV of the Plan for the specific treatment of their claims. This Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**EFFECTIVE DATE OF THE PLAN:** The Effective Date of the Plan is 14 days following the date of entry of the order confirming the Plan unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**Part 1**
**Proposed Treatment of Claims**

**A.    Unclassified Claims including administrative priority claim, priority tax claims, and gap claims**

Holders of administrative priority claims are entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code including (i) professional fees and costs; (ii) United States trustee's fees; and (iii) postpetition domestic support obligations. Such claims shall be paid in full on, or as soon as practicable after, the Effective Date or upon allowance of such claim, whichever is later.

Holders of priority tax claims are entitled to priority under § 507(a)(8). Such claims shall be paid in full over five years from the date of the entry of the order for relief with __1__% interest in equal [monthly/quarterly/annually] amortized payments according to § 511 of the Bankruptcy Code. See Article I.C. of the Plan.

Holders of involuntary gap period claims allowed under § 502(f) are entitled to priority under § 507(a)(3). Such claims will be paid in full on, or as soon as is practicable, after the Effective Date. See Article I.D. of the Plan. Involuntary gap priority creditors exist only in cases commenced involuntarily. These are creditors who have claims that arose after the involuntary petition was filed but prior to the court's appointing a trustee or granting an order for relief.

**B.    Secured Creditors** (Classes 2, 3, 4 and 5)

See Article II of the Plan.

**C.    Priority Unsecured Creditors**

The following class(es) of priority unsecured claims are impaired and therefore, entitled to vote under the Plan. Such creditors will be paid [annually/quarterly/monthly] in full over _____years with ____% interest. Payments shall be in equal [monthly/quarterly] amortizing installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date. Alternatively, if any one of these Classes does not vote to accept the Plan, then each claim in such class must be paid in full on, or as soon as practicable after, the Effective Date (except to the extent a holder of a claim in the class agrees to other terms) or the plan cannot be confirmed. See Article II of the Plan.

☐               Class 1(a):    Domestic support obligation
☐               Class 1(b):    Priority wage claims
☐               Class 1(c):    Employee benefit plan contribution claims
☐               Class 1(d):    Grain producer and fisherman claims
☐               Class 1(e):    Consumer deposit claims.

**D.    General Unsecured Creditors (Classes 6(a) and 6(b))**

☒ Class 6(a): A creditor whose allowed claim is $__100__ or less or who elects to reduce its allowed claim to $__100__ will receive a single payment equal to 100% of its allowed claim on, or as soon as practicable after, the Effective Date of the Plan. See Article II of the Plan.

☒ Class 6(b): Other general unsecured creditors will be paid __3__% of their allowed claims ☒ without interest ☐ with interest at the rate of ____% per annum, in equal ☒ monthly ☐ quarterly installments over __10__ years. Under § 1129(a)(15), if an unsecured creditor objects to confirmation, an individual debtor must either pay the present value of that unsecured claim in full or make distributions under the plan totaling at least the value of the debtor's net disposable income over the

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                                                                    *Page 2*F 2081-1.DISCLSR.STM

greater of (a) five years or (b) the period for which the plan provides payments. However, § 1129(a)(15) should be read and applied in conjunction with § 1123(a)(4) which provides that a chapter 11 plan must provide the same treatment for each claim in the same particular class. See Article II of the Plan. Undisputed Class 6 claims, as of this date, are listed in Exhibit C to the Disclosure Statement.

**E.    Executory Contracts and Unexpired Leases**

**(1)** <u>Executory Contracts and Leases Assumed.</u> On the Effective Date, the Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement and shall perform all obligations thereunder, both preconfirmation and postconfirmation.

Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

**(2)** <u>Executory Contracts and Leases Rejected.</u> The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

**F.    Discharge**

Upon completion of the payments under the Plan, the Debtor may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtor from any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtor is not in material default under the Plan. If the Debtor materially defaults in performing the Plan, affected creditors may sue the Debtor to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code. See Article VI of the Plan.

**Part 2**
**Voting on Confirmation of Plan**

**A.    Who may vote:** Only impaired creditors are entitled to vote (see § 1124). A creditor is entitled to vote on confirmation of the Plan unless (i) the creditor's class is unimpaired (presumed to accept the Plan) or is to receive no distribution (presumed to reject the Plan); (ii) an objection has been filed to that creditor's claim; (iii) that creditor's claim is scheduled by the Debtor as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim; or (iv) the claim is unclassified (and thus required by law to be paid in full). A creditor whose claim has either been objected to or has been scheduled by Debtor as contingent, disputed, unliquidated or unknown or who has not filed a proof of claim, and who wishes to vote, must move to have its claim allowed for voting purposes by filing a motion for such relief in time for that motion to be heard before the hearing on confirmation of the Plan. A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

**B.    How to vote:** A voting creditor must fill out and return the attached ballot so that it is received by the Plan proponent no later than _____.at the following address:

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                      *Page 3*F 2081-1.DISCLSR.STMT

**11620 Wilshire Blvd. #900**
**Los Angeles, CA 90025**

C.    **Effect of vote:** The Plan will be confirmed only if (i) it is accepted by each impaired class, or (ii) it is accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court determines that the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all of the other criteria required for confirmation. A class of creditors accepts the Plan if it is accepted by a majority in number and at least two-thirds in dollar amount of the creditors in that class timely voting.

