**ROUTH CRABTREE OLSEN, P.S.**
Renee M. Parker, Esq., # 256851
1241 East Dyer Road, Suite 250
Santa Ana, California 92705
Telephone 714-382-6422
Facsimile 425-974-8041
Email rparker@rcolegal.com

File No.: 45728
Attorneys for: FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>JOSEPH WILLIAMS<br><br>Debtors. | Case No. 1:12-bk-20158-AA<br><br>Chapter 11<br><br>**OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION DATED 5/2/2013**<br><br>HEARING ON PLAN CONFIRMATION:<br>[NO HEARING SCHEDULED] |

Secured Creditor FEDERAL NATIONAL MORTGAGE ASSOCIATION ("FANNIE MAE"), CREDITOR C/O SETERUS, INC. ("Creditor") files its objection to Debtor's Proposed Plan of Reorganization ("Plan"). The following is offered in support:

I.   **FACTUAL BACKGROUND**

1.   Creditor holds a valid and perfected first position deed of trust in the real property commonly known as 3629 SOUTH GENESEE AVENUE, LOS ANGELES, CA 90016 ("Subject Property") and a Note executed by Debtor on January 17, 2006 in the amount of $417,000.00 with a Deed of Trust having the same date. The Subject Property does not appear to be Debtor's principal residence.

2. The Plan lists the claim in Class 5(c)(3) and provides that the Note agreement will be modified. The Plan appears to propose that the interest rate of the Note, currently an "Adjustable Rate Note", will convert to a "fixed rate" Note at 4.25% upon confirmation.

3. A Motion to Value the Subject Property filed on April 17, 2013 as Docket Item No. 35 claims the market value of the property is $369,000.00. Creditor has agreed to stipulate with Debtor as to this value, although Debtor has not signed the agreement and appears to not be seriously considering the agreement at this time.

4. Creditor also agreed to stipulate to the following: a fixed interest rate of 5.25% per annum, Debtor to pay the agreed secured loan in entirety within thirty (30) years from date of filing (with possibility to negotiate this term to 40 years), and Debtor will reimburse Creditor for post-petition escrow advances of $2,139.07 in addition to the agreed value and with Debtor being responsible for payment of all property taxes, insurance, HOA fees and any other "escrowed" item hereafter, and the remaining $83,452.54 being treated as an unsecured claim.

5. Debtor and his counsel appeared willing to negotiate the stipulation agreement, but has since become unresponsive to Creditor's offer.

6. Creditor does not agree to, and rejects the proposed treatment of its claim in the Plan. Creditor objects to the Chapter 11 Plan for the following reasons:

## II. THE PLAN CANNOT BE CONFIRMED

The Bankruptcy Code sets forth the requirements for confirmation of a Chapter 11 plan. The Plan, as proposed, does not meet the requirements, so it cannot be confirmed.

### A. The Plan fails to Provide for Appropriate Payment of the Secured Claim.

11 U.S.C §1129 (b)(2)(A) requires, among other things, for the holders of secured claims to retain their lien and receive payments of at least the value of their claims. The proposed Plan potentially impermissibly modifies the Note agreement by changing the type of Note to Creditor from adjustable to fixed, sets a fixed interest rate that is below the market rate for a similar loan, and extends the loan term beyond the currently offered term.

### B. The Debtor Cannot Demonstrate the Feasibility of the Plan

11 U.S.C. § 1129(a)(11) requires that a Plan be feasible, which means that the confirmation of the proposed plan is not likely to be followed by the liquidation, or the need for

OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

2

further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.

The purpose of the feasibility test is "to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly attain after confirmation." *Pizza of Hawaii, Inc. v. Shakey's, Inc. (In re Pizza of Hawaii, Inc.)*, 761 F.2d 1374, 1382 (9th Cir. 1985), quoting 5 *Collier on Bankruptcy* ¶ 1129.02[11] at 1129-34 (15th ed. 1984). The Debtors have not established that they will be able to comply with the terms of the Plan.

WHEREFORE, the Bank requests that confirmation of the Plan be denied and for such other relief as the Court deems just and proper.

Respectfully submitted,
Routh Crabtree Olsen P.S.

Dated: May 9, 2013        By: _____
Renee M. Parker, Esq.
Attorneys for Creditor

OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

3

# PROOF OF SERVICE

I declare: I am employed in the County of Orange, State of California. I am over the age of eighteen (18) years. My business address is 1241 E. Dyer Road, Suite 250, Santa Ana, California, 92705. On the date stated below, I served within **OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION DATED 5/2/2013** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage pre-paid, regular first class mail and/or electronic service as follows:

**SERVICE VIA U.S. MAIL:**

DEBTOR:
Joseph Williams
550 E Carson Plaza Dr #206
Carson, CA 90746

CHAMBER COPY:
Hon. Alan M. Ahart
United States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

**ELECTRONIC SERVICE:**

COUNSEL FOR DEBTOR:
Alik Segal
alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com

UNITED STATES TRUSTEE:
United States Trustee (LA)
ustpregion16.wh.ecf@usdoj.gov

ATTORNEY FOR UNITED STATES TRUSTEE:
S Margaux Ross
margaux.ross@usdoj.gov

Service was made on May 10th, 2013 at Santa Ana, California. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

By: /s/ Verenica Ramirez

OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION

4