| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Alik Segal (SBN 175159)**<br>**433 N. Camden Dr. #400**<br>**Beverly Hills, CA 90210**<br>**Phone: 310-362-6157**<br>**Fax:     310-382-2551**<br>**Alik.Segal@BkFort.com**<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* **Debtor and Debtor-In-Possession** | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WOODLAND HILLS DIVISION

| In re:<br><br><br><br>**Joseph Williams**<br><br><br><br>Debtor(s). | CASE NO.: **1:12-bk-20158-AA**<br><br>CHAPTER: **11** |
|---|---|
| | **INDIVIDUAL DEBTOR'S FIRST AMENDED<br>CHAPTER 11 PLAN OF REORGANIZATION** |
| | DATE: **November 5, 2014**<br>TIME: **10:00 am**<br>COURTROOM: **303**<br>PLACE: **21041 Burbank Boulevard**<br>          **Woodland Hills, CA 91367** |

This plan of reorganization (the Plan) under chapter 11 of the Bankruptcy Code provides for restructuring of the debts of the above-named Debtor.  If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to confirmation, or have their claims allowed. All Creditors should refer to Articles I- IV of this Plan for the precise treatment of their claims.  A disclosure statement (the Disclosure Statement) that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

Changed or added text is placed in a frame.

## Article I
## Treatment of Unclassified Claims

Under § 1123(a)(1)(i) administrative expense claims allowed under § 503(b) and entitled to priority under § 507(a)(2) (including the claims of professionals, United States trustee fees, and postpetition domestic support obligations; (ii) involuntary gap period claims under § 507(a)(3); and (iii) priority tax claims under § 507(a)(8) are

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                        *Page 1*                                                        **F 2081-1.PLAN**

not classified and are not entitled to vote on confirmation of the Plan.  These claims shall be treated as follows:

A.    Professional Fees. Professional fees may only be paid upon application to and approval by the court. The Debtor will pay professional fees in full in cash on the later of (i) the Effective Date or (ii) upon court order, except to the extent that a holder of such claim agrees to other terms.

> The application for payment of interim fees and expenses has been filed (docket no. 184) in the amount $197,353 in fees only covering the period from 11/19/2012 (petition) to 8/15/2014. The hearing is set for 9/17/2014.

B.    Other Administrative Claims. The Debtor will pay other claims allowed under § 503(b) and entitled to priority under § 507(a)(2), including domestic support obligations arising postpetition [1] and United States trustee fees, in full on the Effective Date (although expenses arising and paid in the ordinary course of Debtor's financial affairs may be paid as due), except to the extent that a holder of these claims agrees to other terms. [2]

| | E | F |
|---|---|---|
| 9 | **Unclassified Administrative:** | |
| 10 | Creditor | Citibank, N.A. as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-8 (Driftwood postpetition arrears) |
| 11 | Total amount of allowed claim: | $                  1,239.94 |
| 12 | Term of Loan (years): | 3 |
| 13 | Interest rate (to compensate creditor because claim is paid over time): | 0.00% |
| 14 | Amount of each installment: | $                    34.44 |
| 15 | Total yearly payments: | $                  413.31 |
| 16 | Total amount of payments (over time) to satisfy the secured claim: | $                  1,239.94 |
| 17 | First payment date: | 7/1/2013 |
| 18 | Frequency of payments per month: | 1 |
| 19 | Day of the month when the payment is due: | 1 |

C.    Tax Claims. The Debtor will pay claims entitled to priority under § 507(a)(8) in full over time with  **3** % interest in equal amortized payments in accordance with § 511.  Payments will be made quarterly, due on the first day of the ☒ month ☐ quarter, starting on the first such date after the Effective Date and ending on the last such date that is no more than 5 years after the  entry of the order for relief. [3]

---

[1]    Section 1129(a)(14) requires payment of all domestic support obligations arising postpetition.

[2]    Section 1129(a)(9)(A) requires payment in full of administrative expenses on the Effective Date.

[3]    Payment of priority tax claims in full within 5 years of the petition date and on terms not less favorable than those accorded the most favored nonpriority creditor is required by § 1129(a)(9)(C)   IF THE ABSOLUTE PRIORITY RULE APPLIES AND CLASS 6(B) VOTES TO REJECT THE PLAN, ADD THE FOLLOWING: "Accordingly, if Class 6(b) votes to reject the Plan and is paid in full over time, tax priority claimants will receive an interest rate of_____% and maturity on_____.   This treatment is at least as favorable as that received by Class 6(b)."

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                      *Page 2*                                      **F 2081-1.PLAN**

| | Tax Claims | |
|---|---|---|
| | C | D |
| 6 | **Tax Claims** | |
| 7 | Creditor | Internal Revenue Service |
| 8 | Total amount of allowed claim: | $            2,095.00 |
| 9 | Term of Loan (years): | 2.5 |
| 10 | Term of Loan (months): | 30 |
| 11 | Interest rate (to compensate creditor because claim is paid over time): | 3.00% |
| 12 | Amount of each installment: | $                34.44 |
| 13 | Total yearly payments: | $              870.86 |
| 14 | Total amount of payments (over time) to satisfy the secured claim: | $            2,177.16 |
| 15 | Frequency of payments per month: | 1 |
| 16 | Day of the month when the payment is due: | 1 |
| 17 | First payment date: | 2/11/2015 |
| 18 | Last payment date: | 7/11/2017 |
| 19 | 5 years from petition | 11/19/2017 |

        D.      Involuntary Gap Period Claims pursuant to § 507(a)(3).  The Debtor will pay claims allowed under § 502(f) in full on, or as soon as practicable after, the Effective Date except to the extent a holder of such claim agrees to other terms.[4]

**Article II**
**Classification and Treatment of**
**Claims**

**Classes 1(a)-(e):  Priority Claims**.

        These impaired classes include allowed unsecured claims entitled to priority under § 507 (except administrative claims under § 507(a)(2), involuntary gap period claims under § 507(a)(3) and priority tax claims under § 507(a)(8), which are unclassified and treated in Article I).  For instructions on voting, see Part 2 of the Disclosure Statement.  If any Class does not vote to accept the Plan, then each claim in the non-accepting class will be paid in full on the Effective Date (except to the extent a holder of a claim in the class agrees to other terms).  Creditors in Class 1 are treated as follows (*Check each box that applies*):

        ☒      Debtor has no creditors in Class 1

        ☐      Class 1(a): Unsecured domestic support obligation claims entitled to priority under § 507(a)(1). Debtor proposes to pay each claim in Class 1(a) in full over _____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ monthly ☐ quarterly, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

        ☐      Class 1(b): Wage and commission claims entitled to priority under § 507(a)(4). The Debtor proposes to pay each claim in Class 1(b) in full over_____years, with_____% postconfirmation interest.  Payments will be

---

[4]    This treatment is required by § 1129(a)(9)(A).

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                                    *Page 3*                                                    **F 2081-1.PLAN**

made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(c): Employee benefit plan contribution claims entitled to priority under § 507(a)(5). The Debtor proposes to pay each claim in Class 1(c) in full over_____ years, with _____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(d): Grain producer and fisherman claims entitled to priority under § 507(a)(6). The Debtor proposes to pay each claim in Class 1(d) in full over___years, with_____% postconfirmation interest. Payments will be made in equal ☐ monthly ☐ quarterly amortized installments, due on the first day of each calendar month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

☐    Class 1(e): <u>Consumer deposit claims entitled to priority under § 507(a)(7)</u>. The Debtor proposes to pay each claim in Class 1(e) in full over ____ years, with ____ % postconfirmation interest per annum. Payments will be made in equal ☐ monthly ☐ quarterly amortizing installments, due on the first day of each calendar ☐ month ☐ quarter, starting on the first such date after the Effective Date. This class is impaired and entitled to vote on confirmation of the Plan.

**<u>Class 2: Secured claims on Debtor's principal residence</u>.**

☒    Debtor has no creditors in Class 2

A.    <u>Unimpaired secured claims on Debtor's principal residence</u>. These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 2(a):  Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

B.    <u>Impaired secured claims on Debtor's principal residence</u>. These classes of secured claims on the Debtor's principal residence are impaired and therefore, entitled to vote under the Plan. The arrearages in the sum of $_____shall be paid over_____years with_____% interest. To cure the arrearages, the payments shall be made in ☐ monthly ☐ quarterly amortized installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date (Cure Payments). Ongoing payments shall be made as they come due based on their

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                  *Page 4*                                  **F 2081-1.PLAN**

respective governing loan documents (Regular Payments).  The claim will be paid in full as a secured claim in this class pursuant to § 1123(b)(5).

Class 2(c):  Secured claim of: _____
Property address or description of collateral: _____
Priority of lien: _____
Amount of arrearages: $_____
Total amount of allowed claim as of_____:
☐ Monthly   ☐ quarterly Cure Payment amount: $ _____
☐ Monthly   ☐ quarterly Regular Payment amount: $ _____
Total ☐ monthly ☐ quarterly payments: $ _____
Total amount of payments (over time) to satisfy the secured claim: $_____
Interest rate (to compensate creditor because claim is paid over time):_____%
First payment date: _____
Amount of each installment: $ _____

Frequency of payments: _____

Total yearly payments: $_____    Final payment date: _____
Monthly payments will be due on the first day of the month.

**Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

☒    Debtor has no creditors in Class 3

This class includes claims secured by a lien on property other than the Debtor's principal residence in which Debtor has an interest that is unimpaired under the Plan.  Debtor will cure any default that occurred before or after the petition date in this case, reinstate the maturity of that claim as such maturity existed before the default, maintain current payments, and not otherwise alter the legal, equitable or contractual rights to which that claim entitles the holder of the claim.  All arrearages shall be paid in full on or, as soon as practicable after, the Effective Date, unless the holder of the claim agrees to other terms.  Regular payments made thereafter will be made when due under the documents governing claim.

These classes are unimpaired and not entitled to vote on the Plan.

Class 3(a):  Secured claim of: _____
Description of collateral: _____
Priority of lien: _____
Total amount of allowed claim: $_____
Amount of arrearages: $_____
Regular monthly payment: $_____

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

☒    Debtor has no creditors in Class 4

This class includes claims secured by a lien on property in which the Debtor has an interest that are unimpaired under the Plan.  Debtor will not retain interest in such property(ies) and will surrender such collateral to the secured creditor:  ☐ not later than Effective Date    ☐ by (*date*): _____

Class 4(a):  Secured claim of: _____
Description of collateral: _____
Class 4(b):  Secured claim of: _____
Description of collateral: _____

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    *Page 5*                                    **F 2081-1.PLAN**

**Series 5 Classes:   Impaired Secured Claim Classes**

> These classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

> The secured portion of the following impaired class(es) shall be paid as set forth below.

Ongoing payments shall be made ☐ as they come due based on their respective governing loan documents (Regular Payments), or ☒ in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

> THE EXHIBIT 2 - ISCC LISTS IMPAIRED SECURED CLAIM CLASSES AND THEIR PROPOSED TREATMENT UNDER THE PLAN

If a secured creditor disputes the value of its collateral as stated above, that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation.  If the value of the collateral is disputed, the court may schedule a separate hearing to determine value.

To the extent that certain creditors' claims are entitled to various amounts due because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the Plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6:  General Unsecured Claims.**

☐    Class 6(a):  Smaller Unsecured Claims.  This class includes any allowed unsecured claim of $ ___ or less and any allowed unsecured claim larger than $_____but whose holder agrees to reduce its claim to $ _____.  Each member of this class shall receive on the Effective Date, or as soon as practicable thereafter, a single payment equal to 100% of the allowed claim.  This class is unimpaired and not entitled to vote on the plan.

☒    Class 6(b): Other General Unsecured Creditors.  This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority.  Each member of Class 6(b) shall be paid   **5**   % of its claim over   **5**   years   in equal ☒ monthly ☐ quarterly installments, due on the first day of each calendar ☒ month ☐ quarter, ☐ with interest at the rate of _____% per annum ☒ without interest starting on the first such date after the Effective Date.  If payments are not proposed as equal monthly installments, they will be paid as follows:   Debtor may pay the amounts due to this class ahead of the schedule.

This class is impaired and entitled to vote on confirmation of the Plan.  For instructions on voting, see Part 2 of the Disclosure Statement.

> Undisputed Class 6 claims, as of this date, are listed on Exhibit 3 - GUC.

**Article III
Allowance and Disallowance of
Claims**

A.    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed and as to which either:
(i)   a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or
(ii)   no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                        Page 6                                        F 2081-1.PLAN

B.    <u>Delayed Distribution on Disputed Claims</u>.  No distribution will be made on account of that portion of a claim that is disputed unless it is allowed by final nonappealable order.

C.    <u>Settlement of Disputed Claims</u>.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $_____, in which case no court approval is necessary.

---

NONE OF THE DISPUTED CLAIMS HAVE BEEN ALLOWED. SEE EXHIBIT 4 - <u>DC</u> FOR A LISTING.

---

## Article IV
### Executory Contracts and Unexpired Leases

A.    <u>Executory Contracts and Leases Assumed</u>.  The Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both preconfirmation and postconfirmation.  Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance.  Postconfirmation obligations will be paid as they come due.

