| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Giovanni Orantes, Esq.   SBN 190060<br>THE ORANTES LAW FIRM, P.C.<br>3435 Wilshire Blvd., Ste. 2920<br>Los Angeles, CA 90010<br>Telephone: (213) 389-4362<br>Facsimile: (877) 789-5776<br>go@gobklaw.com<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: Debtor and Debtor-In-Possession | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO DIVISION**

| In re:<br>JOSEPH WILLIAMS,<br><br>       Debtor and Debtor-in-Possession<br><br>Debtor(s) | CASE NO.: 1:12-bk-20158-MB<br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion[1]*): **ORDER CONFIRMING INDIVIDUAL DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION MODIFIED UNDER 11 U.S.C. SECT. 1127** |
|---|---|

PLEASE TAKE NOTE that the order titled **ORDER CONFIRMING INDIVIDUAL DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION MODIFIED UNDER 11 U.S.C. SECT. 1127 FILED BY JOSEPH WILLIAMS** was lodged on (*date*) 06/03/2016 and is attached. This order relates to the motion which is docket number 257.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                Page 1                F 9021-1.2.BK.NOTICE.LODGMENT

GIOVANNI ORANTES, State Bar No. 190060
**THE ORANTES LAW FIRM, P.C.**
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

Attorney for Debtor
Joseph Williams

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| In re: | Case No. **1:12-bk-20158-MB** |
|---|---|
| **JOSEPH WILLIAMS,** | **ORDER CONFIRMING INDIVIDUAL DEBTOR'S FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION MODIFIED UNDER 11 U.S.C. SECT. 1127** |
| Debtor. | **Plan Confirmation Hearing** |
| | DATE: May 3, 2016 |
| | TIME: 1:30 P.M. |
| | PLACE: United States Bankruptcy Court |
| | Courtroom 303 |
| | 21041 Burbank Blvd., |
| | Woodland Hills, CA 91367 |

- 1 -

The hearing for confirmation of the Individual Debtor's First Amended Chapter 11 Plan of Reorganization Modified Under 11 U.S.C. Sect. 1127 filed as an exhibit to that document bearing Docket No. 384 and separately as Docket No. 394 was held on May 3, 2016 at 1:30 p.m. ("Confirmation Hearing"), before the Honorable Martin R. Barash, United States Bankruptcy Court Judge, in Courtroom 303, located at 21041 Burbank Blvd., Woodland Hills, CA 91367. Appearances, if any, were made as indicated in the recorded transcript of the Confirmation Hearing.

At the time of the hearing on the confirmation of the Plan, the following pleadings were before this Court, among others, in support of the confirmation of the Plan or were subsequently filed at the Court's request:

i. Docket No. 252, Ex Parte Application For Order Shortening Time For Hearing On Motion To (1) Enforce Order Confirming Chapter 11 Plan And (2) Require Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Management Plans;

ii. Docket No. 253, Motion To (1) Enforce Order Confirming Chapter 11 Plan And (2) Require Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Management Plans; Declaration Of Alik Segal In Support Thereof;

iii. Docket No. 255, Debtor's Opposition to Ex Parte Application For Order Shortening Time For Hearing On Motion To (1) Enforce Order Confirming Chapter 11 Plan And (2) Require Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Management Plans;

iv. Docket No. 257, Debtor's Notice of Motion and Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan, Or, Alternatively, For Final Decree Closing Case; Supporting Memorandum & Declaration;

v. Docket No. 258, Original Counsel/Implementer's Reply To Debtor's Opposition To Motion To (1) Enforce Order Confirming Chapter 11 Plan And (2) Require

|   |   |   |
|---|---|---|
|   |   | Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Management Plans; Declaration Of Alik Segal And Gregory Grigoryants In Support Thereof; |
|   | vi. | Docket No. 260, Notice of Motion and Amended Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan; Supporting Memorandum & Declaration; |
|   | vii. | Docket No. 266, Request For Judicial Notice Of "Notice Of Motion & Amended Motion For Post-Confirmation Modification Of Debtor's Chapter 11 Plan", In Opposition To "Motion To (1) Enforce Order Confirming Chapter 11 Plan, And (2) Require Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Management Plans"; |
|   | viii. | Docket No. 267, Original Counsel/Implementer's Opposition To Debtor's Amended Motion For Post-confirmation Modification Of Debtor's Chapter 11 Plan; Declaration Of Alik Segal In Support Thereof; |
|   | ix. | Docket No. 268, Declaration Of Gregory Grigoryants In Support Of Original Counsel/Implementer's Opposition To Debtor's Amended Motion For Post-confirmation Modification Of Debtor's Chapter 11 Plan; |
|   | x. | Docket No. 269, Declaration Of Alik Segal In Support Of Original Counsel/Implementer's Opposition To Debtor's Amended Motion For Post-confirmation Modification Of Debtor's Chapter 11 Plan; |
|   | xi. | Docket No. 271, Original Counsel/Implementer's Motion to Seal (1) Full Original Opposition To Debtor's Motion For Post-confirmation Modification Of Debtor's Chapter 11 Plan and (2) Declaration of Alik Segal re Late Full Opposition to Motion to Modify; Declaration of Alik Segal in Support Thereof; |
|   | xii. | Docket No. 281, Reply to Original Attorney Alik Segal's Opposition to Debtor's Amended Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan; |