**Part 3**
**Source(s) of Payments under the Plan**

The Debtor intends to make the payments required under the Plan from the following sources:

A.    ☒ **Available Cash**. Debtor projects $___10,000___ cash will be available on the Effective Date.

B.    ☒ **Sale of Assets**. A sale of property described in the Plan, which the Debtor estimates will produce $___20,484___.

C.    ☒ **Future disposable income**. Debtor estimates that projected monthly disposable income available to creditors for the ___10___ year[1] period following confirmation will be $___426___.[2]This is based on the monthly income of $___3,537___ and expenses of $___1,474___ as set forth in Debtor's Declarations of Current/Postpetition Income and Expenses (LBR Form F 3015-1.20.DEC.INCOME.EXPENSE), which have been prepared as of ___March 31, 2013___[3] and are attached hereto as Exhibit A.

☐ This projection is consistent with (i) Debtor's average monthly income for the six months prior to this case of $____, as set forth in Debtor's Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly income of $____ and average monthly expenses (excluding professional expenses and fees incurred in this bankruptcy case) of $____ during the ____ months since the petition date (based on monthly operating statements filed with the court), and such differences as are explained as follows:

Debtor's prepetition music income of $3,089 is consisten with his postpetition music income of $2,796.
Debtor's postpetition living expenses of $1,474 are lower than his prepetition living expenses of $1,909.
Debtor currently has disposable income of $2,063 because he is staying with family and is not paying rent.
Once debtor begins paying rent of about $1,500 his disposable income will be reduced to a number that is
consistent with his planned unsecured debt service of $426.

Upon written request, Debtor will provide copies of the Statement of Current Monthly Income and/or monthly operating statements.

D.    ☒ **Other sources of funding** are explained as follows:

---

[1] This number should match the number of years selected for payments made to creditors under the plan. See note 11 of the Plan as to the Absolute Priority Rule and modify this paragraph accordingly.
[2] Under § 1123(a)(8), the plan of an individual debtor shall "provide for payment to creditors . . . of all or such portion" of postpetition personal services income "as is necessary for execution of the plan."
[3] LBR Form F 3015-1.20 should be updated to the date of the most recent financial information available for the debtor.

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                    *Page 4*F 2081-1.DISCLSR.STMT

Certain Items on schedule B were listed as having unknown value.   It appears at this time that these items do not have liquidation value.

| | Schedule B Type | Property | Reason Why Value of Claim is Negligible |
|---|---|---|---|
| 1 | 21 | Professional Malpractice Claim against prior attorney Guy Bayley. | Cost of litigation is high while the chances of prevailing and recovering damages are low. |
| 2 | 21 | Claim against independent paralegal Ed Guy for fraud, conspiracy, unlicensed practice of law, etc. | Cost of litigation is high while the chances of prevailing and recovering damages are low. |
| 3 | 21 | Claim against Esther Escalante to recover 5% fractional interest of real property at 5271 Angeles Ave, Los Angeles, CA 90043 | Cost of finding and serving the defendant and subsequent litigation is high. |
| 4 | 21 | Claim against Esther Escalante to recover 5% fractional interest of real property at 5303 Angeles Ave, Los Angeles, CA 90043 | Cost of finding and serving the defendant and subsequent litigation is high. |
| 5 | 21 | Claim against Esther Escalante to recover 5% fractional interest of real property at 5356 8th Ave, Los Angeles, CA 90043 | Cost of finding and serving the defendant and subsequent litigation is high. |

**Risk Factors**

The proposed Plan has the following risks: (explain, e.g., sale falls through, Debtor loses employment/business, illness):

**Illness of Debtor**

**Part 4**
**Liquidation Analysis**

The Debtor's Schedules A and B, that may have been amended for the purposes of this Disclosure Statement, are attached hereto as Exhibit B. The Debtor has calculated the liquidation value of each asset as shown below. The Debtor arrived at the net liquidation values that are subject to liens by deducting from the value of the assets the amount of the secured liens and any applicable sales costs, fees, and taxes.

| | | |
|---|---|---|
| Net liquidation value of Debtors' assets | | $ __0__ |
| Less estimated chapter 7 trustee expenses | - | $____ |
| Less administrative claims and priority tax claims (see Article I of Plan) | - | $____ |
| Less Other Priority Claims (see Article II of Plan) | - | $____ |
| Liquidation value available to general unsecured creditors | | $____ |
| Divide by estimated amount of allowed general unsecured claims (see Article II, Class 6 of Plan; Exhibit C) | | $____ |
| Equals estimated percentage of their allowed claims that general unsecured creditors would receive in a liquidation of the Debtor | | __0__ % |
| **Estimated percentage of claims general unsecured creditors would receive under Debtor's proposed Plan** | | __3__ % |