B.    <u>Executory Contracts and Leases Rejected</u>.  The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.  Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

## Article V
### Means of Implementation

The Plan will be funded through (*Check each box that applies*):

a.    ☒  **$10,000**  of cash available on the date of the Plan confirmation hearing (See Exhibit 11 - <u>PBS</u>);

b.    ☒  A sale of the following property (<u>*describe*</u>)

---

Classic Car (1923 Buick Convertible) FMV 19,000, which the Debtor estimates will produce $ 16,000;

---

c.    ☒  additional cash from projected disposable income

(Projected core disposable income to be $ 1,326 /month for the   **5**   year(s)[5] following confirmation); and/or

d.    ☒  other sources of funding, as follows:

---

Investor Ms. Stella Berestetsky will make available up to $60,000 to assure plan success. See Addendum for the full description. Please see Part 3 of the Disclosure Statement for further details of these projections.

---

## Article VI
### Discharge and Other Effects of
### Confirmation

---

[5] This number should match the number of years selected for payments made to creditors under the plan and the number of years of projected disposable income calculated in Part 3.C. of the Disclosure Statement.

---

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                   *Page 7*                                   **F 2081-1.PLAN**

A.    <u>Discharge</u>.  Upon completion of all payments under the Plan, the Debtor shall receive a discharge of all preconfirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise.  Such discharge will not discharge Debtor from any debts that are nondischargeable under § 523 or the obligations created by this Plan.

B.    <u>Vesting of Property</u>.  On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

See Addendum for vesting.

C.    <u>Plan Creates New Obligations</u>.  Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.    <u>Creditor Action Restrained</u>.  Creditors may not take any action to enforce either preconfirmation obligations or obligations due under the Plan, so long as the Debtor is not in material default under the Plan.  If the Debtor is in material default under the Plan, affected creditors may: (i) take any action permitted under nonbankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case.

E.    <u>Material Default Defined</u>.  If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default.  The Debtor is in material default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the court an extension of time to cure the default or a determination that no default occurred.

F.    <u>Retention of Jurisdiction</u>.  This court retains jurisdiction until all Plan payments have been made.

<b><u>Article VII</u></b><br><b><u>General Provisions</u></b>

A.    <u>Definitions and Rules of Construction</u>.  The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B.    <u>Effective Date of Plan</u>.  The Effective Date of the Plan is 14 days following the date of the entry of the order confirming the Plan.  But, if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after the date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

C.    <u>Cramdown</u>.  Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b).

D.    <u>Binding Effect</u>.  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E.    <u>Captions</u>.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F.    <u>Controlling Effect</u>.  Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or FRBP), the laws of the State of California govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G.    <u>Final Decree</u>.  Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*        *Page 8*        **F 2081-1.PLAN**

SEP-13-2014 09:56 From: To:13103822551 Page:9/9

Case 1:12-bk-20158-MB Doc 188 Filed 09/12/14 Entered 09/12/14 20:06:49 Desc
Main Document Page 9 of 57

fully administered. The court may, however, allow a Final Decree to be entered at an earlier date if requested in Miscellaneous Provisions (below), or for cause shown.

  H. Miscellaneous Provisions:

- Attorney Alik Segal may ask the Court to close the case and enter the final decree before his fees are paid in full.
- Debtor is hereby advised to seek independent legal counsel from an experience chapter 11 attorney to make sure that the plan is fair to him. Because this plan and disclosure statement were prepared under tight time constraints, Debtor will have an opportunity at the confirmation hearing to ask the judge to remove any provision that unfairly favors Attorney over the Debtor.

  I. ☒ See attached Addendum.

Date: **September 12, 2014**

/s/ Joseph Williams
Signature of Debtor

**Joseph Williams**
Printed name of Debtor

Date: **September 12, 2014**

/s/ Alik Segal
Signature of attorney for Debtor, if any

**Alik Segal**
Printed name of attorney for Debtor, if any

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012 *Page 9* **F 2081-1.PLAN**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Alik Segal (SBN 175159)**<br>**433 N. Camden Dr. #400**<br>**Beverly Hills, CA 90210**<br>**Phone: 310-362-6157**<br>**Fax:    310-382-2551**<br>**Alik.Segal@BkFort.com**<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: **Debtor and Debtor-In-Possession*** | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WOODLAND HILLS DIVISION**

| In re:<br><br>        **Joseph Williams**<br><br>                    Debtor(s). | CASE NO.: **1:12-bk-20158-AA**<br><br>CHAPTER: **11** |
|---|---|
| | **INDIVIDUAL DEBTOR'S FIRST AMENDED DISCLOSURE STATEMENT IN SUPPORT OF FIRST AMENDED PLAN OF REORGANIZATION** |
| | DATE: **November 5, 2014**<br>TIME: **10:00 am**<br>COURTROOM: **303**<br>PLACE: **21041 Burbank Boulevard**<br>            **Woodland Hills, CA 91367** |

Attached is a chapter 11 plan (the Plan) proposed by the above-named individual Debtor. The Debtor attests that the information stated in this Disclosure Statement and the Plan is accurate. All creditors should refer to Articles I-IV of the Plan for the specific treatment of their claims. This Disclosure Statement is explanatory only; the language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

**EFFECTIVE DATE OF THE PLAN:** The Effective Date of the Plan is 30 days following the date of entry of the order confirming the Plan unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.

**Part 1**
**Proposed Treatment of Claims**

**A.    Unclassified Claims including administrative priority claim, priority tax claims, and gap claims**

Holders of administrative priority claims are entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code including (i) professional fees and costs; (ii) United States trustee's fees; and (iii) postpetition

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    *Page 1*                          **F 2081-1.DISCLSR.STMT**

domestic support obligations. Such claims shall be paid in full on, or as soon as practicable after, the Effective Date or upon allowance of such claim, whichever is later.

Holders of priority tax claims are entitled to priority under § 507(a)(8). Such claims shall be paid in full over five years from the date of the entry of the order for relief with __3.0__% interest in equal [monthly/quarterly/annually] amortized payments according to § 511 of the Bankruptcy Code. See Article I.C. of the Plan.

Holders of involuntary gap period claims allowed under § 502(f) are entitled to priority under § 507(a)(3). Such claims will be paid in full on, or as soon as is practicable, after the Effective Date. See Article I.D. of the Plan. Involuntary gap priority creditors exist only in cases commenced involuntarily. These are creditors who have claims that arose after the involuntary petition was filed but prior to the court's appointing a trustee or granting an order for relief.

**B.    Secured Creditors** (Classes 2, 3, 4 and 5)

**See Article II of the Plan and Exhibit 2 - ISCC**

**C.    Priority Unsecured Creditors**

The following class(es) of priority unsecured claims are impaired and therefore, entitled to vote under the Plan. Such creditors will be paid [annually/quarterly/monthly] in full over _____years with _____% interest. Payments shall be in equal [monthly/quarterly] amortizing installments beginning on the first day of each calendar ☐ month ☐ quarter after the Effective Date. Alternatively, if any one of these Classes does not vote to accept the Plan, then each claim in such class must be paid in full on, or as soon as practicable after, the Effective Date (except to the extent a holder of a claim in the class agrees to other terms) or the plan cannot be confirmed. See Article II of the Plan.

| | | |
|---|---|---|
| ☐ | Class 1(a): | Domestic support obligation |
| ☐ | Class 1(b): | Priority wage claims |
| ☐ | Class 1(c): | Employee benefit plan contribution claims |
| ☐ | Class 1(d): | Grain producer and fisherman claims |
| ☐ | Class 1(e): | Consumer deposit claims. |

**D.    General Unsecured Creditors (Classes 6(a) and 6(b))**

☐ Class 6(a): A creditor whose allowed claim is $_____ or less or who elects to reduce its allowed claim to $_____ will receive a single payment equal to 100% of its allowed claim on, or as soon as practicable after, the Effective Date of the Plan. See Article II of the Plan.

☒ Class 6(b): Other general unsecured creditors will be paid __5__% of their allowed claims ☒ without interest ☐ with interest at the rate of _____% per annum, in equal ☒ monthly ☐ quarterly installments over __5__ years. Under § 1129(a)(15), if an unsecured creditor objects to confirmation, an individual debtor must either pay the present value of that unsecured claim in full or make distributions under the plan totaling at least the value of the debtor's net disposable income over the greater of (a) five years or (b) the period for which the plan provides payments. However, § 1129(a)(15) should be read and applied in conjunction with § 1123(a)(4) which provides that a chapter 11 plan must provide the same treatment for each claim in the same particular class. See Article II of the Plan. **Undisputed Class 6 claims, as of this date, are listed in Exhibit 3 - GUC.**

**E.    Executory Contracts and Unexpired Leases**

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                          Page 2                          F 2081-1.DISCLSR.STMT

**(1)** Executory Contracts and Leases Assumed. On the Effective Date, the Debtor assumes the executory contracts and unexpired leases enumerated in Exhibit E to the Disclosure Statement and shall perform all obligations thereunder, both preconfirmation and postconfirmation.

Any preconfirmation arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Postconfirmation obligations will be paid as they come due.

**(2)** Executory Contracts and Leases Rejected. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

**F.     Discharge**

Upon completion of the payments under the Plan, the Debtor may receive a discharge of preconfirmation debts, except such discharge shall not discharge the Debtor from any debts that are found nondischargeable under § 523 or are obligations created by this Plan. The payments promised in the Plan constitute new contractual obligations that replace the preconfirmation debts proposed to be discharged. Creditors may not sue to collect on these obligations so long as the Debtor is not in material default under the Plan. If the Debtor materially defaults in performing the Plan, affected creditors may sue the Debtor to enforce the terms of the Plan or to dismiss this case or to convert it to a case under chapter 7 of the Bankruptcy Code. See Article VI of the Plan.

**Part 2**
**Voting on Confirmation of Plan**

**A.     Who may vote:** Only impaired creditors are entitled to vote (see § 1124). A creditor is entitled to vote on confirmation of the Plan unless (i) the creditor's class is unimpaired (presumed to accept the Plan) or is to receive no distribution (presumed to reject the Plan); (ii) an objection has been filed to that creditor's claim; (iii) that creditor's claim is scheduled by the Debtor as contingent, disputed, unliquidated or unknown and the creditor has not filed a proof of claim; or (iv) the claim is unclassified (and thus required by law to be paid in full). A creditor whose claim has either been objected to or has been scheduled by Debtor as contingent, disputed, unliquidated or unknown or who has not filed a proof of claim, and who wishes to vote, must move to have its claim allowed for voting purposes by filing a motion for such relief in time for that motion to be heard before the hearing on confirmation of the Plan. A creditor whose claim has been allowed in part as a secured claim and in part as an unsecured claim is entitled to accept or reject a Plan in each capacity by delivering one ballot for the secured part of the claim and another ballot for the unsecured portion of the claim.

**B.     How to vote:** A voting creditor must fill out and return the attached ballot so that it is received by the Plan proponent no later than _____.at the following address:

**Law Offices of Alik Segal**

**433 N. Camden Dr. #400**

**Beverly Hills, CA 90210**

**C.     Effect of vote:** The Plan will be confirmed only if (i) it is accepted by each impaired class, or (ii) it is accepted by at least one impaired class exclusive of insiders (as defined by §101(31)) and the court

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 3                          **F 2081-1.DISCLSR.STMT**

determines that the Plan is "fair and equitable" (as defined by §1129(b)) to all rejecting classes of creditors, and it meets all of the other criteria required for confirmation. A class of creditors accepts the Plan if it is accepted by a majority in number and at least two-thirds in dollar amount of the creditors in that class timely voting.

**Part 3**
**Source(s) of Payments under the Plan**

The Debtor intends to make the payments required under the Plan from the following sources:

A.    ☒ **Available Cash**. Debtor projects $ __10,000__ cash will be available on the Effective Date.

B.    ☒ **Sale of Assets**. A sale of property described in the Plan, which the Debtor estimates will produce $ __16,000__.

---

Classic Car (1923 Buick Convertible, Appraised FMV 19,000, after $3,000 of repairs), which the Debtor estimates will produce $ 16,000.   Debtor obtained an appraisal of the car.   The car was not in running condition.   Appraiser was not able to determine the nature of the mechanical problem or the cost to repair.   Appraiser included in the appraisal a comparable sale of $19,000 and set the value of the car in non-running condition at $9,200.   Later Debtor obtained an estimate under penalty of perjury showing the cost to repair to the condition of the comparable car in the appraisal as $2,925.   Debtor estimates that after repair the car will be worth $19,000.   Debtor expects to sell the car for at least $16,000

---

C.    ☐ **Future disposable income**. Debtor estimates that projected monthly disposable income available to creditors for the ____ year[1] period following confirmation will be $____.[2]This is based on the monthly income of $_____ and expenses of $_____ as set forth in Debtor's Declarations of Current/Postpetition Income and Expenses (LBR Form F 3015-1.20.DEC.INCOME.EXPENSE), which have been prepared as of _____[3] and are attached hereto as Exhibit A.

☐ This projection is consistent with (i) <u>Debtor's average</u> monthly income for the six months prior to this case of $____, as set forth in Debtor's Statement of Current Monthly Income (Official Bankruptcy Form 22B) filed with this court and (ii) average monthly income of $____ and average monthly expenses (excluding professional expenses and fees incurred in this bankruptcy case) of $____ during the ____ months since the petition date (based on monthly operating statements filed with the court), and such differences as are explained as follows:

Upon written request, Debtor will provide copies of the Statement of Current Monthly Income and/or monthly operating statements.

---

Debtor has two types of income. Debtor is (1) a musician and (2) a real estate owner and residential landlord. Debtor has six income properties. Alternative proposals under this plan include:
(a)     keeping all six properties,
(b)     keeping five properties and abandoning on of two properties located at Angeles Vista Blvd (collectively "AV Properties"), and

---

[1] This number should match the number of years selected for payments made to creditors under the plan. See note 11 of the Plan as to the Absolute Priority Rule and modify this paragraph accordingly.
[2] Under § 1123(a)(8), the plan of an individual debtor shall "provide for payment to creditors . . . of all or such portion" of postpetition personal services income "as is necessary for execution of the plan."
[3] LBR Form F 3015-1.20 should be updated to the date of the most recent financial information available for the debtor.