| | | |
|---|---|---|
| xiii. | Docket No. 292, Original Counsel's Surreply to Debtor's Reply to Original Counsel Opposition to Debtor's Amended Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan; | |
| xiv. | Docket No. 295, Response and Motion to Strike Surreply to Reply to Original Attorney Alik Segal's Opposition to Debtor's Amended Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan; | |
| xv. | Docket No. 298, Declaration of Alik Segal in Support of the Original Counsel's Surreply to Debtor's Reply to Original Counsel Opposition to Debtor's Amended Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan; | |
| xvi. | Docket No. 373, Debtor's Supplemental Response To: (1) Final Fee Application For Compensation And Reimbursement Of Expenses Of Alik Segal, Esq.; (2) Motion To (1) Enforce Order Confirming Chapter 11 Plan And (2) Require Reorganized Debtor To Disclose Post-confirmation Estate Developments, Management Actions, And Immediate Plans; *And* (3) Amended Motion For Post-Confirmation Modification Of Debtor's Chapter 11 Plan; Supporting Declaration; | |
| xvii. | Docket No. 384, Creditor Alik Segal's Confirmation Brief In Support Of Debtor's Motion To Modify Confirmed Plan Of Reorganization; | |
| xviii. | Docket No. 385, Objection Of Maurice Stephenson To Confirmation Of Amended Plan Of Reorganization; and | |
| xix. | This Court's files and records, and the record of the proceedings, with respect to the Debtors' bankruptcy case. | |

Collectively, the foregoing documents are the "**Supporting Documents**".

No holder of a claim filed any objection to confirmation of the Plan. Findings of facts and conclusions of law are as reflected on the record of the hearing on the Confirmation Motion.

The Plan satisfies all of the requirements of section 1129 of the Bankruptcy Code as follows:

1. <u>Section 1129(a)(1)</u>. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(1) of the Bankruptcy Code, including sections 1122 and 1123.

2. <u>Sections 1122 and 1123(a)(1)-(4)</u>. As required by Sections 1122(a) and 1123(a)(1) of the Bankruptcy Code, Article III of the Plan designates Classes of Claims and Interests, other than Administrative Claims and Priority Tax Claims.[2]

    a. Claims are classified separately in Classes.

    b. Interests are classified separately in a Class.

    c. As required by Section 1122(a) of the Bankruptcy Code, each of the Claims and Interests within a Class are substantially similar to the other Claims and Interests within that Class.

    d. The classification of Claims and Interests under the Plan is proper.

    e. Pursuant to Section 1123(a)(2) of the Bankruptcy Code, the Plan specifies all classes of Claims which are not impaired under the Plan.

    f. Pursuant to Section 1123(a)(3) of the Bankruptcy Code, the Plan specifies the treatment of all Classes of Claims and Interests which are impaired under the Plan.

    g. Pursuant to Section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Interest within a particular Class.

3. <u>Section 1123(a)(5)</u>. The Plan provides adequate means for the implementation of the Plan, including:

    a. The Debtor shall fund payments to Creditors holding Allowed Claims from available Cash on hand on the Effective Date and from the Debtor's income from business and rental operations.

    b. All assets and claims owned by the Debtor and her estate, if any, shall revest in the Debtor on the Effective Date.

---

[2] Pursuant to section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not required to be classified.

4. <u>Section 1123(a)(6)</u>. Section 1123(a)(6) is inapplicable because the Plan does not provide for the issuance of any new securities. The Debtor is not a corporate debtor and, therefore, this requirement does not apply to her. Accordingly, section 1123(a)(6) does not apply. *See In re Acequia, Inc.*, 787 F.2d 1352, 1361 (9th Cir. 1986).