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                 *Page 5*F 2081-1.DISCLSR.STMT

## Part 5
## Feasibility

The Plan cannot be confirmed unless the court finds it feasible. A Plan is feasible if confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

Feasibility by the Effective Date. The Debtor estimates that the Debtor will have sufficient cash on hand on the Effective Date to pay all claims and expenses entitled to be paid in cash on such date, as shown below.

| | | |
|---|---|---|
| Cash Debtor will have on hand by Effective Date: | | $  **$35,000** |
| **Less:** | | |
| Administrative claims: | - | $  **TBD** |
| Statutory costs and charges: | - | $  **TBD** |
| Other Plan payments payable on Effective Date: | - | $____ |
| Balance after paying these amounts: | | $  **TBD** |

The sources of cash the Debtor will have on hand by the Effective Date, as shown above are:

| | | |
|---|---|---|
| Cash on Hand | | $  **15,000** |
| Sale of assets | | $  **20,000** |
| Additional cash the Debtor will accumulate from projected disposable income between now and Effective Date | + | $  **TBD** |
| Borrowing from:____ | + | $____ |
| Other:____ | + | $____ |
| **Total** | | $____ |

Feasibility over the life of the Plan. The Debtor has, and projects that the Debtor will receive, enough cash over the life of the Plan to make the required Plan payments based on the sources described above. See **Exhibit A** attached hereto.

Date: May 2, 2013

X   /s/ Joseph Williams
Signature of Debtor

**Joseph Williams**
Printed name of Debtor

Date: May 2, 2013

/s/  ALIK SEGAL
Signature of attorney for Debtor, if any

**Alik Segal 175159**
Printed name of attorney for Debtor, if any

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

/s/ Joseph Williams
Date: May 2, 2013      Signature of Debtor

## List of Exhibits

Exhibit A:      Declarations of current/postpetition income and expenses, prepared as of ___**3/31/2013**___. List of expenses shall include a list of proposed plan payments

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Exhibit B:      Schedules A and B, as adjusted to provide liquidation values and with appendices describing valuation methods

Exhibit C:      General unsecured claims (indicate next to each creditor whether or not claims are disputed) (Class 6)

Exhibit D:      Ballot

Exhibit E:      Executory contracts and unexpired leases to be assumed - NONE

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                                                                                          *Page 7* F 2081-1.DISCLSR.STMT

## Exhibit A

| In re: | Case No.: | 1:12-bk-20158-AA |
|---|---|---|
| JOSEPH WILLIAMS                              Debtor. | (If known) | |

# DECLARATION OF CURRENT/ POST-PETITION INCOME

Complete this statement by providing the monthly income of the debtor and the debtor's spouse **at this time**. The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition was filed, unless the spouses are separated and a joint petition was not filed.  Do not state the name of any minor child.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| SINGLE | RELATIONSHIP(S) | AGE(S) |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Independent Musician, Landlord | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

**INCOME:**

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ _____ | $ _____ |
| 2. | Estimate monthly overtime | $ _____ | $ _____ |
| 3. | **SUBTOTAL** | $ _____ | $ _____ |
| 4. | **LESS PAYROLL DEDUCTIONS** | | |
| | a. Payroll taxes and social security | $ _____ | $ _____ |
| | b. Insurance | $ _____ | $ _____ |
| | c. Union dues | $ _____ | $ _____ |
| | d. Other (specify) _____ | $ _____ | $ _____ |
| 5. | **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ _____ | $ _____ |
| 6. | **TOTAL NET MONTHLY TAKE HOME PAY** | $ _____ | $ _____ |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ ___2,796_____ | $ _____ |
| 8. | Income from real property | $ ____741_____ | $ _____ |
| 9. | Interest and dividends | $ _____ | $ _____ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ _____ | $ _____ |
| 11. | Social security or other government assistance (Specify) _____ | $ _____ | $ _____ |
| 12. | Pension or retirement income | $ _____ | $ _____ |
| 13. | Other monthly income (Specify) _____ | $ _____ | $ _____ |
| 14. | **SUBTOTAL OF LINES 7 THROUGH 13** | $ _____ | $ _____ |
| 15. | **MONTHLY INCOME:** (Add amounts shown on lines 6 and 14) | $ ___3,537_____ | $ _____ |
| 16. | **COMBINED MONTHLY INCOME** (Combine column totals from line 15) | $ _____ | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document: _____

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          _____
                                                                   Debtor

Dated: _____          _____
                                                                   Joint Debtor

This form has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                              **F 3015-1.20**

| In re:<br><br>JOSEPH WILLIAMS                    Debtor. | Case No.:    1:12-bk-20158-AA<br><br>(If known) |
|---|---|

# DECLARATION OF CURRENT/ POST-PETITION EXPENSES

Complete this statement by providing the monthly expenses of the debtor and the debtor's family **at this time**. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐   Check this box if this is a joint case and debtor's spouse maintains a separate household. Complete a *Declaration of current/Post-Petition Expenses* labeled "Spouse."