---

This form is optional.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    *Page 4*                          **F 2081-1.DISCLSR.STMT**

(c)    keeping four properties and abandoning both AV Properties. Debtor's real estate income depends on which of the three scenarios is included in the confirmed plan.

Core Disposable Income is defined as Music Income minus Living Expenses. See table below for estimated values of Core Disposable Income, Music Income, Living Expenses and Real Estate Income.

Total Disposable Income is defined as Core Disposable Income plus Real Estate Income. Just as Real Estate Income varies depending on how many properties are included in the confirmed plan, so the Total Disposable Income varies depending on how many properties are included in the confirmed plan.

See the estimates immediately below.   Music Income is calculated in the Exhibit 5 - MI. Living Expenses are calculated in Exhibit 1 - DCPI (Declaration of Current Postpetition Income). Real Estate Income is calculated in the Exhibit 6 - PRI.

| | A | B | C | D |
|---|---|---|---|---|
| 1 | Number of Properties | 4 | 5 | 6 |
| 2 | Music Income | 2,826 | 2,826 | 2,826 |
| 3 | Living Expenses | (1,500) | (1,500) | (1,500) |
| 4 | Core Disposable Income | 1,326 | 1,326 | 1,326 |
| 5 | Real Estate Income | 456 | 205 | 110 |
| 6 | Total Disposable Income | 1,782 | 1,531 | 1,436 |

**D.    ☒  Other sources of funding** are explained as follows:

Investor Stella Berestetsky ("Investor") is an experienced real estate investor and a long-time friend of Attorney. She has promised to set aside in a separate account $60,000 to assist in the performance of the plan in this case.   See Exhibit 7 – SD and Addendum for details.

**E.    Post-Confirmation Management**

Debtor's Attorney shall act as the Disbursement Agent for the purpose of making all distributions provided for under the Plan.   Attorney shall have the power to delegate this duty to another professional.   Any successor shall be entitled to receive such compensation and be reimbursed for expenses up to $200 per month without Court's permission.

The Disbursing Agent may employ and compensate professionals on any reasonable terms and conditions as necessary to perform his/her/its duties under the Plan.   This may include attorneys, accountants, or other professionals.   The Disbursing Agent may compromise and pay any unsecured claim provided that the amount to be paid is not greater than the amount otherwise due under the Plan.

**F.    Risk Factors**

The proposed Plan has the following risks: (explain, e.g., sale falls through, Debtor loses employment/business, illness):

1. Debtor illness. Debtor is in good health; however, unexpected illness is always a risk for an individual debtor.
2. Economic Downturn. Real estate values are cyclical.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                              Page 5                                              F 2081-1.DISCLSR.STMT

**Part 4**
**Liquidation Analysis**

The Debtor's Schedules A, B, and C are attached hereto as Exhibit 8 - ABC. The Debtor has calculated the liquidation value of each asset as shown in Exhibit 9 - LA. The Debtor arrived at the net liquidation values that are subject to liens by deducting from the value of the assets the amount of the secured liens and any applicable sales costs, fees, and taxes.

| | | |
|---|---|---|
| Net liquidation value of Debtors' assets | | $ 0 |
| Less estimated chapter 7 trustee expenses | - | $ 0 |
| Less administrative claims and priority tax claims (see Article I of Plan) | - | $ 0 |
| Less Other Priority Claims (see Article II of Plan) | - | $ 0 |
| Liquidation value available to general unsecured creditors | | $ 0 |
| Divide by estimated amount of allowed general unsecured claims (see Article II, Class 6 of Plan, Exhibit 3 - GUC) | | $ 1,479,726 |
| Equals estimated percentage of their allowed claims that general unsecured creditors would receive in a liquidation of the Debtor | | 0 % |
| **Estimated percentage of claims general unsecured creditors would receive under Debtor's proposed Plan** | | 5 % |

**Part 5**
**Feasibility**

The Plan cannot be confirmed unless the court finds it feasible. A Plan is feasible if confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor, unless such liquidation or reorganization is proposed in the Plan.

Feasibility by the Effective Date. The Debtor estimates that the Debtor will have sufficient cash on hand on the Effective Date to pay all claims and expenses entitled to be paid in cash on such date, as shown below.

| | | |
|---|---|---|
| Cash Debtor will have on hand by Effective Date (See Exhibit 11- PBS): | | $ $10,000 |
| **Less:** | | |
| Administrative claims: | - | $ $0.00 |
| Statutory costs and charges: | - | $ $0.00 |
| Other Plan payments payable on Effective Date: | - | $ $243 |
| Balance after paying these amounts: | | $ $9,757 |

The sources of cash the Debtor will have on hand by the Effective Date, as shown above are:

| | | |
|---|---|---|
| Cash on Hand | | $ 9,757 |
| Sale of assets | | $ 16,000 |
| Additional cash the Debtor will accumulate from projected disposable income between now and Effective Date | + | $ |
| Borrowing from: ____ | + | $ |
| Other: ____ | + | $ |
| | **Total** $ | 25,757 |

Feasibility over the life of the Plan. The Debtor has, and projects that the Debtor will receive, enough cash over the life of the Plan to make the required Plan payments based on the sources described above.

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 6                        F 2081-1.DISCLSR.STMT

As discussed above in Part 3 Section D, the Investor promised to set aside in a separate account $60,000 to assist Debtor in this case. If Debtor is not able to meet his obligation under the plan, the Investor will have the obligation to disburse up to $60,000 and the option to disburse additional funds if needed.    See Exhibit 7 - SD.

Feasibility over the life of the plan is assured by the following facts:

1. On the Effective Date, Debtor will have $10,000 in liquid assets and a classic car that can be sold for $16,000 net after expenses.

2. Attorney will not receive any attorney's fees in regular payments during the life of the plan. Unsecureds will receive regular monthly payments or earlier in lump sum.   Attorney will only be paid after the unsecureds have been paid.

3. In addition, Attorney's long-time friend and experienced real estate investor will provide at least $60,000 to assure plan success.

4. Debtor will be very motivated to provide his entire disposable income of $1,326/month.   If Debtor fails to provide entire $1,326 and investor needs to replace any short fall, she will earn 100% annual interest on that shortfall.   To cut off the interest, Debtor will be free to replace the shortfall himself, within days, weeks, or months, as quickly as possible, through assistance from friends and family.

| | 6 Props | 5 Props | 4 Props |
|---|---|---|---|
| Net Real Estate Income (after MTG etc.) | 110 | 205 | 456 |
| Eunice Walker | 0 | 0 | 0 |
| Investor/Family | 0 | 0 | 0 |
| Net Music Income | 2,826 | 2,826 | 2,826 |
| **TOTAL NET TAKE-HOME INCOME** | **2,936** | **3,031** | **3,282** |
| **Personal Expenses** | **(1,500)** | **(1,500)** | **(1,500)** |
| **DISPOSABLE INCOME** | **1,436** | **1,531** | **1,782** |
| | | | |
| Schedule E Priority Claims Treatment | (73) | (73) | (73) |
| Unclassified Administrative | (34) | (34) | (34) |
| General Unsecured Treatment | (1,233) | (850) | (617) |
| **TOTAL DEBT SERVICE w/o ATTY FEES** | **(1,340)** | **(957)** | **(724)** |
| Admin (post confirm - UST, CPA, Life Insurance) | (600) | (600) | (600) |
| **TOTAL EXPENSES** | **(1,940)** | **(1,557)** | **(1,324)** |
| **Surplus (Deficit) w/o Atty Fees** | **(504)** | **(26)** | **458** |

Investor understands that she may contribute up to $504/mo on the regular basis until the case closes.

Date: September 12, 2014

X _____
Signature of Debtor

**Joseph Williams**
Printed name of Debtor

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

As discussed above in Part 3 Section D, the Investor promised to set aside in a separate account $60,000 to assist Debtor in this case. If Debtor is not able to meet his obligation under the plan, the Investor will have the obligation to disburse up to $60,000 and the option to disburse additional funds if needed.    See Exhibit 7 - SD.

Feasibility over the life of the plan is assured by the following facts:

1. On the Effective Date, Debtor will have $10,000 in liquid assets and a classic car that can be sold for $16,000 net after expenses.

2. Attorney will not receive any attorney's fees in regular payments during the life of the plan. Unsecureds will receive regular monthly payments or earlier in lump sum.   Attorney will only be paid after the unsecureds have been paid.

3. In addition, Attorney's long-time friend and experienced real estate investor will provide at least $60,000 to assure plan success.

4. Debtor will be very motivated to provide his entire disposable income of $1,326/month.   If Debtor fails to provide entire $1,326 and investor needs to replace any short fall, she will earn 100% annual interest on that shortfall.   To cut off the interest, Debtor will be free to replace the shortfall himself, within days, weeks, or months, as quickly as possible, through assistance from friends and family.

|  | 6 Props | 5 Props | 4 Props |
|---|---|---|---|
| Net Real Estate Income (after MTG etc.) | 110 | 205 | 456 |
| Eunice Walker | 0 | 0 | 0 |
| Investor/Family | 0 | 0 | 0 |
| Net Music Income | 2,826 | 2,826 | 2,826 |
| TOTAL NET TAKE-HOME INCOME | 2,936 | 3,031 | 3,282 |
| Personal Expenses | (1,500) | (1,500) | (1,500) |
| DISPOSABLE INCOME | 1,436 | 1,531 | 1,782 |
|  |  |  |  |
| Schedule E Priority Claims Treatment | (73) | (73) | (73) |
| Unclassified Administrative | (34) | (34) | (34) |
| General Unsecured Treatment | (1,233) | (850) | (617) |
| TOTAL DEBT SERVICE w/o ATTY FEES | (1,340) | (957) | (724) |
| Admin (post confirm - UST, CPA, Life Insurance) | (600) | (600) | (600) |
| TOTAL EXPENSES | (1,940) | (1,557) | (1,324) |
| Surplus (Deficit) w/o Atty Fees | (504) | (26) | 458 |

Investor understands that she may contribute up to $504/mo on the regular basis until the case closes.

Date: September 12, 2014

X _Joseph Williams_
Signature of Debtor

Joseph Williams
Printed name of Debtor

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                         Page 7                         F 2081-1.DISCLSR.STMT

Date: September 12, 2014                          /s/   ALIK SEGAL
                                                  Signature of attorney for Debtor, if any

                                                  **Alik Segal 175159**
                                                  Printed name of attorney for Debtor, if any

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 12, 2014                          Signature of Debtor

## List of Exhibits

Exhibit 1 - DCPI: Declarations of current/postpetition income and expenses, prepared as of ___9/12/2014___.

Exhibit 2 - ISCC: Impaired Secured Claim Classes

Exhibit 3 - GUC: General unsecured claims (Class 6b)

Exhibit 4 - DC: Disputed Claims

Exhibit 5 - MI: Music Income

Exhibit 6 - PRI: Projected Rental Income

Exhibit 7 - SD: Declarations of Stella Berestetsky

Exhibit 8 - ABC: Schedules A, B and C, as adjusted to provide liquidation values and with appendices describing valuation methods

Exhibit 9 - LA: Liquidation Analysis

Exhibit 10 - BT: Ballot

Exhibit 11 - PBS: Postpetition Balance Sheet

Exhibit 12 - TS: Treatment Summary

Exhibit 14 - MS: Management Standards

Exhibit 15 - AFC: Attorney Financial Condition

Exhibit N/A: Executory contracts and unexpired leases to be assumed - **NONE**

This form is optional.   It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    *Page 8*                      **F 2081-1.DISCLSR.STMT**

# **PLAN ADDENDUM**

1. Investor Stella Berestetsky promises to advance up to $60,000 to insure plan success.  These funds will not be used to pay fees of Attorney Alik Segal ("Attorney").

2. General Unsecured Creditors ("GUC") will receive regular monthly payments.  Debtor will have the right to pay off the GUC early.

3. Debtor co-owns two properties with another individual, Maurice Stephenson.  The relationship between co-owners has been difficult.  The two gentlemen have not been able to cooperate.  This lack of cooperation is a management problem.  Debtor will resolve this problem by seeking partition of the two Angeles Vista Boulevard properties in state court.

4. Attorney Alik Segal will work with an experienced partition attorney to achieve partition.  Experienced partition attorney will need to be paid up front.  The bulk of the partition legal work will be paid by Attorney.  He will be paid for this work from proceeds of the partition.  This money to pay the experience partition attorney will come from the estate.  In practice, it will be provided by the Investor.  Most likely the partition will result in a sale of the properties.

5. The proceeds will be divided as follows.  The 50% share of Maurice Stephenson's proceeds from each property will be paid to the holder of the first lien on the respective property.  Without a partition, a short sale or a foreclosure may be impossible or impractical.  Any remainder of the share of Mr. Stephenson will be paid to the holder of the second lien.  The 50% share of the Debtor will be used first to pay the General Unsecured Creditors.  The remainder will be paid to reimburse the Investor for any funds already advanced.  After being reimbursed from partition proceeds, the Investor will have

a continuing obligation to advance funds, up to $60,000.  Any funds remaining from

partition proceeds will go to pay Attorney's partition fees and bankruptcy fees.

6. Properties that have equity beyond transaction costs may be sold at Attorney's

discretion to pay GUC, the Investor, and the Attorney's fees in that order.  Debtor has

the option to pay off all debts including pre-petition debts, debt to Investor and the debt

to Attorney by finding another investor to pay off these debts or by finding new

financing—secured or otherwise—to pay off these debts.