5. <u>Section 1123(a)(7)</u>. The Debtor will serve as the disbursing agent and will make all required payments to creditors holding Allowed Claims in accordance with the Plan. Accordingly, the Plan satisfies the requirement of section 1123(a)(7) of the Bankruptcy Code.

6. <u>Section 1123(b)(1)</u>. The Plan impairs or leaves unimpaired, as the case may be, each Class of Claims and Interests.

7. <u>Section 1123(b)(2)</u>. In accordance with section 1123(b)(2) of the Bankruptcy Code, of the Plan provides for the acceptance or rejection of executory contracts and unexpired leases.

8. <u>Section 1129(a)(2)</u>. The Debtor has complied with all applicable provisions of the Bankruptcy Code, as required by section 1129(a)(2) of the Bankruptcy Code, including sections 1125 and 1126 of the Bankruptcy Code.

    a. The Disclosure Statement and the procedures by which the ballots for acceptance or rejection of the Plan were solicited and tabulated were fair and properly conducted and in accordance with sections 1125 and 1126 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018.

    b. The Debtor and her agents and Professionals, as applicable, have acted in "good faith," within the meaning of section 1125(e) of the Bankruptcy Code.

9. <u>Section 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the case and the formulation of the Plan and based thereon, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of resolving the affairs of the Debtor and maximizing the returns to Creditors.

10. <u>Section 1129(a)(4)</u>. The Plan satisfies section 1129(a)(4) of the Bankruptcy Code because the Plan provides that any Professional or other entity requesting compensation or reimbursement of expenses for services rendered before the Effective Date, must file and serve an application for final allowance of compensation and reimbursement of expenses.

11. <u>Section 1129(a)(5)</u>. The Plan satisfies section 1129(a)(5) of the Bankruptcy Code as it provides adequate means for implementation.

12. <u>Section 1129(a)(6)</u>. The Debtor's business does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after Confirmation, and, therefore, section 1129(a)(6) is not applicable.

13. <u>Section 1129(a)(7)</u>. The Plan satisfies the "best interests" test of Section 1129(a)(7) of the Bankruptcy Code, and with respect to each impaired Class of Claims or Interests, each holder of a Claim or Interest in such impaired Class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code, because

   a. The Plan is a reorganization plan that pays no less than 3 % to creditors while liquidation would pay creditors 0%; and

   b. Confirmation avoids the additional fees, costs and delays attendant to the administration of the Estates by a trustee in the context of a chapter 7 case.

14. <u>Section 1129(a)(8)</u>. Section 1129(a)(8) of the Code, which requires that each impaired Class has voted to accept the Plan, or is not impaired under the Plan. The required classes of claim previously voted to approve the Plan prior to modification under 11 U.S.C. § 1127 by that Order Confirming Debtor's First Amended Plan of Reorganization Dated September 12, 2014, As Amended by the Second Revised Plan Addendum Dated December 16, 2014 (Docket No. 246) (the "2014 Plan"). Since no holder of a claim or interest changed its previous acceptance or rejection within the time fixed by the Court, pursuant to 11 U.S.C. § 1127(d), they are deemed to have accepted or rejected, as the case may be, such plan as modified, i.e., the Plan.

Thus, as discussed below, this Plan can still be confirmed since the Plan satisfies the requirements of section 1129(b) with respect to the non-voting classes.

15. <u>Section 1129(a)(9)</u>. Consistent with the requirements of section 1129(a)(9) of the Bankruptcy Code, the Plan provides for the payment in cash in full of Allowed Administrative Claims, Allowed Priority Tax Claims and Allowed Priority Claims, if any, on the Effective Date.

16. <u>Section 1129(a)(10)</u>. As indicated in the Plan Ballot Summary and reflected on the record at the Confirmation Hearing, at least one Class of Claims that is impaired under the Plan has voted to accept the Plan, determined without including any acceptance of the Plan by any insider.

17. <u>Section 1129(a)(11)</u>. The Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. To satisfy his burden under section 1129(a)(11) of the Bankruptcy Code, the Debtor and his advisors prepared financial projections attached to the approved Disclosure Statement, which set forth the Reorganized Debtor's estimated Household Expenses and Debtor's Financial History and Projected Cash flows (the "**Financial Projections**"). The Financial Projections (along with the evidence proffered or adduced at, or prior to, the Confirmation Hearing), establish that the Reorganized Debtor will have sufficient cash flow from the Debtor's income from business and rental operations to make all payments that must be made pursuant to the Plan, including paying all Administrative Claims and Priority Claims, if any, in full (except as to Professionals who agree to a different treatment), and, therefore, that confirmation of the Plan is not likely to be followed by liquidation or the need for further reorganization.