1.   Rent or home mortgage payment (include lot rented for mobile home)                                 $_____

    a.   Are real estate taxes included?     Yes _____     No _____
    b.   Is property insurance included?     Yes _____     No _____

2.   Utilities:   a.   Electricity and heating fuel                                                     $_____
           **b.**   Water and sewer                                                       $_____
           c.   Telephone                                                             $___244_____
           d.   Other _____                       $_____

3.   Home maintenance (repairs and upkeep)                                                             $___100_____
4.   Food                                                                                              $___300_____
5.   Clothing                                                                                          $_____
6.   Laundry and dry cleaning                                                                          $___200_____
7.   Medical and dental expenses                                                                       $___230_____
8.   Transportation (not including car payments)                                                       $_____
9.   Recreation, clubs and entertainment, newspapers, magazines, etc.                                  $___400_____
10.  Charitable contributions                                                                          $_____
11.  Insurance (not deducted from wages or included in home mortgage payments)
           a.   Homeowner's or renter's                                              $_____
           b.   Life                                                                 $_____
           c.   Health                                                               $_____
           d.   Auto                                                                 $_____
           e.   Other _____                                               $_____
12.  Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____                                       $_____
13.  Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
           a.   Auto                                                                 $_____
           b.   Other _____                    $_____
           c.   Other _____                    $_____
14.  Alimony, maintenance, and support paid to others                                                  $_____
15.  Payments for support of additional dependents not living at your home                             $_____
16.  Regular expenses from operation of business, profession, or farm (attach detailed statement)      $_____
17.  Other _____                                            $_____

18.  MONTHLY EXPENSES (Total lines 1-17)                                                               $____1,474___

19.  Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: _____
_____

20.  STATEMENT OF MONTHLY NET INCOME
           a.   Total monthly income from Line 15 of *Declaration of Current/Post-Petition Income*    $__3,537_____
           b.   Total monthly expenses from Line 18 above                            $__1,474_____
           c.   Monthly net income (a. minus b.)                                     $__2,063_____

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   __3/31/2013_____                              _____/s/ Joseph Williams_____
                                                       Debtor

Dated: _____                                   _____
                                                       Joint Debtor

This form has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                         **F 3015-1.20**

SUPPORT FOR DECLARATION OF CURRENT/ POST-PETITION EXPENSES

| MOR | 1 | 2 | 3 | 4 | 5 | Cummul. | Duration (m) | Average |
|---|---|---|---|---|---|---|---|---|
| Current Assets | 1,736 | 5,702 | 10,238 | 11,487 | 11,811 | | | |
| Regular income from operation of business | 663 | 1,074 | 3,574 | 3,469 | 1,569 | 12,302 | 4.4 | 2,796 |
| Income from real property | 603 | 1,451 | 3,427 | -261 | -1,558 | 3,261 | 4.4 | 741 |
| TOTAL INCOME | 1,266 | 2,525 | 7,001 | 3,208 | 11 | 15,563 | 4.4 | 3,537 |
| PERSONAL EXPENSES | | | | | | | | |
| Charity | | 800 | 886 | 85 | | 1771 | 4.4 | 403 |
| Living Expenses | | 922 | 875 | 1,642 | 1,169 | 4,715 | 4.4 | 1,072 |
| TOTAL PERSONAL EXPENSES | | 1,722 | 1,761 | 1,727 | 1,169 | 6,486 | 4.4 | 1,474 |
| DISPOSABLE INCOME (NET) | | 803 | 5,240 | 1,481 | -1,158 | 9,077 | 4.4 | 2,063 |

| Start | End | Duration (d) | Duration (m) |
|---|---|---|---|
| 11/19/2012 | 3/31/2013 | 132 | 4.4 |

| | |
|---|---|
| Communication | 244 |
| Household | 100 |
| Food | 300 |
| Medical | 200 |
| Transportation | 230 |
| Charity | 400 |
| TOTAL | 1474 |

**B6A (Official Form 6A)** **(12/07)**

In re    **Joseph Williams**                                                Case No.    **1:12-bk-20158-AA**
                                                        Debtor(s)

# SCHEDULE A - REAL PROPERTY

# (ADJUSTED FOR LIQUIDATION VALUE)

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.   Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."   If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.   List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.   See Schedule D.   If no entity claims to hold a secured interest in the property, write "none" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property   Claimed as Exempt.

[SEE NEXT PAGE]

# Exhibit B

Sheet 1 of 3 total sheets in Schedule of Real Property

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6A (Official Form 6A)  (12/07) - Cont.