7. Explanation of Three Alternative Plans for Four, Five, and Six Properties.  Debtor has six

income properties. Debtor's real estate income and opportunity to benefit from property

appreciation depend on which of the three scenarios is included in the confirmed plan.

Alternative proposals under this plan include:

  a.  keeping all six properties,

  b.  keeping five properties and abandoning on of two properties located at Angeles

     Vista Blvd. (collectively "AV Properties"), and

  c.  keeping four properties and abandoning both AV Properties.

8. Upon case termination, Investor will generally receive her funds with 10% interest.

There are two limited circumstances where Investor will receive her investment back

with 100% profit.

  a.  The goal of this condition is to motivate Debtor to provide his entire disposable

     income of $1,326/month.  If Debtor fails to provide entire $1,326 and investor

     needs to replace any shortfall, she will earn 100% annual profit on that shortfall.

     To cut off the profit, Debtor will be free to replace the shortfall himself, within

     days, weeks, months, or as quickly as possible, through assistance from friends

     and family.

    b.  Exhibit 14 – MS (Management Standards) describes another circumstance where Investor's funds advanced to prepare Debtor's music business and personal expenses reports will be paid back with 100% annual profit.

9.  Existing stipulations with creditors are the following:

    a.  Stipulation re 1675 West Blvd, Los Angeles, CA 90019 has been filed as docket no. 127.

    b.  Stipulation re 13755 Driftwood Drive, Victorville, CA 92395 (First Lien) has been filed as docket no. 98.

    c.  Stipulation re 13755 Driftwood Drive, Victorville, CA 92395 (Second Lien) has been filed as docket no. 94.  Order approving was entered as docket no. 96.

10.  At any time after confirmation during the plan period, upon completion of payments to all unsecured creditors (including professional claimants), Debtor may apply to the Court and obtain discharge and the final decree closing the case.

11.  Since Debtor has not been able to find an investor, Attorney's long-term friend Stella Berestetsky has agreed to step in and help Debtor. She is only willing to do this as a personal favor to Attorney. Investor is dealing with a very difficult family problem.  She would not take time from her family or put money at risk if this was only about money. Investor is willing to help Debtor only if Attorney will be fully in charge under court's review and supervision. As any other experienced investor who is coming to save a very precarious and risky situation, she wants to have her investment protected to the greatest extent possible. She is entering this case completely blind without having met Debtor, without knowing anyone on Debtor's team and without having current appraisals. She is going into this case and into this investment based solely on Attorney's word.

12.  Investor requests as a condition of her participation that after confirmation, title and ownership of properties be transferred to and respective mortgages assumed by either

Attorney or a special purpose entity ("SPE") (a business entity or a trust) that will be owned or otherwise controlled by Attorney.  One of the goals of this SPE is to prevent the properties to be subject of additional bankruptcy proceedings, and the SPE will be designed specifically for this purpose.  Upon payment of debt to Investor and Attorney and receiving discharge, title and ownership of properties will be restored to Debtor and he will assume respective mortgages.  Debtor will also have the option to paying off plan debts by prepaying some or all mortgages.  This provision may be uncommon, but it is necessary for the execution of this plan.  To the extent that some stipulations contain clauses to the contrary, this plan, if confirmed, will supersede these clauses.

13. Contractual interest rate on Attorney's fees is ten percent.  This plan contemplates that the title and ownership of properties will be transferred to and respective mortgages assumed.  The transferee and the party assuming will be either Attorney or a special purpose entity ("SPE") (a business entity or a trust) that will be owned or otherwise controlled by Attorney.  After the transfer and assumption the applicable interest rate will be five percent.

14. As of the Effective Date, the obligations shall be deemed current.  All pre-petition defaults are cured by confirmation of the plan and all foreclosure actions including any notice of default or sale are void.  All other terms of the existing loan documents not inconsistent with the above shall remain in full force and effect and apply to the secured portion of the claim.  In the event Debtor fails to comply with these terms, secured creditors shall have all remedies as called for in the original contract.  The allowed unsecured portion of the claim shall be paid as part of the general unsecured claims as described in Class 6 above.

### Exhibit 1 - DCPI

| In re: | | Case No.: | 1:12-bk-20158-AA |
|---|---|---|---|
| JOSEPH WILLIAMS | Debtor. | | (If known) |

## DECLARATION OF CURRENT/ POST-PETITION INCOME

Complete this statement by providing the monthly income of the debtor and the debtor's spouse at this time. The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition was filed, unless the spouses are separated and a joint petition was not filed. Do not state the name of any minor child.

| Debtor's Marital Status: SINGLE | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |
| Employment: | DEBTOR | SPOUSE |
| Occupation | Independent Musician, Landlord | |
| Name of Employer | | |
| How Long Employed | | |
| Address of Employer | | |

| INCOME: | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | $ |
| 2. | Estimate monthly overtime | $ | $ |
| 3. | SUBTOTAL | $ | $ |
| 4. | LESS PAYROLL DEDUCTIONS | | |
| | a. Payroll taxes and social security | $ | $ |
| | b. Insurance | $ | $ |
| | c. Union dues | $ | $ |
| | d. Other (specify) _____ | $ | $ |
| 5. | SUBTOTAL OF PAYROLL DEDUCTIONS | $ | $ |
| 6. | TOTAL NET MONTHLY TAKE HOME PAY | $ | $ |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ 3,169 | $ |
| 8. | Income from real property | $ 14,375 | $ |
| 9. | Interest and dividends | $ | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | $ |
| 11. | Social security or other government assistance (Specify) _____ | $ | $ |
| 12. | Pension or retirement income | $ | $ |
| 13. | Other monthly income (Specify) _____ | $ | $ |
| 14. | SUBTOTAL OF LINES 7 THROUGH 13 | $ | $ |
| 15. | MONTHLY INCOME: (Add amounts shown on lines 6 and 14) | $ 17,544 | $ |
| 16. | COMBINED MONTHLY INCOME (Combine column totals from line 15) | $ | |

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/12/14

Joseph Williams
Debtor

This form has been approved for use by the United States Bankruptcy Court for the Central District of California.

In re:

JOSEPH WILLIAMS                                    Debtor.

Case No.:    1:12-bk-20158-AA

(If known)

# DECLARATION OF CURRENT/ POST-PETITION EXPENSES

Complete this statement by providing the monthly expenses of the debtor and the debtor's family **at this time.** Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if this is a joint case and debtor's spouse maintains a separate household. Complete a *Declaration of current/Post-Petition Expenses* labeled "Spouse."

1.  Rent or home mortgage payment (include lot rented for mobile home)                               $ _____

    a.  Are real estate taxes included?      Yes _____    No _____
    b.  Is property insurance included?       Yes _____    No _____

2.  Utilities:  a.  Electricity and heating fuel                                                     $ _____
                b.  Water and sewer                                                                  $ _____
                c.  Telephone                                                                        $ __95____
                d.  Other _____                                                                 $ _____

3.  Home maintenance (repairs and upkeep)                                                            $ _____
4.  Food                                                                                             $ __400____
5.  Clothing                                                                                         $ __62____
6.  Laundry and dry cleaning                                                                         $ __80____
7.  Medical and dental expenses                                                                      $ __229____
8.  Transportation (not including car payments)                                                      $ __351____
9.  Recreation, clubs and entertainment, newspapers, magazines, etc.                                 $ __20____
10. Charitable contributions                                                                         $ __50____
11. Insurance (not deducted from wages or included in home mortgage payments)
                a.  Homeowner's or renter's                                                          $ _____
                b.  Life                                                                             $ _____
                c.  Health                                                                           $ _____
                d.  Auto                                                                             $ __82____
                e.  Other _____                                                                 $ _____
12. Taxes (not deducted from wages or included in home mortgage payments)
    (Specify) _____                                                                             $ _____
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
                a.  Auto                                                                             $ _____
                b.  Other **Timeshare maintenance**                                                  $ __14____
14. Alimony, maintenance, and support paid to others                                                 $ _____
15. Payments for support of additional dependents not living at your home                            $ _____
16.a.   Regular expenses from operation of business, profession, or farm (attach detailed statement) $ __343____
16.b.   Regular expenses from operation of business, profession, or farm (attach detailed statement) $ __14,265____
17. Other
                a.  **Personal Care**                                                                $ __70____
                b.  **Home Supplies, Postage, Printing, Bank Charges**                                $ __67____

18. MONTHLY EXPENSES (Total lines 1-17)                                                              $ __16,108____

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: _____

20. STATEMENT OF MONTHLY NET INCOME
                a.  Total monthly income from Line 15 of *Declaration of Current/Post-Petition Income*   $ __17,544____
                b.  Total monthly expenses from Line 18 above                                            $ __16,108____
                c.  Monthly net income (a. minus b.)                                                     $ __1,436____

I declare under penalty of perjury that the foregoing is true and correct.

Dated: __09/12/14__                                    _Joseph Williams_
                                                        Debtor

This form has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                        F 3015-1.20

# Exhibit 2 - ISCC

## Series 5 Classes:  Impaired Secured Claim Classes

| Class 5(a)(1): | | |
|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | |
| Property address or description of collateral: | **3629 S. Genesee Ave, Los Angeles, CA 90016** | |
| Priority of lien: | | **1** |
| Total amount of allowed claim: | $ | **138** |
| Term of Loan (years): | | **N/A** |
| Interest rate (to compensate creditor because claim is paid over time): | | **N/A** |
| Amount of each installment: | $ | **138** |
| Total yearly payments: | | **N/A** |
| Total amount of payments (over time) to satisfy the secured claim: | | **N/A** |
| First payment date: | | **Effective Date** |
| Payments per Year | | **N/A** |
| Day of the month when the payment is due: | | **Effective Date** |

| Class 5(a)(2): | | |
|---|---|---|
| Secured claim of: | **Federal National Mortgage Association** | |
| Property address or description of collateral: | **3629 S. Genesee Ave, Los Angeles, CA 90016** | |
| Priority of lien: | | **2** |
| Total amount of allowed claim: | $ | **372,512** |
| Term of Loan (years): | | **40** |
| Interest rate (to compensate creditor because claim is paid over time): | | **5.25%** |
| Amount of each installment: | $ | **1,858** |
| Total yearly payments: | $ | **22,300** |
| Total amount of payments (over time) to satisfy the secured claim: | $ | **892,009** |
| First payment date: | | **5/1/2014** |
| Payments per Year | | **12** |
| Day of the month when payment is due: | | **1st** |

| Class 5(b)(1): | |
|---|---|
| Secured claim of: | **US Bank NA** |
| Property address or description of collateral: | **1675 West Blvd, Los Angeles, CA 90019** |
| Priority of lien: | **1st** |
| Total amount of allowed claim: | **$    265,000** |
| Term of Loan (months): | **402** |
| Term of Loan (years): | **33.5** |
| Interest rate (to compensate creditor because claim is paid over time): | **4.00%** |
| Amount of each installment: | **$    1,197.63** |
| Total yearly payments: | **$    14,372** |
| Total amount of payments (over time) to satisfy the secured claim: | **$    481,446** |
| First payment date: | **7/15/2013** |
| Payments per Year | **12** |
| Day of the month when the payment is due: | **15th** |

| Class 5(c)(1): | |
|---|---|
| Secured claim of: | **Bank of America, NA** |
| Property address or description of collateral: | **5271 Angeles Vista Blvd., Los Angeles CA 90043** |
| Priority of lien: | **1** |
| Total amount of allowed claim: | **$    397,162** |
| Term of Loan (years): | **40** |
| Interest rate (to compensate creditor because claim is paid over time): | **5.00%** |
| Amount of each installment: | **$    1,915.10** |
| Total yearly payments: | **$    22,981** |
| Total amount of payments (over time) to satisfy the secured claim: | **$    919,249** |
| First payment date: | **7/1/2013** |
| Payments per Year | **12** |
| Day of the month when the payment is due: | **1st** |

| Class 5(d)(1): | | |
|---|---|---|
| Secured claim of: | **Los Angeles County Treasurer & Tax Collector** | |
| Property address or description of collateral: | **5303 Angeles Vista Blvd., Los Angeles CA 90043** | |
| Priority of lien: | **1** | |
| Total amount of allowed claim: | $ | 104.80 |
| Term of Loan (years): | **N/A** | |
| Interest rate (to compensate creditor because claim is paid over time): | **N/A** | |
| Amount of each installment: | $ | 104.80 |
| Total yearly payments: | **N/A** | |
| Total amount of payments (over time) to satisfy the secured claim: | **N/A** | |
| First payment date: | **Effective Date** | |
| Payments per Year | **N/A** | |
| Day of the month when the payment is due: | **N/A** | |

| Class 5(d)(2): | | |
|---|---|---|
| Secured claim of: | **Bank of America, NA** | |
| Property address or description of collateral: | **5303 Angeles Vista Blvd., Los Angeles CA 90043** | |
| Priority of lien: | **2** | |
| Total amount of allowed claim: | $ | 450,000 |
| Term of Loan (years): | | 40 |
| Interest rate (to compensate creditor because claim is paid over time): | | 5.25% |
| Amount of each installment: | $ | 2,244.92 |
| Total yearly payments: | $ | 26,939 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 1,077,560 |
| First payment date: | **1/1/2014** | |
| Payments per Year | **12** | |
| Day of the month when the payment is due: | **1st** | |

| Class 5(e)(1): | | |
|---|---|---|
| Secured claim of: | **Citibank, N.A. as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-Through Certificates, Series 2006-8** | |
| Property address or description of collateral: | **13755 Driftwood Drive, Victorville, CA 92395** | |
| Priority of lien: | **1st** | |
| Total amount of allowed claim: | $ | 172,000 |
| Term of Loan (years): | | 30 |
| Interest rate (to compensate creditor because claim is paid over time): | | 5.25% |
| Amount of each installment: | $ | 949.79 |
| Total yearly payments: | $ | 11,397 |
| Total amount of payments (over time) to satisfy the secured claim: | $ | 341,925 |
| First payment date: | **7/1/2013** | |
| Frequency of payments: | **Monthly** | |
| Day of the month when the payment is due: | **1st** | |

| Class 5(f)(1): | | |
|---|---|---|
| Secured claim of: | **Bank of America, NA** | |
| Property address or description of collateral: | **5356 8th Ave, Los Angeles, CA 90043** | |
| Priority of lien: | **1** | |
| Total amount of allowed claim: | $ | **312,291** |
| Term of Loan (years): | | **40** |
| Interest rate (to compensate creditor because claim is paid over time): | | **5.00%** |
| Amount of each installment: | $ | **1,506** |
| Total yearly payments: | $ | **18,070** |
| Total amount of payments (over time) to satisfy the secured claim: | $ | **722,811** |
| First payment date: | **4/1/2014** | |
| Payments per Year | **12** | |
| Day of the month when the payment is due: | **1st** | |