18. <u>Section 1129(a)(12)</u>. The Plan provides for the payment in full of all Administrative Claims of the Office of the United States Trustee payable pursuant to 28 U.S.C. § 1930.

19. <u>Section 1129(a)(13)</u>. The Debtor did not provide any retiree benefits, as that term is defined in section 1114(a) of the Bankruptcy Code, and, therefore, the requirements of section 1129(a)(13) are not applicable.

20. <u>Section 1129(a)(14)</u>. Section 1129(a)(14) of the Bankruptcy Code, which requires a debtor to pay domestic support obligations is satisfied here as the Debtor has testified that he is not <u>subject</u> to any judicial or administrative order to pay a domestic support obligation.

21. No parties have objected to the Plan on the grounds that section 1129(a)(15) is not satisfied. However, even if an unsecured creditor had objected, the Plan provides that holders of Allowed General Unsecured Claims will receive distributions significantly greater than those required by section 1129(a)(15). Based on the Financial Projections and other evidence, the Court finds that the evidence is persuasive and credible and has not been controverted by other evidence and that the Plan satisfies the requirements of section 1129(a)(15) of the Bankruptcy Code.

22. <u>Section 1129(a)(16)</u>. Section 1129(a)(16) of the Bankruptcy Code, which applies only to cases of nonprofit entities, does not apply in this Chapter 11 Case.

A. <u>Non-Consensual Confirmation (Section 1129(b))</u>. The Plan is confirmable pursuant to section 1129(b)(1) of the Code. Notwithstanding that holders of claims in certain impaired classes have failed to vote on the Plan, the Plan may be confirmed because:

    a. The Plan does not discriminate unfairly and is fair and equitable with respect to the holders of claims in classes that did not vote for the Plan.

    b. Except for parties making timely elections under Section 1111(b) of the Bankruptcy Code, the holders of secured claims will retain the lien securing their claims in compliance with section 1129(b)(2)(A)(I) to the extent of the allowed amount of such claims, if any until all the allowed amount is paid.

    c. The evidence proffered or adduced at or prior to the Confirmation Hearing with respect to the value of the properties securing the Secured Claims of the holders of secured claims classified into Classes One through Eight

are reasonable, persuasive and credible, and has not been controverted by other evidence.

B.  Section 1129(c). Other than the Plan (including previous versions thereof), no other plan has been filed in this Chapter 11 Case. As a result, the requirements of section 1129(c) have been satisfied.

C.  Section 1129(d). The primary purpose of the Plan is not avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act of 1933, as amended (the "Securities Act"), and there has been no objection filed by any governmental unit asserting such avoidance.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The Plan is CONFIRMED.

2.  The Debtor is authorized and empowered to execute any and all documents and take such other actions as may be necessary or appropriate to implement the provisions of the Plan.

3.  The Debtor shall separately move the Court for entry of her discharge and, pursuant to section 350 of the Bankruptcy Code and Bankruptcy Rule 3022, a final decree and order closing this bankruptcy case.

4.  A post-confirmation status conference is to be held on September 13, 2016 at 1:30 P.M.

5.  The reorganized debtor, Joseph Williams ("Debtor"), shall file a post-confirmation status report not less than 14 days prior to the September 13, 2016 status conference, and serve such report on the United States Trustee, all secured creditors, Maurice Stephenson, all administrative and priority unsecured creditors, the twenty largest unsecured creditors and those parties who have requested special notice. Debtor's post-confirmation status report shall include without limitation:

(1)  An accounting of all payments required by Debtor's confirmed plan, as modified, and those that have been made or not made;

(2) The procedural status of any pending litigation which may affect the sale of any of the Debtor's real properties; and

(3) All of the information required by Local Bankruptcy Rule 3020-1(b).

6. Debtor shall file and serve post-confirmation status reports every 180 days thereafter, unless otherwise ordered by this Court.