In re  **Joseph Williams**                                                                          Case No    **1:12-bk-20158-AA**

_____
Debtor(s)

# SCHEDULE A - REAL PROPERTY
### (Continuation Sheet)

## ENCUMBERED PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest in Property, without Deducting any | Amount of Secured Claim | Equity |
|---|---|---|---|---|---|
| 3629 S. Genesse Ave, Los Angeles, CA 90016 (SFR)  Value per appraisal included the motion to value, docket no. 35. | Fee simple | - | $    362,000 | $    452,452 | $    (90,452) |
| 1675 West Blvd, Los Angeles, CA 90019 (SFR) Value per appraisal included the motion to value, docket no. 37. | Fee simple | - | $    199,000 | $    485,635 | $    (286,635) |
| 5271 Angeles Vista Blvd, Los Angeles, CA 90043 - (SFR) Value per appraisal included the motion to value, docket no. 35. | Fee Simple | - | $    390,000 | $    564,747 | $    (174,747) |
| 5303 Angeles Vista Blvd, Los Angeles, CA 90043 - (SFR) Value per appraisal included the motion to value, docket no. 35. | Fee simple | - | $    440,000 | $    597,106 | $    (157,106) |
| 13755 Driftwood Dr, Victorville, CA 92392 - (SFR)  Value per appraisal included the motion to value, docket no. 35. | Fee Simple | - | $    160,000 | $    286,901 | $    (126,901) |
| 5356 8th Ave, Los Angeles, CA 90043 - Duplex.  2nd unit is known as 2917 54th St, Los Angeles, CA 90043.  Value per appraisal included the motion to value, docket no. 35. | Fee Simple | - | $    300,000 | $    485,635 | $    (185,635) |
| | | Total: | $  1,851,000 | $  2,872,476 | $  (1,021,476) |

Sheet 2 of 3 total sheets in Schedule of Real Property

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com                                                    Best Case Bankruptcy

B6A (Official Form 6A)   (12/07) - Cont.

In re   **Joseph Williams**
_____
Debtor(s)

Case No   **1:12-bk-20158-AA**

# SCHEDULE A - REAL PROPERTY
(Continuation Sheet)

## UNENCUMBERED PROPERTY

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint or Comm-unity | Current Value of Debtor's Interest in Property, without Deducting any | Amount of Secured Claim | Equity |
|---|---|---|---|---|---|
| **Timeshare Monarch Grand Vacations at Riviera Oaks Resort, 25382 Pappas Road, Ramona, California (Valued via http://www.sellmytimesharenow.com)** | **Fee simple** | - | $          500 | $          - | $          500 |
| **Timeshare: Palm Springs Tennis Club, 701 W. Baristo Road, Palm Springs, California  (Valued via http://www.sellmytimesharenow.com)** | **Fee simple** | - | $        1,000 | $          - | $        1,000 |
| **Georgia Property (undeveloped land valued via county tax collector)** | **fee simple** | - | $      12,760 | $          - | $      12,760 |
| Total: | | | $      14,260 | $          - | $      14,260 |

| Description and Location of Property | Equity | Cost of Sale (%) | Cost of Sale ($) | Liquidation Proceeds | |
|---|---|---|---|---|---|
| **Timeshare Monarch Grand Vacations at Riviera Oaks Resort, 25382 Pappas Road, Ramona, California (Valued via http://www.sellmytimesharenow.com)** | $          500 | 10% | $          50 | $          450 | |
| **Timeshare: Palm Springs Tennis Club, 701 W. Baristo Road, Palm Springs, California  (Valued via http://www.sellmytimesharenow.com)** | $        1,000 | 10% | $        100 | $          900 | |
| **Georgia Property (undeveloped land valued via county tax collector)** | $      12,760 | 10% | $        1,276 | $      11,484 | |
| Total: | $      14,260 | | $        1,426 | $      12,834 | |

Sheet 3 of 3 total sheets in Schedule of Real Property

Software Copyright (c) 1996-2009 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B)   (12/07)

In re   **Joseph Williams**                                                                 Case No.   **1:12-bk-20158-AA**
                                      Debtor(s)

# SCHEDULE B - PERSONAL PROPERTY

## (Adjusted to Show Liquidation Value)

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed R. Bankr. P. 1007(m).

B 6B (Official Form 6B)  (12/07) - Cont.

In re  __Joseph Williams__             Case No. __1:12-bk-20158-AA__
          Debtor                                                       (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint or Community | Current Value of Debtor's Interest In Property, With- Out Deducting Any Secured Claim or Exemption | Liquidation Value | Valuation Method |
|---|---|---|---|---|---|---|
| 1. Cash on hand. | | Cash on Hand, Location: 5503 Beck Ave #A, North Hollywood CA 91601 | - | $2,500.00 | $2,500.00 | 100% |
| 2. Financial accounts | | Bank of America MONEY MKT x7343 | - | $62.46 | $62.46 | 100% |
| | | Bank of America Cheking x2399 | - | $14.21 | $14.21 | 100% |
| | | Bank of America ADV TIERED INTEREST CHEKG x7700 | - | $35.38 | $35.38 | 100% |
| | | Bank of America Interest Checking x0709 | - | $1,624.35 | $1,624.35 | 100% |
| 4. Household goods and furnishings | | Household goods and furnishings.  No item over $550 | - | $3,400.00 | $680.00 | 20% |
| 5. Books | | Books.  No item over $550 | | $500.00 | $100.00 | 20% |
| 6. Wearing apparel. | | Ordinary Clothing.  No item over $550 | - | $450.00 | $90.00 | 20% |
| 7. Furs and jewelry. | | Watch. Rings | - | $500.00 | $100.00 | 20% |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | TIAA-CREF, $19,670 - Balance in account, $ 9,561 - Loan x7801, $ 10,110 - Net | - | $10,110.00 | $10,110.00 | 100% |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1982 Mercedes Benz 300D | - | $900.00 | $450.00 | 50% |
| | | 1995 Nissan SUV | - | $1,200.00 | $600.00 | 50% |
| | | 1923 Buick (not drivable, scheduled originally as claim against Debtor's sister for return of car or its value) | | $10,000.00 | $5,000.00 | 50% |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | Items purchased from Home Depot with Home Depot credit card and subject to a Home Depot security interest:  - Dishwasher, Sink, Heating System at 5303 Angeles Vista Blvd., Los Angeles, CA 90043  - Market Value is approximate | - | $5,000.00 | $0.00 | 0% |
| | | Set of musical instruments Location: 5503 Beck Ave #A, North Hollywood CA 91601 | - | $900.00 | $450.00 | 50% |
| | | Total > | | $37,196.40 | $21,816.40 | |