# Exhibit 3 - <u>GUC</u>

## General Unsecured Claims

|  | B | C | D | E | F |
|---|---|---|---|---|---|
| 44 | | Unsecured Creditors | | | |
| 45 | Item No. | Unsecured Creditor | Unsecured Balances | | |
| 46 | | | 6 properties | 5 properties | 4 properties |
| 47 | 2 | FNMA - Federal National Mortgage Assn | $    90,452 | $    90,452 | $    90,452 |
| 48 | 3 | US Bank, N.A. | $   220,635 | $   220,635 | $   220,635 |
| 49 | 4 | Bank of America, N.A. | $   210,000 | $   210,000 | $   210,000 |
| 50 | 5 | Citibank, N.A. | $   114,901 | $   114,901 | $   114,901 |
| 51 | 6 | US Bank, N.A. | $    79,654 | $    79,654 | $    79,654 |
| 52 | 7 | Charles Chase | $    25,000 | $    25,000 | $    25,000 |
| 53 | 8 | Bank of America, N.A. | $   174,747 | $   174,747 | $         - |
| 54 | 9 | Bank of America, N.A. | $   104,861 | $   104,861 | $         - |
| 55 | 11 | Bank of America, N.A. | $   157,106 | $         - | $         - |
| 56 | 12 | Bank of America, N.A. | $   199,370 | $         - | $         - |
| 57 | 13 | Bank of America, N.A. | $   103,000 | $         - | $         - |
| 58 | | | 1,479,726 | 1,020,250 | 740,642 |

# Exhibit 4 - DC

## Disputed Claims

The following claims have been listed as disputed.  None of the holders of disputed claims have filed a proof of claim.  Thus all the disputed claims are deemed disallowed.

### SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xxxxxxxxxxx9782 Creditor #: 2 Home Depot Credit Services PO Box 689100 Des Moines, IA 50368-9100 | - | | | | Building materials | | | X | 4,000.00 |
| Account No. 2:12-ap-01854-BR Creditor #: 3 Maurice Stephenson c/o Alvin B. Sherron 1055 Wilshire Blvd., #1702 Los Angeles, CA 90017 | - | | | | 2007-2008 Adversary Proceeding 2:12-ap-01854-BR | | X | X | 0.00 |

### SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

| Account No. | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx3076 Creditor #: 12 Home Depot Credit Services PO Box 689100 Des Moines, IA 50368-9100 | X | - | | 2008 Purchase Money Security Items purchased from Home Depot with Home Depot credit card and subject to a Home Depot security interest: - Dishwasher, Sink, Heating System at 5303 Angeles Vista Blvd., Los Angeles, CA 90043 and | | | X | | 12,000.00 | 7,000.00 |
| | | | Value $ | 5,000.00 | | | | | | |
| Account No. 6614 Creditor #: 13 Integrated Healthcare Services PO Box 6530 Anaheim, CA 92816 | - | | 03/10/2010 - 09/16/2010 Proceeds of two auto accident settlements in which Integrated Healthcare Services Physical Therapy Network ("IHS") claims a healthcare provider's lien. Debtor had an auto accident on Aug 2008 and recovered about $3,000 for pain and suf | | X | X | | 4,800.00 | Unknown |
| | | | Value $ | Unknown | | | | | | |

**Exhibit 5 - MI**
**Music Profit and Loss**

January 2013 - June 2014

| | Jan 2013 | Feb 2013 | Mar 2013 | Apr 2013 | May 2013 | Jun 2013 | Jul 2013 | Aug 2013 | Sep 2013 | Oct 2013 | Nov 2013 | Dec 2013 | Jan 2014 | Feb 2014 | Mar 2014 | Apr 2014 | May 2014 | Jun 2014 | Overall Average | Last 4 Quarters Average | Last 3 Quarters Average | Last 2 Quarters Average | Last Quarter Average |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Music Income** | **3,574** | **4,269** | **1,569** | **4,419** | **3,169** | **2,213** | **3,444** | **2,381** | **3,713** | **454** | **3,259** | **3,299** | **2,789** | **2,499** | **2,329** | **3,489** | **2,954** | **3,063** | **2,938** | **2,806** | **2,682** | **2,854** | **3,169** |
| **Expenses** | | | | | | | | | | | | | | | | | | | | | | | |
| AT&T | 330 | 640 | 320 | 298 | 344 | 331 | 342 | 339 | 305 | 355 | 380 | 315 | 330 | 329 | 292 | 252 | 271 | 123 | 328 | | | | |
| Auto | | | | | | | | | | | | | | | | 91 | 32 | 113 | 79 | | | | |
| Books expense | | 8 | | 48 | | | | 65 | | | | 37 | | 93 | | 6 | | | 43 | | | | |
| Donations to Churches that are Debtor's clients | 886 | 85 | | 380 | | | 400 | 170 | 58 | | | | | | | | | | 330 | | | | |
| Meals and Entertainment | | 21 | | 25 | 60 | | | 23 | 30 | | | | 64 | 41 | | 25 | 52 | | 38 | | | | |
| Office Expenses | | | | 72 | 2 | | 120 | | | | | | | | | 62 | | | 64 | | | | |
| Postage | | | | | | | | | 6 | | | | | | | | | | 6 | | | | |
| Stationery & Printing | | | | 9 | | | | 42 | | | | | | | | | | | 25 | | | | |
| **Total Expenses** | **1,216** | **755** | **320** | **831** | **406** | **331** | **862** | **638** | **399** | **355** | **380** | **352** | **393** | **462** | **292** | **437** | **355** | **236** | **912** | **430** | **363** | **363** | **343** |
| **Net Operating Income** | **2,358** | **3,514** | **1,249** | **3,588** | **2,763** | **1,882** | **2,583** | **1,743** | **3,314** | **99** | **2,879** | **2,947** | **2,395** | **2,037** | **2,036** | **3,052** | **2,599** | **2,827** | **2,026** | **2,376** | **2,319** | **2,491** | **2,826** |

Although the case started on November 17, 2012, the above Overall Average is based only on complete calendar months of December 2012 to June 201
Debtor's income  increased in 2014-Q2 because he worked more as a musician and spent less time rehabilitating income properties.
Property rehabilitation is still not complete.  Debtor expects the upward trend to continue as he completes rehabilitation.

| | |
|---|---|
| **Average Gross Income from the last 3 mon** | **3,169** |
| **Average Gross Expenses from the last 3 m** | **343** |
| **Projected Monthly Income** | **2,826** |



## EXHIBIT  6 - PRI

### Projected Rental Investment Income

| | | | 3629 S Genesee Ave | 1675 West Blvd | 5356 8Th Ave | 13755 Driftwood Dr. | 5271 Angeles Vista Blvd | 5303 Angeles Vista Blvd | 4 Properties (w/o 5303, 5271) | 5 Properties (w/o 5303) | All Properties |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Building No. | | | 1 | 2 | 3 | 4 | 5 | 6 | | | |
| **Net Revenue** | | | 2,850 | 1,725 | 2,750 | 1,500 | 2,350 | 3,200 | **8,825** | **11,175** | **14,375** |
| **Operating Expenses:** | | | | | | | | | | | |
| | Gardening/Landscaping | | 40 | 40 | - | - | - | - | 80 | 80 | 80 |
| | Association Fees | | - | - | - | 75 | - | - | 75 | 75 | 75 |
| | Insurance | | 70 | 44 | 68 | 96 | 70 | 119 | 279 | 349 | 468 |
| | Mortgage Payment | | 1,858 | 1,198 | 1,506 | 950 | 1,915 | 2,245 | 5,512 | 7,427 | 9,672 |
| | Repair & Maintenance | | 100 | 100 | 100 | - | 100 | 100 | 300 | 400 | 500 |
| | Property Tax | | 292 | 236 | 688 | 207 | 398 | 671 | 1,423 | 1,821 | 2,492 |
| | Utilities | | - | - | 225 | - | - | - | 225 | 225 | 225 |
| | 5% | Vacancy | 143 | 86 | 138 | 75 | 118 | 160 | 441 | 559 | 719 |
| | Postpetition Arrears | | - | - | - | 34 | - | - | 34 | 34 | 34 |
| Total Operating Expenses | | | 2,503 | 1,705 | 2,724 | 1,437 | 2,601 | 3,295 | 8,369 | 10,970 | 14,265 |
| | | | | | | | | | - | - | |
| **Net Income/(Loss) from Operations** | | | **347** | **20** | **26** | **63** | **(251)** | **(95)** | **456** | **205** | **110** |

| Income Real Estate Summary | | | | | | | |
|---|---|---|---|---|---|---|---|
| Building No. | 1 | 2 | 3 | 4 | 5 | 6 | |
| Address | 3629 S Genesee Ave | 1675 West Blvd | 5356 8Th Ave | 13755 Driftwood Dr. | 5271 Angeles Vista Blvd | 5303 Angeles Vista Blvd | |
| City, ST Zip | Los Angeles, CA 90016 | Los Angeles, CA 90016 | Los Angeles, CA 90043 | Victorville, CA 92395 | Los Angeles, CA 90043 | Los Angeles, CA 90043 | |
| Square Footage | 2,095 | 914 | 2,233 | 2,076 | 1,663 | 2,655 | |
| Current Occupancy Rate | 100% | 100% | 100% | 100% | 100% | 100% | |
| Will Debtor continue to lease? | Yes | Yes | Yes | Yes | Yes | Yes | |

## Exhibit 7 - SD

### DECLARATION OF STELLA BERESTETSKY

I, Stella Berestetsky, do hereby declare as follows:

1.  I have personal knowledge of the facts set forth herein, except where otherwise stated.  If called upon to testify to the statements in this Declaration, I could and would competently do so under oath.  The attached exhibits, if any, are true and correct copies of what they are described to be.

2.  I am a resident of the State of California.  I am over 18 years old and am competent to make this Declaration.

3.  Exhibit A to this declaration contains financial figures describing my financial condition.

4.  I base my Fair Market Value estimates on my experience as a real estate investor.

5.  The real property listed is my entire real estate portfolio.

6.  The phrase "Liquid Assets" refers to bank accounts and certificates of deposits.

7.  The phrase "Loan Amount" refers to the sum of the amounts of both senior and junior mortgages, if any.

8.  Where ownership share is less than 100%, the Fair Market Value, Loan Amount, and Equity shown refer to my share.

9.  The exhibit does not show my full net worth, value of liquid assets, or disposable income because I would prefer to keep my financial affairs private to the extent possible, while participating in the plan in this case and assisting Mr. Williams and Mr. Segal.  For this reason, the value or income figures are shown as exceeding the given threshold, i.e. "Net Worth Exceeds . . . ."  In other words, my full net worth, liquid assets and disposable income are greater than the amounts disclosed.

### DECLARATION OF STELLA BERESTETSKY

10. Exhibit B to this declaration contains financial figures is a true and correct copy of my

Certificate of Deposit in First Credit Bank, account no. 4208-xxxx, dated January 3, 2011.

11. The face value of the certificate is $96,146.00.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is

true and correct, and that this declaration was executed by me on the 9th day of September, 2014,

at Los Angeles, California.