###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
The Orantes Law Firm, P.C. 3435 Wilshire Blvd., Suite 2920, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **06/03/2016,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| | |
|---|---|
| Michael Avanesian on behalf of Interested Party Courtesy NEF michael@avanesianlaw.com, michael@ecf.inforuptcy.com | Michael Daniels on behalf of Creditor Nationstar Mortgage, LLC. BkECFnotifications@nationstarmail.com |
| Mark T. Domeyer on behalf of Interested Party Courtesy NEF wdk@wolffirm.com, mark.domeyer@wolffirm.com | Jacqueline S Eberhard on behalf of Creditor Bank of America, N.A., its assignees and/or successors bknotice@mccarthyholthus.com |
| Todd S Garan on behalf of Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR8 ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com | Lemuel Bryant Jaquez on behalf of Creditor Citibank, N.A. as Trustee for Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-8 bjaquez@mileslegal.com |
| Neil M Katsuyama on behalf of Creditor Maurice Stephenson nmkatsuyama@jonesbell.com, neil.katsuyama@gmail.com | Vanessa Lewis on behalf of Creditor Ocwen Loan Servicing, LLC vanessa.lewis@ocwen.com |
| Terry Loftus on behalf of Creditor Bank of America, N.A. bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com | Terry Loftus on behalf of Creditor Green Tree Servicing, LLC bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com |
| Casey J OConnell on behalf of Creditor Citibank, N.A. as Trustee for Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-8 casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com | Casey J OConnell on behalf of Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR8 casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com |
| Casey J OConnell on behalf of Interested Party Courtesy NEF casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com | Renee M Parker on behalf of Creditor Federal National Mortgage Association (Fannie Mae), creditor c/o Seterus, Inc. bknotice@earthlink.net, rmparker@wrightlegal.net |
| Casey J OConnell on behalf of Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certif casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com | Kelly M Raftery on behalf of Creditor Wilmington Trust, NA, successor trustee to Citibank, N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass- Throug bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com |
| Giovanni Orantes on behalf of Debtor Joseph Williams go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com | Kelly M Raftery on behalf of Creditor Bank of America, N.A. bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com |
| Renee M Parker on behalf of Interested Party Courtesy NEF bknotice@earthlink.net, rmparker@wrightlegal.net | S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV) margaux.ross@usdoj.gov, margauxla@yahoo.com |
| John D Schlotter on behalf of Creditor PennyMac Loan Services, LLC ecfmail@aclawllp.com | Alik Segal on behalf of Attorney Alik Segal alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com |
| Alik Segal on behalf of Creditor Bank of America, N.A. alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com | Alik Segal on behalf of Interested Party Courtesy NEF alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com |
| John D Schlotter on behalf of Creditor CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST, BY PENNYMAC LOAN SERVICES, LLC, ITS SERVICING AGENT ecfmail@aclawllp.com | Timothy J Silverman on behalf of Creditor CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST, BY PENNYMAC LOAN SERVICES, LLC, ITS SERVICING AGENT tim@sgsslaw.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | |
|---|---|
| Bill Taylor on behalf of Creditor SELECT PORTFOLIO SERVICING, INC.<br>ecfnotices@4stechnologies.com | United States Trustee (SV)<br>ustpregion16.wh.ecf@usdoj.gov |
| Perry W Wade on behalf of Creditor Green Tree Servicing LLC  perry.w.wade@gt-cs.com | Edward T Weber on behalf of Interested Party Courtesy NEF<br>bknotice@rcolegal.com |
| Jennifer C Wong on behalf of Creditor Green Tree Servicing LLC  bknotice@mccarthyholthus.com | Jennifer C Wong on behalf of Creditor Green Tree Servicing LLC., its assignees and/or successors<br>bknotice@mccarthyholthus.com |
| Jennifer C Wong on behalf of Creditor Green Tree Servicing, LLC  bknotice@mccarthyholthus.com | Timothy J Silverman on behalf of Creditor Citibank, N.A. As Trustee For CMLTI Asset Trust its successors and/or assigns by its duly authorized agent PennyMac Loan Services, LLC<br>tim@sgsslaw.com |
| Erica T Loftis on behalf of Creditor Federal National Mortgage Association (Fannie Mae), creditor c/o Seterus, Inc.<br>Erica.Loftis@BuckleyMadole.com,<br>Susana.Hernandez@BuckleyMadole.com | Erica T Loftis on behalf of Creditor Wilmington Trust, N.A., as trustee for the structured asset mortgage investments II trust, mortgage pass-through certificates, series 2007-AR2<br>Erica.Loftis@BuckleyMadole.com,<br>Susana.Hernandez@BuckleyMadole.com |

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) **06/03/2016**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| United States Trustee<br>915 Wilshire Blvd., Sute 1850<br>Los Angeles, CA 90017 | United States Bankruptcy Court<br>Honorable Judge Martin R. Barash<br>21041 Burbank Boulevard, Suite 342<br>Woodland Hills, CA 91367 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/03/2015 | Norma Y. Yacinthe | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012    Page 3    F 9021-1.2.BK.NOTICE.LODGMENT