B6C (Official Form 6C)  (04/10)

In re    __Joseph Williams__                                    Case No.    __1:12-bk-20158-AA__
                            Debtor(s)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
## (Adjusted to Show Liquidation Value)

Debtor claims the exemptions to which debtor is entitled under:                ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                    $146,450.*
☐ 11 U.S.C. §522(b)(2)
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| **Timeshare Monarch Grand Vacations at Riviera Oaks Resort 25382 Pappas Road, Ramona, California, United States** | **C.C.P. § 703.140(b)(5)** | **450.00** | **450.00** |
| **Timeshare: Palm Springs Tennis Club 701 W. Baristo Road, Palm Springs, California** | **C.C.P. § 703.140(b)(5)** | **900.00** | **900.00** |
| **Georgia Property (undeveloped land)** | **C.C.P. § 703.140(b)(5)** | **11,484.00** | **11,484.00** |
| **Cash on Hand** | | | |
| **Cash on Hand Location: 5503 Beck Ave #A, North Hollywood CA 91601** | **C.C.P. § 703.140(b)(5)** | **2,500.00** | **2,500.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank of America BALANCE REWARDS MONEY MKT x7343** | **C.C.P. § 703.140(b)(5)** | **62.46** | **62.46** |
| **Bank of America Cheking x2399** | **C.C.P. § 703.140(b)(5)** | **14.21** | **14.21** |
| **Bank of America ADV TIERED INTEREST CHEKG x7700** | **C.C.P. § 703.140(b)(5)** | **35.38** | **35.38** |
| **Bank of America Interest Checking x0709** | **C.C.P. § 703.140(b)(5)** | **1,624.35** | **1,624.35** |
| **Household Goods and Furnishings** | | | |
| **Household goods and furnishings.   No item over $550** | **C.C.P. § 703.140(b)(3)** | **680.00** | **680.00** |
| **Books.   No item over $550.** | **C.C.P. § 703.140(b)(3)** | **100.00** | **100.00** |
| **Wearing Apparel** | | | |
| **Ordinary Clothing.   No item over $550** | **C.C.P. § 703.140(b)(3)** | **90.00** | **90.00** |

*Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*
Schedule of Property Claimed as Exempt consists of 3 total page(s)

B6C (Official Form 6C)   (04/10) -- Cont

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Furs and Jewelry** | | | |
| **Watch, Rings** | **C.C.P. § 703.140(b)(4)** | **100.00** | **100.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **TIAA-CREF**<br>**$19,670 - Balance in account**<br>**$  9,561 - Loan x7801**<br>**$ 10,110 - Net** | **29 U.S.C. § 1056(d)** | **10,110.00** | **10,110.00** |
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Debtor has a claim against his sister Shirley Holder and her husband Terrence Holder for the return of a certain car or its value.   Debtor owned a 1923 Buick Convertible (not drivable, valued around $8-14K).   The car will be appraised to determine value mo** | **C.C.P. § 703.140(b)(5)** | **10,000.00** | **10,000.00** |
| **Professional Malpractice Claim against prior attorney Guy Bayley.** | **C.C.P. § 703.140(b)(5)** | **100%** | 0 |
| **Fraud,   conspiracy, unlicensed practice of law, etc. claim against independent paralegal Ed Guy** | **C.C.P. § 703.140(b)(5)** | **100%** | **0** |
| **Three Claims against Esther Escalante to recover 5% fractional interest of 3 real property parcels:**<br>**5% of 5271 Angeles Ave, Los Angeles, CA 90043**<br>**5% of 5303 Angeles Ave, Los Angeles, CA 90043**<br>**5% of 5356 8th Ave, Los Angeles, CA 90043** | **C.C.P. § 703.140(b)(5)** | **100%** | **0** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1923 Buick (scheduled as claim for recovery of the car or its value)** | **C.C.P. § 703.140(b)(5)** | **5,000.00** | **5,000.00** |
| **1982 Mercedes Benz 300D** | **C.C.P. § 703.140(b)(5)** | **450.00** | **450.00** |
| **1995 Nissan SUV** | **C.C.P. § 703.140(b)(2)** | **600.00** | **600.00** |
| **Machinery, Fixtures, Equipment and Supplies Used in Business** | | | |
| **Set of musical instruments**<br>**Location: 5503 Beck Ave #A, North Hollywood CA 91601** | **C.C.P. § 703.140(b)(6)** | **450.00** | **450.00** |