Dated: September 12, 2014         /s/ Stella Berestetsky
                                  Stella Berestetsky, Declarant

**DECLARATION OF STELLA BERESTETSKY**

|   | A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|---|
| 1 | | | | **Exhibit   A** | | | |
| 2 | | | | **General Financial Condition of Stella Berestetsky** | | | |
| 3 | | | | | | | |
| 4 | | | | **Partial Schedule of Real Estate Owned by Stella Berestetsky** | | | |
| 5 | **Item No.** | **Property** | **Ownership Share** | **Fair Market Value** | **Loan Amount** | **Equity** | **Comment** |
| 6 | 1 | 8570 Eatough Ave. West Hills, CA 91304 | 100% | $ 585,000 | $ 292,126 | $ 292,874 | |
| 7 | 2 | 7431 Gaviota Ave, Van Nuys, CA 91406 | 100% | $ 436,000 | $ 206,482 | $ 229,518 | |
| 8 | 3 | 11506 Meleto Ln, Porter Ranch, CA 91326 | 100% | $ 457,000 | $ - | $ 457,000 | Free and Clear |
| 9 | 4 | 1620 S. Bentley Ave, Los Angeles, CA 90025 | 35% | $ 2,800,000 | $ 571,853 | $2,228,147 | |
| 10 | | **TOTAL** | | $ 4,278,000 | $ 1,070,461 | $ 3,207,539 | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | **Metrics of Financial Condition of Stella Berestetsky** | | | | | |
| 15 | | **Metric** | **Presently** | **Next 10 Calendar Years** | | | |
| 16 | | **Net Worth Exceeds** | $ 400,000 | $ 400,000 | | | |
| 17 | | **Liquid Assets Exceed** | $ 100,000 | $ 100,000 | | | |
| 18 | | **Disposable Income After Assistance to Other Individuals Exceeds ($/mo)** | $ 6,000 | $ 6,000 | | | |

**Date
Opened:** _____01/03/2011_____

# Certificate of Deposit

**Certificate Number:** <u>4208</u>
**Account Number:** <u>4208</u>
**SSN/TIN Number:** ____

**Amount of
Deposit:** <u>Ninety-Six Thousand One Hundred Forty-Six Dollars And Eleven Cents</u>                    **$** <u>96,146.11</u>

**This Certificate is Issued to:**                    **Issuer:**

⌐ STELLA BERESTETSKY                    ⌐ FIRST CREDIT BANK
 ATF NATALIE BERES AND                     9255 SUNSET BOULEVARD
 IRENE BERES AND MARIO BERES               WEST HOLLYWOOD, CA 90069
 426 N. LAUREL AVE #1
 LOS ANGELES, CA 90048
 L                                         ⌐

                                         **By** _____

**Not Negotiable – Not Transferable.**

**This account is subject to all the terms and conditions stated in the Certificate of Deposit Disclosures, as they may be amended from time to time, and incorporates the Certificate of Deposit Disclosures by reference into this agreement.**

**This certificate may be redeemed on** _____12/24/2015_____ **only upon presentation of the certificate to the Financial Institution.
The initial term of this certificate of deposit is** 60 Months_____ .
**The interest rate of this certificate of deposit is** _____2.35_% **with an annual percentage yield of** _____2.25_%.
**The rate on this certificate is ☒ fixed ☐ variable. The interest will be:**
☐ **added to principal**
☐ **paid to** _____ **account (No.** <u>0</u>_____ **)**
☒ **mailed to the owner(s)**
☒ We will pay interest to you Annually_____ .

**Endorsements – Sign only when you request withdrawal.**

X _____

X _____

Certificate of Deposit
Bankers Systems ™
Wolters Kluwer Financial Services © 1994, 2008

42086869
CD-GEN-LAZ 4/8/2008

Initials: _____    Page 1 of 1

**DECLARATION OF STELLA BERESTETSKY**

I, Stella Berestetsky, do hereby declare as follows:

1.  I have personal knowledge of the facts set forth herein, except where otherwise stated.  If called upon to testify to the statements in this Declaration, I could and would competently do so under oath.  The attached exhibits, if any, are true and correct copies of what they are described to be.

2.  I am a resident of the State of California.  I am over 18 years old and am competent to make this Declaration.

3.  I am a licensed real estate sales person.

4.  I am an experienced real estate investor with substantial experience in residential property.

5.  I am a long-time friend of Attorney Alik Segal ("Attorney").

6.  I am participating in this plan to assure feasibility.

7.  I believe with certainty that I can easily fulfill the obligations I am taking on in connection with the plan in this case.

COMPENSATION OF INVESTOR

8.  While I want to assist Mr. Joseph Williams ("Debtor") and Attorney to carry out this plan, I also have significant financial incentive to assure plan success.  The incentive has two components.

9.  First, the plan provides that I will receive ten percent (10%) of the attorney's fees in this case simply for being available to provide financial assistance in this plan.  I will receive this portion of attorney's fees at the conclusion of the plan.

**DECLARATION OF STELLA BERESTETSKY**

10. Second, at the end of the case I will receive my investment back with ten percent (10%) annual interest.

### DEFINED LIABILITY

11. Under the terms of the plan, I will have a defined obligation to disburse funds solely for purposes of the bankruptcy plan. While I have significant incentive to invest and receive profit, my obligation will be limited. At the same time, I will have the option to contribute all the funds necessary under the plan.

12. My obligation will be limited in the following ways.

13. I will have no obligation to pay attorney's fees to Attorney upon default by the reorganized debtor.

14. My obligation to disburse funds needed for the plan will be enforceable only by Attorney. The obligation will be personal to Attorney and will not extend to his assigns, successors, heirs, legatees, personal representatives or any other third parties.

15. My obligation will be limited under force majeure and frustration of purpose doctrines. For example, I will have no obligation to continue investing in case of events such as war, riots, environmental disaster affecting the property, eminent domain, etc. However, I still have the right to collect on my investment to the extent possible.

16. I will only disburse funds if title and ownership of the properties is in Attorney or a trust controlled by Attorney or an entity owned and controlled by Attorney. It is my understanding that the Debtor will have an option to regain title and ownership and assume the mortgages created by the plan after my investment plus profit and attorney's fees are paid in full.

### PROTECTION OF INVESTOR

**DECLARATION OF STELLA BERESTETSKY**

17. On the Effective Date, or as soon thereafter as practical, I will receive a secured instrument similar to a secured a line of credit, a note secured by a trust deed.  Unlike ordinary lines of credit, no payment will be due on this line of credit until the case terminates.

18. When the case terminates successfully or otherwise, my investment plus profit will become a balloon immediately due and payable.  Unless the balloon could be settled in cash within thirty days, the portfolio will be listed for sale under my license or by another licensee selected by me.  If equity is available, properties will be sold until my investment plus profit are paid off.  If equity is exhausted by my investment and profit, Attorney may receive no distribution.

19. Debtor will be responsible to repay to me my investment plus profit.  Attorney will personally guarantee repayment of these funds to me.

20. I will only participate in this enterprise if Attorney has full control subject to court review and supervision.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct, and that this declaration was executed by me on the 11th day of September, 2014, at Los Angeles, California.


Dated: September 12, 2014        /s/ Stella Berestetsky
                                 Stella Berestetsky, Declarant

**DECLARATION OF STELLA BERESTETSKY**

B6A (Official Form 6A) (12/07)

# Exhibit 8 ABC

In re **Joseph Williams** , Case No. _____
Debtor

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **3629 S. Genesse Ave, Los Angeles, CA 90016 (SFR)** | **Fee simple** | - | **355,000.00** | **451,000.00** |
| **1675 West Blvd, Los Angeles, CA 90019 (Single Family Residence)** | **Fee simple** | - | **235,000.00** | **468,000.00** |
| **5271 Angeles Vista Blvd, Los Angeles, CA 90043 - Single Family Residence** | **Fee Simple** | - | **168,750.00** | **663,136.00** |
| **5303 Angeles Vista Blvd, Los Angeles, CA 90043 - Single Family Residence** | **Fee Simple** | - | **191,250.00** | **922,105.70** |
| **13755 Driftwood Dr, Victorville, CA 92392 - Single Family Residence** | **Fee Simple** | - | **150,000.00** | **365,221.00** |
| **5356 8th Ave, Los Angeles, CA 90043 - Duplex (2nd unit is known as 2917 54th St, Los Angeles, CA 90043** | **Fee Simple** | - | **296,400.00** | **506,714.00** |
| **Timeshare Monarch Grand Vacations at Riviera Oaks Resort 25382 Pappas Road, Ramona, California, United States** | **Fee simple** | - | **500.00** | **0.00** |
| **Timeshare: Palm Springs Tennis Club 701 W. Baristo Road, Palm Springs, California** | **Fee simple** | - | **1,000.00** | **0.00** |
| **Georgia Property (undeveloped land)** | **fee simple** | - | **12,000.00** | **0.00** |

Sub-Total >    **1,409,900.00**    (Total of this page)

Total >    **1,409,900.00**

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Case 1:12-bk-20158-AA    Doc 1    Filed 11/19/12    Entered 11/19/12 01:21:31    Desc  11/19/12  1:09AM
Main Document        Page 16 of 52

B6B (Official Form 6B) (12/07)

.

In re    __Joseph Williams_____,    Case No. _____

                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash** | - | 100.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America Checking** | - | 300.00 |
| | | **Bank of America Savings** | - | 100.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Household goods and furnishings.  No item over $550** | - | 3,400.00 |
| | | **Books.  No item over $550.** | - | 500.00 |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **Ordinary Clothing.  No item over $550** | - | 450.00 |
| 7.  Furs and jewelry. | | **Watch, Rings** | - | 500.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

| | | | | |
|---|---|---|---|---|
| | | | Sub-Total > | 5,350.00 |
| | | | (Total of this page) | |

__3__   continuation sheets attached to the Schedule of Personal Property

**B6B (Official Form 6B) (12/07) - Cont.**

In re    __Joseph Williams_____,    Case No. _____
                                            Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **TIAA-CREF** <br> **$19,670 - Balance in account** <br> **$  9,561 - Loan x7801** <br> **$ 10,110 - Net** | - | 10,110.00 |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    10,110.00
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    __Joseph Williams_____,    Case No. _____

                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Debtor has a claim against his sister Shirley Holder and her husband Terrence Holder for the return of a certain car or its value. Debtor owned a 1923 Buick Convertible (not drivable, valued around $8-14K). The car will be appraised to determine value more precisely. Debtor trasferred it to his sister and her husband sometime during June 2011 with the understanding that she would repair the classic car and use it in her event planning business. The arrangement was that if the transferees repaired the car, they would own 50% of it. The car has not been repaired. Transferrees understand their obligation to return the prepetition transfer and are negotiating the payment plan.** | - | 11,000.00 |
| | | **Professional Malpractice Claim against prior attorney Guy Bayley.** | - | Unknown |
| | | **Fraud,  conspiracy, unlicensed practice of law, etc. claim against independent paralegal Ed Guy** | - | Unknown |
| | | **Three Claims against Esther Escalante to recover 5% fractional interest of 3 real property parcels: 5% of 5271 Angeles Ave, Los Angeles, CA 90043 5% of 5303 Angeles Ave, Los Angeles, CA 90043 5% of 5356 8th Ave, Los Angeles, CA 90043** | - | Unknown |
| | | **Claim against Maurice Stephenson currently pending in an adversary proceeding 2:12-ap-01854-BR** | - | 0.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1982 Mercedes Benz 300D** | - | 900.00 |

|  | Sub-Total >    11,900.00 |
|---|---|
|  | (Total of this page) |

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    __Joseph Williams_____,    Case No. _____
                                Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **1995 Nissan SUV** | **-** | **1,200.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Items purchased from Home Depot with Home Depot credit card and subject to a Home Depot security interest:**<br><br>**- Dishwasher, Sink, Heating System at 5303 Angeles Vista Blvd., Los Angeles, CA 90043 and**<br><br>**- Market Value is approximate** | **-** | **5,000.00** |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Proceeds of two auto accident settlements in which Integrated Healthcare Services Physical Therapy Network ("IHS") claims a healthcare provider's lien. Debtor had an auto accident on Aug 2008 and recovered about $3,000 for for pain and suffering. The total settlement was $14,000. He was treated for that accident at IHS. On 3/8/10, debtor was injured in another auto accident and he continued to be treated at IHS. For the second accident debtor received about $6,667 for pain and suffering, while the total recovery was about $20,000. IHS claims a lien on some recovery in Mr. Williams's possession. The amount of the claim, the amount of the collateral, and the secured status are disputed. Investigation is continuing.** | **-** | **Unknown** |

|  |  |
|---|---|
| Sub-Total > | **6,200.00** |
| (Total of this page) | |
| Total > | **33,560.00** |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

.