Sheet 2 of 3 total sheets in Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

B6C (Official Form 6C)   (04/10) -- Cont

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Proceeds of two auto accident settlements in which Integrated Healthcare Services Physical Therapy Network ("IHS") claims a healthcare provider's lien.   Debtor had an auto accident on Aug 2008 and recovered about $3,000 for for pain and suffering. The tot** | **C.C.P. § 703.140(b)(5)** | **100%** | **0** |
| | Total: | **34,650.00** | **34,650.00** |

Sheet 3 of 3 total sheets in Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 CCH INCORPORATED - www.bestcase.com

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **SECURED DEBTS (INCLUDING BIFURCATED SECURED CLAIMS)** | | | | | | | | | | |
| Class | Holder | Servicer | Collateral | Collateral FMV | Pre-petition Balance | Rank | Senior Debt Amount | Allowed Secured Claim | Unsecured Portion | Disputed? |
| 5(a)(1) | Citibank, NA | JP Morgan Chase | 13755 Driftwood Drive, Victorville, CA 92395 | 160,000 | 286,901 | 1 | 0 | 160,000 | 126,901 | Only as to the amount of the allowed secured claim |
| 5(b)(1) | Los Angeles County Tax Collector | | 1675 West Blvd, Los Angeles, CA 90019 | 199,000 | 1,233 | 1 | 0 | 1,233 | 0 | No |
| 5(b)(2) | US Bank NA | Ocwen Loan Servicing, LLC | 1675 West Blvd, Los Angeles, CA 90019 | | 485,635 | 2 | 1,233 | 197,767 | 286,635 | Only as to the amount of the allowed secured claim |
| 5(c)(1) | Los Angeles County Tax Collector | | 3629 S Genesee Ave, Los Angeles, CA 90016 | 362,000 | 138 | 1 | 0 | 138 | 0 | No |
| 5(c)(2) | Los Angeles County Tax Collector | | 3629 S Genesee Ave, Los Angeles, CA 90016 | | 1756 | 2 | 138 | 1756 | 0 | No |
| 5(c)(3) | Federal National Mortgage Association | Seterus | 3629 S Genesee Ave, Los Angeles, CA 90016 | | 452,452 | 3 | 1894 | 360,106 | 90,452 | Only as to the amount of the allowed secured claim |
| 5(d)(1) | Bank of America, NA | Bank of America, NA | 5271 Angeles Vista Blvd, Los Angeles, CA 90043 | 390,000 | 564,747 | 1 | 0 | 390,000 | 174,747 | Only as to the amount of the allowed secured claim |
| 5(e)(1) | Los Angeles County Tax Collector | | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | 440,000 | 104 | 1 | 0 | 104 | 0 | No |
| 5(e)(2) | Bank of America, NA | Bank of America, NA | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | | 597,106 | 2 | 104 | 439,896 | 157,106 | Only as to the amount of the allowed secured claim |
| 5(f)(1) | Bank of America, NA | Bank of America, NA | 5356 8th Ave, Los Angeles, CA 90043 | 300,000 | 485,635 | 1 | 0 | 300,000 | 185,635 | Only as to the amount of the allowed secured claim |
| | TOTALS | | | 1,851,000 | 2,875,707 | | 3369 | 1,851,000 | 1,021,476 | |

Exhibit C

## TOTAL UNSECUREDS

| UNSECURED PORTIONS OF BIFURCATED SECURED CLAIMS | | | |
|---|---|---|---|
| Creditor | Servicer | Collateral | Balance |
| Citibank, NA | JP Morgan Chase | 13755 Driftwood Drive, Victorville, CA 92395 | 126,901 |
| US Bank NA | Ocwen Loan Servicing, LLC | 1675 West Blvd, Los Angeles, CA 90019 | 286,635 |
| Federal National Mortgage Association | Seterus | 3629 S Genesee Ave, Los Angeles, CA 90016 | 90,452 |
| Bank of America, NA | Bank of America, NA | 5271 Angeles Vista Blvd, Los Angeles, CA 90043 | 174,747 |
| Bank of America, NA | Bank of America, NA | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | 157,106 |
| Bank of America, NA | Bank of America, NA | 5356 8th Ave, Los Angeles, CA 90043 | 185,635 |
| TOTAL | | | 1,021,476 |