In re   __Joseph Williams_____,          Case No. _____
                                   Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                          *with respect to cases commenced on or after the date of adjustment.)*
☑ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| **Timeshare Monarch Grand Vacations at Riviera Oaks Resort** | C.C.P. § 703.140(b)(5) | 500.00 | 500.00 |
| **25382 Pappas Road, Ramona, California, United States** | | | |
| **Timeshare: Palm Springs Tennis Club** | C.C.P. § 703.140(b)(5) | 1,000.00 | 1,000.00 |
| **701 W. Baristo Road, Palm Springs, California** | | | |
| **Georgia Property (undeveloped land)** | C.C.P. § 703.140(b)(5) | 10,250.00 | 12,000.00 |
| **Cash on Hand** | | | |
| **Cash** | C.C.P. § 703.140(b)(5) | 100.00 | 100.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Bank of America Checking** | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Bank of America Savings** | C.C.P. § 703.140(b)(5) | 100.00 | 100.00 |
| **Household Goods and Furnishings** | | | |
| **Household goods and furnishings. No item over $550** | C.C.P. § 703.140(b)(3) | 3,400.00 | 3,400.00 |
| **Books. No item over $550.** | C.C.P. § 703.140(b)(3) | 500.00 | 500.00 |
| **Wearing Apparel** | | | |
| **Ordinary Clothing. No item over $550** | C.C.P. § 703.140(b)(3) | 450.00 | 450.00 |
| **Furs and Jewelry** | | | |
| **Watch, Rings** | C.C.P. § 703.140(b)(4) | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **TIAA-CREF** | 29 U.S.C. § 1056(d) | 10,110.00 | 10,110.00 |
| **$19,670 - Balance in account** | | | |
| **$ 9,561 - Loan x7801** | | | |
| **$ 10,110 - Net** | | | |

___1___  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re   **Joseph Williams**                                    Case No. _____
_____,
                          Debtor

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Other Contingent and Unliquidated Claims of Every Nature** | | | |
| **Debtor has a claim against his sister Shirley Holder and her husband Terrence Holder for the return of a certain car or its value. Debtor owned a 1923 Buick Convertible (not drivable, valued around $8-14K). The car will be appraised to determine value more precisely. Debtor trasferred it to his sister and her husband sometime during June 2011 with the understanding that she would repair the classic car and use it in her event planning business. The arrangement was that if the transferees repaired the car, they would own 50% of it. The car has not been repaired. Transferrees understand their obligation to return the prepetition transfer and are negotiating the payment plan.** | **C.C.P. § 703.140(b)(5)** | **11,000.00** | **11,000.00** |
| **Professional Malpractice Claim against prior attorney Guy Bayley.** | **C.C.P. § 703.140(b)(5)** | **100%** | **Unknown** |
| **Fraud,  conspiracy, unlicensed practice of law, etc. claim against independent paralegal Ed Guy** | **C.C.P. § 703.140(b)(5)** | **100%** | **Unknown** |
| **Three Claims against Esther Escalante to recover 5% fractional interest of 3 real property parcels:**<br>**5% of 5271 Angeles Ave, Los Angeles, CA 90043**<br>**5% of 5303 Angeles Ave, Los Angeles, CA 90043**<br>**5% of 5356 8th Ave, Los Angeles, CA 90043** | **C.C.P. § 703.140(b)(5)** | **100%** | **Unknown** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1995 Nissan SUV** | **C.C.P. § 703.140(b)(2)** | **1,200.00** | **1,200.00** |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Proceeds of two auto accident settlements in which Integrated Healthcare Services Physical Therapy Network ("IHS") claims a healthcare provider's lien.  Debtor had an auto accident on Aug 2008 and recovered about $3,000 for for pain and suffering.  The total settlement was $14,000.  He was treated for that accident at IHS. On 3/8/10, debtor was injured in another auto accident and he continued to be treated at IHS. For the second accident debtor received about $6,667 for pain and suffering, while the total recovery was about $20,000.  IHS claims a lien on some recovery in Mr. Williams's possession. The amount of the claim, the amount of the collateral, and the secured status are disputed. Investigation is continuing.** | **C.C.P. § 703.140(b)(5)** | **100%** | **Unknown** |
| | Total: | **39,410.00** | **41,160.00** |

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

**EXHIBIT 9 - LA**

| | FMV | 1st Lien | 2nd Lien | 3rd Lien | Total Secured Debt | Equity | Exemption | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Amount | Wild Card Amount | Authority |
| **Schedule A - Real Property Total:** | 1,929,000 | | | | 3,408,969 | (1,479,969) | - | | |
| | | | | | | | | | |
| **Schedule A - Timeshares** | | | | | | | | | |
| Timeshare Monarch Grand Vacations at Riviera Oaks Resort, 25382 Pappas Road, Ramona, | 500 | - | - | - | - | 500 | 500 | 500 | |
| | | | | | | | | - | C.C.P. § 703.140(b)(5) |
| Timeshare: Palm Springs Tennis Club, 701 W. Barsto Road, Palm Springs, California | 1,000 | - | - | - | - | 1,000 | 1,000 | 1,000 | C.C.P. § 703.140(b)(5) |
| **Schedule A - Timeshares Total** | 1,500 | - | - | - | - | 1,500 | 1,500 | 1,500 | |
| | | | | | | | | | |
| **Schedule B - Personal Property** | | | | | | | | | |
| Cash | 8,767 | - | - | - | - | 8,767 | 8,767 | 8,767 | C.C.P. § 703.140(b)(5) |
| Household goods and furnishings | 3,400 | - | - | - | - | 3,400 | 3,400 | | C.C.P. § 703.140(b)(3) |
| Books | 500 | - | - | - | - | 500 | 500 | | C.C.P. § 703.140(b)(3) |
| Ordinary Clothing | 450 | - | - | - | - | 450 | 450 | | C.C.P. § 703.140(b)(3) |
| Watch, Rings | 500 | - | - | - | - | 500 | 500 | | C.C.P. § 703.140(b)(3) |
| Set of musical instruments | 900 | - | - | - | - | 900 | 900 | | C.C.P. § 703.140(b)(6) |
| TIAA-CREF ^ | 19,670 | 9,561 | - | - | 9,561 | 10,109 | 10,109 | | 29 U.S.C. § 1056(d) |
| 1982 Mercedes Benz 300D | 900 | - | - | - | - | 900 | 900 | 900 | C.C.P. § 703.140(b)(5) |
| 1995 Nissan SUV | 1,200 | - | - | - | - | 1,200 | 1,200 | | C.C.P. § 703.140(b)(2) |
| 1923 Buick (not drivable) | 10,000 | - | - | - | - | 10,000 | 10,000 | 10,000 | C.C.P. § 703.140(b)(5) |
| **Schedule B - Personal Property Total** | 46,287 | 9,561 | - | - | 9,561 | 36,726 | 36,726 | 19,667 | |
| | | | | | | | | | |
| **All Property** | 1,976,787 | | - | - | 3,418,530 | (1,441,743) | 38,226 | 21,167 | |

^ The "1st Lien" is the loan against the IRA.

| | | |
|---|---|---|
| Secured Debts in Excess of Value of Real Property | $ | (1,441,742.80) |
| Total Value of Personal Property before Exemptions | $ | 38,226.00 |
| Liquidation Value | $ | - |

## Exhibit 10 - BT

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Alik Segal (SBN 175159)**<br>**433 N. Camden Dr. #400**<br>**Beverly Hills, CA 90210**<br>**Phone: 310-362-6157**<br>**Fax:    310-382-2551**<br>**Alik.Segal@BkFort.com**<br>*Attorney for: Debtor and Debtor-In-Possession* | |

| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | CASE NO.: **1:12-bk-20158-AA**<br>CHAPTER: **11** |
|---|---|
| In re:<br><br>        **Joseph Williams**<br><br>                        Debtor(s). | DATE:<br>TIME:       **To Be Set By Court**<br>CTRM: |

## BALLOT FOR ACCEPTING OR REJECTING
## PLAN OF REORGANIZATION

      **Joseph Williams** filed a plan of reorganization dated _____, 2014 (the "Plan") and a Disclosure Statement in Support of the Plan (the "Disclosure Statement"). The Court has approved a disclosure statement with respect to the Plan on _____. The Disclosure Statement provides information to assist you in deciding how to vote your ballot. If you do not have a Disclosure Statement, you may obtain a copy from **Law Offices of Alik Segal, 433 N. Camden Dr. #400, Beverly Hills, CA 90210, via phone: 310-362-6157, fax:310-382-2551 or email: Alik.Segal@BkFort.com.** Court approval of the disclosure statement does not include approval of the Plan by the Court.

      You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim or equity interest has been placed in class _____ under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

      If your ballot is not received by Law Offices of Alik Segal, 433 N. Camden Dr. #400, Beverly Hills, CA 90210 on or before _____, and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.

      If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote**.**

## ACCEPTANCE OR REJECTION OF THE PLAN

☐ The undersigned, the holder of a Class _____ claim against the Debtor in the unpaid amount of Dollars $_____

☐ The undersigned, the holder of a Class _____ claim against the Debtor, consisting of Dollars $ _____ principal amount of _____ of the Debtor.

☐ The undersigned, the holder of Class _____ equity interest in the Debtor, consisting of _____ shares or other interests of _____ in the Debtor.

             ☐ ACCEPTS THE PLAN          ☐ REJECTS THE PLAN

Dated: _____

Name: _____

Title: _____

Signature: _____

Address: _____

RETURN THIS BALLOT TO: **LAW OFFICES OF ALIK SEGAL, 433 N. Camden Dr. #400, Beverly Hills, CA 90210**

# Exhibit 11 - PBS

## Balance Sheet

### From January 2013 to July 2014

| Bank Accounts | Jan 2013 | Feb 2013 | Mar 2013 | Apr 2013 | May 2013 | Jun 2013 | Jul 2013 | Aug 2013 | Sep 2013 |
|---|---|---|---|---|---|---|---|---|---|
| 5271 AV (8519) | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 66.38 | 1,599.34 | 1,861.99 |
| 5303 AV (8527) | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 |
| Cash on hand | -85.90 | 554.10 | 340.55 | 160.55 | 230.55 | 350.55 | 670.55 | 670.55 | 670.55 |
| Driftwood (8535) | 4,072.77 | 2,558.80 | 662.39 | 226.52 | 399.58 | 1,522.39 | 764.12 | 1,947.18 | 1,566.52 |
| 8th Ave (8501) | 396.53 | 2,760.88 | 4,838.48 | 4,705.50 | 4,212.22 | 2,130.24 | 6,081.28 | 4,131.32 | 5,281.36 |
| Genesee (7719) | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 3,904.26 | 1,626.25 |
| Personal (8543) | 3,220.29 | 4,742.16 | 4,354.78 | 5,563.12 | 4,775.69 | 5,757.10 | 3,437.06 | 2,725.74 | 3,878.56 |
| West blvd (8493) | 1,985.00 | 1,253.32 | 1,783.33 | 1,285.43 | 1,535.43 | 335.43 | 2,735.43 | 590.17 | 492.54 |
| Total Bank Accounts | $ 9,663.69 | $ 11,944.26 | $ 12,054.53 | $ 12,016.12 | $ 11,228.47 | $ 10,170.71 | $ 13,804.82 | $ 15,593.56 | $ 15,402.77 |

| Bank Accounts | Oct 2013 | Nov 2013 | Dec 2013 | Jan 2014 | Feb 2014 | Mar 2014 | Apr 2014 | May 2014 | Jun 2014 | Jul 2014 | Average |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 5271 AV (8519) | 1,754.31 | 306.41 | 93.18 | 295.28 | 536.39 | 256.21 | 1,286.56 | 1,531.87 | 27.54 | 1,978.86 | 408.63 |
| 5303 AV (8527) | 25.00 | 25.00 | 77.61 | 2,680.97 | 1,927.25 | 26.25 | 219.11 | 1,270.36 | 3,111.25 | 2,351.27 | 25.00 |
| Cash on hand | 379.88 | 419.88 | 419.88 | 419.88 | 419.88 | 419.88 | 419.88 | 419.88 | 419.88 | 419.88 | 395.78 |
| Driftwood (8535) | 1,471.77 | 2,791.12 | 1,863.48 | 2,292.72 | 2,475.03 | 2,287.38 | 1,987.69 | 2,070.00 | 1,724.30 | 653.60 | 1,524.47 |
| 8th Ave (8501) | 2,851.05 | 3,781.23 | 4,927.26 | 2,374.77 | 459.04 | 2,055.04 | -1,389.55 | 1,925.09 | 524.01 | 3,220.03 | 3,837.53 |
| Genesee (7719) | 68.19 | 318.19 | 13.19 | 1,123.58 | 1,212.91 | 588.69 | 737.76 | 1,141.87 | 1,350.27 | 1,595.29 | 633.95 |
| Personal (8543) | 1,602.08 | 489.97 | 1,199.38 | 904.73 | 1,384.84 | 1,609.31 | 902.02 | 87.50 | 1,419.89 | 720.53 | 4,272.72 |
| West blvd (8493) | 488.80 | 385.06 | 135.06 | 117.30 | 96.98 | 96.98 | 81.73 | 41.42 | 41.42 | 1,561.42 | 1,332.90 |
| Total Bank Accounts | $ 8,641.08 | $ 8,516.86 | $ 8,729.04 | $ 10,209.23 | $ 8,512.32 | $ 7,339.74 | $ 4,245.20 | $ 8,487.99 | $ 8,618.56 | $ 12,500.88 | 12,430.99 |

**EXHIBIT 12 - TS**

**Treatment Summary**

**Shedule D Claim Treatment - Mortgages**

| Class | Name | Property | Post-pet'n arrears | FMV | Secured Claim | | Term (y) | Term (mo) | Rate (ann) | P&I/mo | 1st Payment date (Est) | Last Payment | Annual P&I | Lifetime P&I | Pmt/mo w/o 5303 | Pmt/mo w/o 5303, 5271 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5(a)(2) | FNMA - Federal National Mortgage A | 3629 S Genesee Ave, Los Angeles, CA 90016 | 10,512 | 362,000 | 372,512 | | | 480 | 5.25% | 1,858 | 5/1/2014 | 4/1/2054 | 22,300 | 892,009 | 1,858 | 1,858 |
| 5(b)(1) | US Bank, N.A. | 1675 West Blvd, Los Angeles, CA 90019 | | 265,000 | 265,000 | | | 402 | 4.00% | 1,198 | 7/15/2013 | 12/15/2046 | 14,372 | 481,446 | 1,198 | 1,198 |
| 5(f)(1) | Bank of America, N.A. | 5356 8th Ave, Los Angeles, CA 90043 | 12,291 | 300,000 | 312,291 | | | 480 | 5.00% | 1,506 | 4/1/2014 | 3/1/2054 | 18,070 | 722,811 | 1,506 | 1,506 |
| 5(e)(1) | Citibank, N.A. | 13755 Driftwood Drive, Victorville, CA 92395 | | 172,000 | 172,000 | | | 360 | 5.25% | 950 | 7/1/2013 | 6/1/2043 | 11,397 | 341,925 | 950 | 950 |
| 5(c)(1) | Bank of America, N.A. | 5271 Angeles Vista Blvd, Los Angeles, CA 90043 | 7,162 | 390,000 | 397,162 | | | 480 | 5.00% | 1,915 | 7/1/2014 | 6/1/2053 | 22,981 | 919,249 | 1,915 | |
| 5(d)(2) | Bank of America, N.A. | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | 10,000 | 440,000 | 450,000 | | | 480 | 5.25% | 2,245 | 1/1/2014 | 12/1/2053 | 26,939 | 1,077,560 | | |
| **TOTAL** | | | **39,965** | **1,929,000** | **1,968,965** | | | | | **9,672** | | | **116,060** | **4,434,999** | **7,427** | **5,512** |