| WHOLLY UNSECURED 2ND AND 3RD MORTGAGES | | | | |
|---|---|---|---|---|
| Creditor | Collateral FMV | Collateral | 2nd Mtg | 3rd Mtg |
| Bank of America, NA | 390000 | 5271 Angeles Vista Blvd, Los Angeles, CA 90043 | 104,861 | |
| Bank of America, NA | 440000 | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | 199,370 | |
| Bank of America, NA | 440000 | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | | 103,000 |
| US Bank, NA | 160000 | 13755 Driftwood Drive, Victorville, CA 92395 | 71,000 | |
| Charles Chase | 160000 | 13755 Driftwood Drive, Victorville, CA 92395 | | 25,000 |
| TOTAL | | | 503,231 | |

| TOTAL UNSECUREDS | | |
|---|---|---|
| UNSECURED PORTIONS OF BIFURCATED SECURED CLAIMS | | 1,021,476 |
| WHOLLY UNSECURED 2ND AND 3RD MORTGAGES | | 503,231 |
| SCHEDULE F UNSECUREDS | | 0 |
| TOTAL UNSECUREDS | | 1,524,707 |

Exhibit C

## BALLOT FOR ACCEPTING OR REJECTING PLAN

**Joseph Williams** filed a Plan of Reorganization on **May 2, 2013**. By this ballot you will decide whether to accept or reject this Plan.

The Plan referred to in this ballot can be confirmed by the Court and thereby bind you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the Plan.

If the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of 11 U.S.C.A. § 1129(b) (West 2004 & Supp. 2006).

Check the appropriate line below, which describes your interest:

_____ The undersigned, a creditor with an allowed claim in the amount of $_____:


[ ]  Accepts the Plan

[ ]  Rejects the Plan

Print or type name: _____

State which class you are a member of: _____

Signed:        _____

If appropriate, by: _____ as _____

        Address:_____

Return this ballot on or before **[TO BE SET BY THE COURT]** to

**LAW OFFICES OF ALIK SEGAL**
**11620 WILSHIRE BLVD, #900**
**LOS ANGELES, CA 90025**.

| In re:                          | CHAPTER: **11** |
|---------------------------------|-----------------|
| **Joseph Williams**             | CASE NUMBER: **1:12-bk-20158-AA** |
| Debtor(s). | |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**11620 Wilshire Blvd. #900 Los Angeles, CA 90025**

A true and correct copy of the foregoing document entitled (*specify*):

<u>**INDIVIDUAL DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION; INDIVIDUAL DEBTOR'S DISCLOSURE STATEMENT IN SUPPORT OF PLAN OF REORGANIZATION**</u>

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  <u>05/02/2013</u>    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Mark Domeyer mdomeyer @mileslegal.com**
- **Jacqueline S Eberhard bknotice@mccarthyholthus.com**
- **Lemuel B Jaquez bjaquez@mileslegal.com**
- **Neil M Katsuyama nmkatsuyama@jonesbell.com, neil.katsuyama@gmail.com**
- **Casey J OConnell ch11ecf@piteduncan.com**
- **Casey J OConnell ch11ecf@piteduncan.com**
- **Renee M Parker rparker@rcolegal.com, bknotice@rcolegal.com;bknotice@earthlink.net;chanson@rcolegal.com**
- **Kelly M Raftery bknotice@mccarthyholthus.com**
- **S Margaux Ross margaux.ross@usdoj.gov**
- **Alik Segal alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com**
- **United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov**
- **Edward T Weber bknotice@rcolegal.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On  <u>05/02/2013</u>    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**The Honorable Alan M. Ahart,**                                                                   **- Via Regular Mail**
**United States Bankruptcy Court**
**21041 Burbank Boulevard, Suite 342**
**Woodland Hills, CA 91367**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 2, 2013 | Grigoriy Grigoryants 286804 | /s/ Grigoriy Grigoryants |
|-------------|-----------------------------|--------------------------|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Charles Chase
25622 Horizon St.
Apple Valley, CA 92308

Internal Revenue Service
Centralized Insolvency Office
POB 7346
Philadelphia, PA 19101

Los Angeles County Tax Collector
225 N. Hill St., Rm. 130
Los Angeles, CA 90012

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Alik Segal**<br>**Law Offices of Alik Segal**<br>**11620 Wilshire Blvd. #900**<br>**Los Angeles, CA 90025**<br>**310-362-6157 Fax: 310-382-2551**<br>**175159**<br>☒*Attorney for Debtor(s)*: Joseph Williams | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>      **Joseph Williams**<br><br>                                        Debtor(s). | CASE NO.: **1:12-bk-20158-AA**<br>CHAPTER: **11**<br>ADV. NO.: |
|---|---|

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

☐ Petition, statement of affairs, schedules or lists          Date Filed: _____

☒ Amendments to the petition, statement of affairs, schedules or lists   Date Filed: _____

☐ Other:    **Chapter 11 Plan and Disclosure Statement** _____   Date Filed:  **5/2/2013**

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

/s/ Joseph Williams _____      5/2/2013 _____
*Signature of Signing Party*                     Date
**Joseph Williams**
*Printed Name of Signing Party*

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s) or Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s) or Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

/s/ Alik Segal _____      5/2/2013 _____
*Signature of Attorney for Signing Party*        Date
**Alik Segal 175159**
*Printed Name of Attorney for Signing Party*

---