**Shedule D Claim Treatment - Property Tax**

| Class | Name | Property | Post-pet'n arrears | FMV | Secured Claim | | Term (y) | Term (mo) | Rate (ann) | P&I/mo | 1st Payment date (Est) | Last Payment | Lifetime P&I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5(a)(1) | Los Angeles County Tax Collector | 3629 S Genesee Ave, Los Angeles, CA 90016 | | | 138 | | | 1 | 0.00% | 138 | 2/1/2015 | 2/1/2015 | 138 |
| 5(d)(1) | Los Angeles County Tax Collector | 5303 Angeles Vista Blvd, Los Angeles, CA 90043 | | | 105 | | | 1 | 0.00% | 105 | 2/1/2015 | 2/1/2015 | 105 |
| **TOTAL** | | | | | **243** | | | | | **243** | | | **243** |

**Schedule E Priority Claims Treatment**

| Class | Name | | | Amount | | Term (y) | Term (mo) | Rate (ann) | P&I/mo | 1st Payment (Est) | Last Payment | Annual P&I | Lifetime P&I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Priority Unsecured | Internal Revenue Service | | | 2,095 | | 2.50 | 30 | 3% | 73 | 2/11/2015 | 7/11/2017 | 871 | 2,177 |

**Administrative (pre-confirm)**

| Class | Name | Property | | Amount | | Term (y) | Term (mo) | Rate (ann) | P&I/mo | 1st Payment (Est) | Last Payment | Annual P&I | Lifetime P&I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Unclassified Administrative | Citibank, N.A. | 13755 Driftwood Drive, Victorville, CA 92395 | | 1,240 | | | 36 | 0% | 34 | 7/1/2013 | 6/1/2016 | 413 | 1,240 |
| Debtor's Counsel | Alik Segal (approximate & subj to court order) | | 250,000 | 250,000 | | 5 | 60 | 5% | 4,718 | 2/1/2015 | 1/1/2020 | 56,614 | 283,069 |

**General Unsecured Treatment**

| Class | Number of Properties | Effective Date Family contribution | Total Unsecured Claims | Dividend Rate (%) | Dividend Amount ($) | Dividend Amount ($) after family contribution | Term (y) | Term (mo) | Rate | P&I/mo | 1st Payment (Est) | Last Payment | Annual P&I | Lifetime P&I |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **General Unsecured** | 6 | | 1,479,969 | 5% | 73,998 | 73,998 | 5 | 60 | 0.00% | 1,233 | 2/1/2015 | 1/1/2020 | 14,800 | 73,998 |
| **General Unsecured** | 5 | | 1,020,388 | 5% | 51,019 | 51,019 | 5 | 60 | 0.00% | 850 | 2/1/2015 | 1/1/2020 | 10,204 | 51,019 |
| **General Unsecured** | 4 | | 740,780 | 5% | 37,039 | 37,039 | 5 | 60 | 0.00% | 617 | 2/1/2015 | 1/1/2020 | 7,408 | 37,039 |

| | 6 Props | 5 Props | 4 Props |
|---|---|---|---|
| Net Real Estate Income (after MTG etc.) | 110 | 205 | 456 |
| Eunice Walker | 0 | 0 | 0 |
| Investor/Family | 0 | 0 | 0 |
| Net Music Income | 2,826 | 2,826 | 2,826 |
| **TOTAL NET TAKE-HOME INCOME** | **2,936** | **3,031** | **3,282** |
| Personal Expenses | (1,500) | (1,500) | (1,500) |
| **DISPOSABLE INCOME** | **1,436** | **1,531** | **1,782** |
| | | | |
| Schedule E Priority Claims Treatment | (73) | (73) | (73) |
| Unclassified Administrative | (34) | (34) | (34) |
| General Unsecured Treatment | (1,233) | (850) | (617) |
| **TOTAL DEBT SERVICE w/o ATTY FEES** | **(1,340)** | **(957)** | **(724)** |
| Admin (post confirm - UST, CPA, Life Insurance) | (600) | (600) | (600) |
| **TOTAL EXPENSES** | **(1,940)** | **(1,557)** | **(1,324)** |
| Surplus (Deficit) w/o Atty Fees | (504) | (26) | 458 |
| Debtor's Counsel | (4,718) | (4,718) | (4,718) |
| **Surplus (Deficit) w/ Atty Fees** | **(5,222)** | **(4,744)** | **(4,260)** |

## EXHIBIT 14 - MS

1. Debtor will have full property management responsibilities from confirmation.

2. If Debtor fails to carry out his management or certain other plan obligations listed below, Attorney after a motion and court order may take over the management responsibilities or hire a professional property manager.

3. Management responsibilities will transfer if Debtor is cited by a government entity for a violation of law or regulation.   If the investigation shows that the alleged violation did not occur, then debtor will be restored to management responsibilities.    Management responsibilities transfer if Debtor is sued by a tenant.   If the case against debtor is dismissed without any liability or an injunction ordering debtor to do something, debtor will be restored to management responsibilities.

4. Debtor must provide monthly reports prepared by a CPA of his choice similar in level of detail to debtor-in-possession monthly operating reports.   The plan provides only $200/month for monthly reports.   Debtor must submit to a CPA designated by Attorney quality reports regardless of whether $200/month is sufficient for him.   If debtor cannot do this himself or through personal hands-on assistance to him, or through personal financial assistance to him from friends or family, property management responsibilities will be transferred.   If Debtor is not satisfied with the quality of Attorney's reports, Debtor may seek a remedy with the Court.   If debtor provides substantially substandard reports for three months (consecutive or not), management responsibilities will be transferred.   At that point the Attorney or a CPA designated by Attorney will be responsible for preparing monthly reports on the budget of $150/month and submitting them to Debtor.   Attorney's reports will not include information about debtor's music business affairs or debtor's personal expenses.   Debtor still has to submit reports prepared by a CPA of his choice with the information about his music business affairs or his personal expenses using plan resources of $50/month.   If debtor cannot prepare quality reports on his music business and personal expenses, a CPA designated by Attorney will interview debtor and prepare reports.   If debtor does not pay the fees of this CPA, and Investor needs to fund debtor's music and personal expenses reports, those amounts will earn 100% interest.

5. Debtor's most important obligation is to contribute his entire disposable income (from his occupation as a musician) of $1326 per month.   If Debtor fails to provide full disposable income for three months (consecutive or not) on the first of the month, debtor will be freed from property management responsibilities so he can focus on his music profession.

6. Upon confirmation, disbursing agent will start receiving rent checks.   Disbursing agent will pay the mortgages, while debtor will pay all other expenses.   From the first set of rent checks Debtor will receive $1,800 for various property expenses such as gardening, utilities and repairs.   Debtor will maintain 6 accounts for six properties.   Debtor will maintain an appropriate balance at his discretion in each account. The expenses of each property will be paid only from the designated account.   If Debtor needs additional funds he will receive them upon proof of expenses or in advance by advance arrangement.   Debtor will maintain a home warranty which will pay for substantially all repairs.   Debtor will communicate with the home warranty company to obtain repairs.

7. Debtor will operate as a property manager and keep records according to laws and industry standards applicable to the properties involved.   A summary of the law and industry standards is described in the California Real Estate Reference Book, and especially chapters 9 Landlord and Tenant and chapter 22 Property Management. http://www.dre.ca.gov/files/pdf/refbook/ref22.pdf , http://www.dre.ca.gov/files/pdf/refbook/ref09.pdf.   Properties will be inspected at the cost of the estate three months after effective date and every six months thereafter.   If the inspection shows that debtor is in the process of curing violations, no action will result.   Failure to abide by the law or applicable industry standards will result in management responsibilities transfer.

1. Fill out
   a form

   Completed

**EXHIBIT 15 - AFC**

2. Pick the reports
   you want

   Completed

3. Review your
   reports online

   Current Step

4. Get your next
   report or finish

   Not Completed

   Repeat these steps
   for each credit report

Have questions?
→ Contact us

Equifax

Your Annual Equifax Credit Report

Get Started >> Verify >> View Report

Equifax understands the importance of keeping your information secure from unauthorized access. All of Equifax Secure Site
your data, such as your SSN and Card Number, is encrypted before being transmitted to/from our servers. For your security,
this site requires the use of a 128-bit SSL compatible browser.

# Equifax Credit Score

Back

Print This Page    Save as PDF    Member Center

1. Credit Score
2. Credit Report
3. Print Report and Score



⚠ Note: The complete view of your credit report below will only be available during this site visit. You will have free access to
your credit report--minus the historical information--for 30 days when you create an account.

Your score that was created on 75301/04/14 is 753. This means your credit score is Above Average

- Your credit score of 753  is based on data in your Equifax credit file as of January 4, 2014.
- This credit score is an Equifax Risk Score, which ranges between 280 and 850. Higher scores generally reflect better credit standing
- This Equifax Risk Score and the credit file on which it was based may be different than the credit file and credit scoring model that may be used by lenders.

## The Bottom Line: What a Score of 753 Means to you

Because your credit score is above-average, you may qualify for favorable interest rates and offers from lenders and a wide variety of credit products may be available to you. Although the factors listed below may be preventing your score from being even higher, you generally are considered to have a solid credit history.

## Key Factors Affecting Your Score

There is insufficient information, or no account history, for mortgage accounts
The percentage of department store accounts or charge cards to all of the accounts in your credit file
The total amount of outstanding balance on credit accounts
Revolving account utilization

## More Information About Scores

Your credit score often determines the credit you receive - both the size of the loan you qualify for and the rate you receive. To check your credit score go to www.equifax.com to get Score Power® - your Equifax Credit Report™ and FICO® credit score - online in seconds.

Copyright Equifax 2014
Copyright Equifax 2014

Privacy Policy
Terms of Use
Security Policy
Disclosure Information
Site Map
Contact

Create an account to
access Your Report for
30 days

Click here to create
account

| In re:<br><br>**Joseph Williams**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **1:12-bk-20158-AA** |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**433 N. Camden Dr. #400, Beverly Hills, CA 90210**

A true and correct copy of the foregoing document entitled (*specify*):  **Individual Debtor's First Amended Chapter 11 Plan of Reorganization and First Amended Disclosure Statement in Support of First Amended Plan of Reorganization, with Proof of Service** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On ___**09/12/2014**___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Attorney for Creditor Citibank N.A.: Mark Domeyer mdomeyer@mileslegal.com**
- **Attorney for Creditor Bank of America, N.A.: Jacqueline S Eberhard bknotice@mccarthyholthus.com**
- **Attorney for Creditor Bank of America, N.A.: Lemuel B Jaquez bjaquez@mileslegal.com**
- **Attorney for Creditor Ocwen Loan Servicing, LLC: Vanessa Lewis  vanessa.lewis@ocwen.com**
- **Attorney for Creditor Maurice Stephenson: Neil M Katsuyama nmkatsuyama@jonesbell.com, neil.katsuyama@gmail.com**
- **Attorney for Creditor Wilmington Trust, N.A.: Erica T Loftis bknotice@rcolegal.com**
- **Attorney for Creditor Bank of America, N.A.:Terry Loftus bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com**
- **Attorney for Creditor U.S. Bank N.A.: Casey J OConnell ch11ecf@piteduncan.com Casey J OConnell ch11ecf@piteduncan.com**
- **Attorney for Creditor Citibank, N.A.: Casey J OConnell ch11ecf@piteduncan.com Casey J OConnell ch11ecf@piteduncan.com**
- **Attorney for Creditor Wilmington Trust, N.A.: Renee M Parker bknotice@earthlink.net, rmparker@wrightlegal.net**
- **Attorney for Creditor Bank of America, N.A.: Kelly M Raftery bknotice@mccarthyholthus.com**
- **Attorney for U.S. Trustee: S Margaux Ross margaux.ross@usdoj.gov**
- **Attorney for Creditor Citibank N.A.: John D Schlotter ecfmail@aclawllp.com**
- **Attorney for Debtor: Alik Segal alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com**
- **Attorney for Creditor Select Portfolio Servicing, Inc: Bill Taylor ecfnotices@4stechnologies.com**
- **Attorney for Creditor Citibank N.A.: Timothy J Silverman   tim@sgsslaw.com**
- **U.S. Trustee: United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov**
- **Attorney for Creditor Green Tree Servicing LLC: Perry W Wade perry.w.wade@gt-cs.com**
- **Attorney for Secured Creditor U.S. Bank, N.A.: Edward T Weber bknotice@rcolegal.com**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On ___**09/15/2014**___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| **Judge** | **US Trustee** |
| --- | --- |
| **The Honorable Alan M. Ahart** | **Office of The United States Trustee** |
| **United States Bankruptcy Court** | **915 Wilshire Blvd., Suite 1850** |
| **21041 Burbank Boulevard, Suite 342** | **Los Angeles, CA 90017** |
| **Woodland Hills, CA 91367** | |

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 12, 2014 | Alik Segal 175159 | /s/ Alik Segal |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Charles Chase
25622 Horizon St.
Apple Valley, CA 92308

Internal Revenue Service
Centralized Insolvency Office
POB 7346
Philadelphia, PA 19101

Los Angeles County Tax Collector
225 N. Hill St., Rm. 130
Los Angeles, CA 90012