Giovanni Orantes, SBN 190060
Luis A. Solorzano, SBN 310278
THE ORANTES LAW FIRM, P.C.
3435 Wilshire Blvd., Suite 2920
Los Angeles, CA 90010
Telephone: (213) 389-4362
Facsimile: (877) 789-5776
go@gobklaw.com

Attorney for Reorganized Debtor
Joseph Williams

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Joseph Williams<br><br>   Reorganized Debtor. | Case No. 1:12-bk-20158-MB<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION UNDER RULE 9019 FOR APPROVAL OF SETTLEMENT; SUPPORTING MEMORANDUM AND DECLARATION**<br><br>[NO HEARING REQUIRED PURSUANT TO LBR 9013-1(o)] |

  **TO THE HONORABLE MARTIN BARASH, UNITED STATES BANKRUPTCY JUDGE, TO THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO ALL PARTIES IN INTEREST:**

   **PLEASE TAKE NOTICE** that Joseph Williams, the Reorganized Debtor herein ("Debtor"), hereby applies to this Court for an Order Approving Motion Under Rule 9019 for Approval of Settlement between Debtor and Ditech Financial, LLC ("Ditech").

**PLEASE TAKE FURTHER NOTICE** that Local Bankruptcy Rule 9013-1(o)(4) requires that any response and request for a hearing must be filed and served within 14 days after the date of the service of this Notice.

Any Opposition or Objection to the Motion must be submitted in writing in the form required by Local Bankruptcy Rule 9013-1(o)(4), filed and served upon Debtor's counsel, and the Office of the United States Trustee no later than fourteen (14) days from the date of service of this Notice and the accompanying Motion.

Respectfully submitted.

DATED:  May 31, 2018                          **The Orantes Law Firm, P.C.**

By: Luis A. Solorzano_____
    Luis A. Solorzano
    Giovanni Orantes
Counsel for Reorganized Debtor

## MEMORANDUM OF

## POINTS & AUTHORITIES

Joseph Williams (the "Debtor") has agreed, subject to court approval sought by means of this motion, to settle the Contempt Motion against Ditech.

### I.

## PERTINENT FACTS AND EVIDENCE

1.      On or about November 19, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, and since this date remained in possession and control of all assets of the resulting Chapter 11 estate, as Debtor-In-Possession, until confirmation of his Chapter 11 Plan..

2.      On December 18, 2014, the Court approved by order the Stipulation for plan treatment entered into by and between Debtor and Green Tree Lending, LLC, Ditech Financial LLC's predecessor (Doc. No. 238) ("Stipulation").

3.      On December 30, 2014, the Court entered the Order Confirming Chapter 11 Plan of Reorganization (Doc. No. 246) ("Confirmation Order").

4.      On February 13, 2015, Debtor filed the Motion to Modify Plan, which was revised on February 18, 2015 and filed as Amended Motion to Modify (Doc. No. 260) ("Motion to Modify Plan").

5.      On June 30, 2016, the Reorganized Debtor's Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan ("Motion to Modify Plan") was granted by court order (Doc. No. 397) ("Plan Modification Order").

6.      On June 23, 2017, the Debtor filed a Motion for Contempt ("Motion for Contempt") for Violation of Order Confirming Chapter 11 Plan of Reorganization (Doc. No. 410).

7.      On July 19, 2017, the Court entered an Order to Show Cause why Ditech Financial LLC Should Not Be Held in Contempt (Doc. No. 414) ("OSC").

8.      On August 15, 2017, Ditech filed Brief Response to Motion for an Order to Show Cause why Ditech Financial, LLC should not be held in Contempt of Court for Violation of Order Confirming Chapter 11 Plan of Reorganization (Doc. No. 423).

9.      On December 22, 2017, the Hearing was continued to allow time for Ditech and Debtor to attempt to reach a settlement .

10.      After several continuances, the hearing date was set for June 26 at 1:30 PM at Courtroom 303, 21041 Burbank Blvd., Woodland Hills, CA 91367.

11.      Ditech and Debtor have reached a settlement agreement ("Settlement Agreement") completely resolving this matter in good faith and settling the Contempt Motion.

## II.

## LEGAL DISCUSSION

Rule 9019 of the Federal Rules of Bankruptcy Procedure provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."  See Fed.R.Bankr.P. 9019(a).  Settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged.  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968), reh'g denied, 391 U.S. 909 (1968) ("in administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts").  For a compromise to be approved, the proposed compromise must be fair and equitable.  Id. at 424.  Significantly, the court stated that "[b]asic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of litigation."  Id. at 424-425.

More recently, the Ninth Circuit Court of Appeals held that the determination of whether a proposed settlement agreement meets the requisite standards of fairness, equity, and reasonableness is a function of several factors:  (a) the probability of ultimate success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (d) the paramount interest of creditors and a proper deference to their reasonable views.  See Martin v. Kane et al. (In re A&C Prop.), 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied sub nom., Martin v. Robinson, 479 U.S. 854 (1986).

In ruling on a proposed compromise, however, the Court should give substantial weight to the Trustee's views as to the merits of the compromise and settlement, and should not substitute its own judgment for that of the Trustee.  See In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Calra Leather,

Inc., 44 B.R. 457, 465-466 (Bankr. S.D.N.Y. 1984), aff'd, 50 B.R. 765 (S.D.N.Y. 1985). This Court need not conduct an extensive investigation into the merits of the claims that the parties seek to settle. See In re Walsh Const., Inc., 669 F.2d 1325, 1328 (9th Cir. 1982).  It need only determine that the outcome of litigating the claims is open to reasonable doubt.  Id. Nor is the Court required to determine whether the settlement was the best that the Trustee could have obtained.  See In re W.T. Grant, 699 F. 2d 599, 608, 613 (2d Cir. 1982), cert. denied, 464 U.S. 822 (1983).  Rather, the Court should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  Id. at 608.  A bankruptcy court should approve a compromise, despite any objections, if it is in the best interests of the estate and creditors. See In re A&C Prop., 784 F.2d at 1382.

The Settlement Agreement in this case should be approved under the applicable statutory and decisional standards.  After analyzing the various issues, the parties have determined that the Settlement Agreement is the appropriate course.  Both parties agreed that the Settlement Agreement is in their best interests, as well as the bankruptcy estate.

The Settlement Agreement resolves all of the potential issues between debtor Joseph Williams and Ditech, and that the Settlement Agreement is fair and reasonable.

The Court should approve the Settlement Agreement because it satisfies the standard for what is fair, reasonable, and adequate.  Given the facts and circumstances of the matter, the Debtor, in the exercise of his business judgment, believes it is in the best interest of his estate to settle the matter as set forth in the Settlement Agreement and avoid further expense and uncertainty.

### III.

### CONCLUSION

The court should enter an order approving the settlement agreement between Ditech and the Reorganized Debtor, Joseph Williams.

Dated:  May 31, 2018                          **THE ORANTES LAW FIRM, P.C.**

                                             By: ____/s/ Luis A. Solorzano_____
                                                Luis A. Solorzano
                                                 Giovanni Orantes
                                                Counsel for Reorganized Debtor, Joseph Williams

# DECLARATION OF JOSEPH WILLIAMS

I, Joseph Williams, declare as follows:

1.      I am over 18 years of age and I am the Debtor and Debtor-In-Possession, Case No.
1:12-bk-20158-MB.  Except when based on information and belief, I make this declaration based on
facts within my personal knowledge and if called as a witness, could and would testify thereto.

2.      Attached and marked Exhibit "1" is a true and correct copy of the Settlement
Agreement between Ditech and I, which was negotiated through our counsel over several weeks.

3.      I believe that the settlement is prudent and in the best interest of my bankruptcy estate
because the Settlement Agreement is fair and reasonable and resolves all of the potential issues between
Ditech and I.

I declare under penalty of perjury under the laws of the United States that the foregoing is true
and correct and that this declaration was executed on May 18, 2018.

Joseph Williams

# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("**Agreement**") is made and entered into by Debtor Joseph Williams (the "**Debtor**") and Ditech Financial LLC ("Ditech"). This Agreement shall become effective (the "Effective Date") pursuant to Section C of the Settlement Provisions as set forth below. The Debtor and Ditech are collectively the "**Parties**," and each individually is a "**Party**."

## RECITALS

This Agreement is entered into with reference to the following facts and recitals which are true to the best of the Parties' knowledge and belief, and are made part of this Agreement:

WHEREAS, the Debtor resides at real property located at 5271 Angeles Vista Blvd., Los Angeles, CA 90043 (the "**Property**");

WHEREAS, the Debtor obtained a residential mortgage loan ("**the Loan**") as evidenced by a Note (the "**Note**") and secured by the Property under a Deed of Trust (the "**Deed of Trust**").

WHEREAS, Ditech is the current servicer of the Loan by virtue of the assignment of the Deed of Trust;

WHEREAS, on November 19, 2012, the Debtor filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court of the Central District of California, San Fernando Valley Division, assigned case number 1:12-bk-20158-MB.

WHEREAS, on December 18, 2014, the Court approved by order the Stipulation for plan treatment entered into by and between Debtor and Green Tree Lending, LLC, Ditech Financial LLC's predecessor.

WHEREAS, on December 30, 2014, the Court entered the Order Confirming Chapter 11 Plan of Reorganization.

WHEREAS, on February 13, 2015, Debtor filed the Motion to Modify Plan, which was revised on February 18, 2015 and filed as Amended Motion to Modify ("**Motion to Modify Plan**").

WHEREAS, on June 30, 2016, the Reorganized Debtor's Motion for Post-Confirmation Modification of Debtor's Chapter 11 Plan ("**Motion to Modify Plan**") was granted by court order ("**Plan Modification Order**").

WHEREAS, on June 23, 2017, the Debtor filed a Motion for Contempt ("**Motion for Contempt**") for Violation of Order Confirming Chapter 11 Plan of Reorganization**.**

WHEREAS, on July 19, 2017, the Court entered an Order to Show Cause why Ditech Financial LLC should not be held in contempt.

WHEREAS, on August 15, 2017, Ditech filed Brief Response to Motion for an Order to Show Cause why Ditech Financial, LLC should not be held in Contempt of Court for Violation of Order Confirming Chapter 11 Plan of Reorganization.

WHEREAS, on December 22, 2017, the Hearing continued, the current Hearing date set for February 27, 2018 at 1:30 PM at Courtroom 303, 21041 Burbank Blvd., Woodland Hills, CA 91367.

WHEREAS, Debtor represents that he has accumulated a total of $7,348.21 in attorney's fees and costs in preparing, filing, and prosecuting that Motion for Order to Show Cause Why Ditech Financial LLC Should Not Be Held in Contempt ("OSC"), all of which shall be included in Ditech's payment to Debtor.

WHEREAS, the Parties agree that it is in their mutual interests to avoid the uncertainty and expense of litigating the Motion for Contempt by reaching a settlement and accommodation of the certain matters encompassed herein, without any admission of law or fact.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties covenant and agree as follows:

## TERMS AND RELEASES

1. **SETTLEMENT PROVISIONS**

   A. **Agreement Execution**. Within five (5) business days from the date of request by counsel for Ditech, the Debtor shall execute two original counterparts of this Agreement and deliver a completed IRS Form W-9 for any and all Payee(s) for Counsel for the Ditech identified below.

   B. **Approval by Bankruptcy Court**. On or before May 4, 2018, Plaintiff shall file a motion (the "**Motion**") with the Bankruptcy Court, in form and substance reasonably satisfactory to Ditech, seeking approval of this Agreement under Rule 9019 of the Federal Rules of Bankruptcy Procedure. The Parties acknowledge and agree that the terms of this Agreement are subject to the entry of an order (the "**Order**") by the Bankruptcy Court approving this Agreement pursuant to its terms. The Parties agree to take all reasonable actions and cooperate in good faith to obtain approval of this Agreement.

C. **Effective Date**. This Agreement shall be effective on the date (the "**Effective Date**") that the Order becomes final and no longer subject to appeal.

D. **Effect of Bankruptcy Court Not Approving Agreement**. In the event that this Agreement is not approved by the Bankruptcy Court, nothing herein shall be deemed a representation or admission by any Party as to any issue involved in the Motion for Contempt, and the Parties shall be returned to the status quo prior to the entry into this Agreement.

E. **Payment by Ditech**. Ditech shall pay forty seven thousand one hundred seventy three dollars and seven cents ($47,173.07) to Debtor ("**Payee**") within thirty (30) days ("**Ditech Payment**") of the **later** of the following events: (1) Defendant's Counsel's receipt of the Debtor's executed copy of the Agreement; (2) Defendant's Counsel's receipt of the required accurately completed IRS Form W-9 pursuant to Paragraph 1.A of the Settlement Provisions as set forth above; or (3) the Debtor's withdrawal of the Motion for Contempt pursuant to Section G of the Settlement Provisions as set forth below. Debtor acknowledges that he is solely responsible for remitting the Ditech Payment to any and all interested parties with whom he may share an interest as to the Property or its proceeds, and will indemnify Ditech for any claims sought against it as a consequence of Ditech remitting the Ditech Payment to Payee.

F. **Consideration**. The Ditech Payment is the consideration for this Agreement and the terms herein, including but not limited to the release.

G. **Dismissal with Prejudice**. Within ten (10) business days of the Debtor's counsel's receipt of a fully executed copy of this Agreement, Debtor's counsel shall file any and all papers necessary to withdraw the Motion for Contempt.

H. **Full Satisfaction**. The Ditech Payment is in full satisfaction of each and every claim in the Motion for Contempt and it includes all attorneys' fees and costs that Debtor may have incurred in connection with the Motion for Contempt.

I. **Debtor's Release**. For consideration of the Ditech Payment, the receipt and sufficiency of which is hereby expressly acknowledged, the Debtor for himself and each of his present and former heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouses, attorneys, insurers, agents, representatives, predecessors, successors, assigns and all those who claim through them or could claim through them (collectively "**Releasors**") unconditionally and irrevocably remises, waives, satisfies, releases, acquits, and forever discharges Defendant and each of its present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, subsidiaries, divisions, departments, subdivisions, owners, partners, principals, members, trustees, creditors, shareholders, members, joint ventures, co-venturers, officers and directors (whether acting in such capacity or individually), attorneys, vendors, accountants, nominees, agents (alleged, apparent or actual), representatives, employees, managers, administrators, and/or each

3

person or entity acting or purporting to act for them or on their behalf, as well as any past, present or future person or any entity that held or holds any interest in the Loan, including the underlying Note and Deed of Trust (collectively the "**Releasees**"), and each of them respectively, from and against any and all past and present claims, counterclaims, actions, defenses, affirmative defenses, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, whether existing now or to come into existence in the future, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorneys' fees, costs of litigation, expenses, claims and demands whatsoever that the Releasors, or their attorneys, agents, representatives, predecessors, successors and assigns, have or may have against the Releasees, for, upon, or by reason of any matter, cause or thing, whatsoever, in law or equity, including, without limitation, the claims made or which could have been made by the Debtor arising from the origination or servicing of the Loan (in any manner) as well as in any way related to the underlying Property, Note, and/or Deed of Trust, any servicing act or omission thereon as well as any claim or issue which was or could have been brought in the Motion for Contempt as of the date of this Agreement (collectively "**Released Matters**").

J.    **Confidentiality and Notices**. As a material inducement and an indivisible part of the consideration to be received by the Debtor to enter into this Agreement, the Debtor agrees that it is appropriate to maintain the allegations made in the Motion for Contempt, the terms of this Agreement, and the settlement provided for herein (collectively the "**Information**") as confidential on a going forward basis as of the Effective Date of this Agreement.  Toward that end, the Debtor agrees that he and his attorneys will neither disclose nor reveal to any person or entity or directly or indirectly publish, publicize, disseminate or communicate to any person or entity the Information on a go forward basis as of the date of this Agreement, including but not limited to a prohibition on the Debtor posting or otherwise disclosing Information on the Internet or any other paper or electronic media outlet (including but not limited to news organizations websites or newspapers, email, Facebook, MySpace, Twitter, *etc*.).  The only permitted disclosure of Information hereunder is to the persons or entities specifically identified in subparagraphs (i)-(iv) below.

i)    The Debtor may provide a copy of this Agreement and/or describe the terms and conditions of this Agreement within any lawsuit before a United States court of competent jurisdiction only in response to a Court order to that effect.  The Debtor further agrees that, to the extent hhe or her attorneys receive legal process designed to disclose any Information deemed confidential under this Agreement, the Debtor will provide advance written notice to counsel for Ditech within three (3) business days of receiving such subpoena, court order or other legal process, so that has the option of taking steps to protect the confidentiality of this

4

Agreement, its terms or any Information deemed confidential under this Agreement;

ii) The Debtor's attorneys, financial advisors, accountants, and other professional advisors who have access to Information of this type in order to perform their duties, and/or with whom the Debtor may consult regarding any aspect of this Agreement, provided that such persons or entities agree to maintain this Agreement, the terms of this Agreement and the settlement provided for herein as confidential;

iii) Federal, state and local taxing authorities (such as, for example, the United States Internal Revenue Service), as necessary in tax returns or other tax reporting documents, and/or in response to an audit or similar inquiry; and/or

iv) A Court of competent jurisdiction to enforce this Agreement and/or maintain its confidentiality (any such proceeding to be filed under seal if possible).

K. **Non-Disparagement.** Releasors and their Counsel will not, directly or indirectly, make any negative or disparaging statements against the Releasees maligning, ridiculing, defaming, or otherwise speaking ill of the Releasees, and their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to the Releasees' business interests, reputation or good will) in any form (including but not limited to orally, in writing, on social media, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement, Information (as defined above) and the factual allegations made in the Litigation or any matter covered by the release within this Agreement. Nothing in the Agreement shall, however, be deemed to interfere with each party's obligation to report transactions with appropriate governmental, taxing and/or registering agencies.

L. **Excluded Claims**. This Agreement does not apply to any separate continuing contractual and/or equitable obligations as may currently exist between or among the Parties, including, for example, existing loans encumbering other Property of the Debtor. For purposes of this provision, "Parties" shall include Ditech and its parents, subsidiaries and/or its affiliated entities.

2.   ADDITIONAL TERMS

A. **Adequate Consideration**.  The consideration received in connection with this Agreement is fair, adequate, and substantial and consists only of the terms set forth in this Agreement.

B. **Covenant Not to Sue**. The Debtor agrees that he will not initiate, participate in, file or assert any action, proceedings, lawsuit, claim or cause of action (whether common

5

law, statutory, federal, legal or equitable) against Ditech for any event, transaction, or occurrence related to or arising from the subject matter of this Agreement, effective upon performance by each party to this Agreement of all of their obligations hereunder. This covenant not to sue is intended to have the broadest interpretation possible and shall absolutely prohibit the Debtor from any further action against Ditech related to or arising from the subject matter of the Motion to Contempt and Released Matters. If Debtor hereafter bring any suits or claim against Ditech in breach hereof, the Debtor shall pay to Ditech all damages caused thereby, together with attorneys' fees incurred in defending or otherwise responding to said suit or claim. This covenant does not prohibit the Debtor from bringing suit against the Releasees to enforce Ditech's obligations contained herein.

C. **Further Assurances**. Each Party agrees to take all reasonable steps necessary to effectuate the terms of this Agreement.

D. **No Admission of Liability**. Each of the Parties understands and agrees that this Agreement and the settlement provided for herein, are intended to compromise disputed claims and defenses, to avoid litigation and to buy peace, and that this Agreement and the settlement provided for herein shall not be construed or viewed as an admission by any Party of liability or wrongdoing, such liability being expressly denied. This Agreement, and the settlement provided for herein, shall not be admissible in any lawsuit, administrative action, or any judicial or administrative proceeding if offered to show, demonstrate, evidence or support a contention that any of the Parties acted illegally, improperly, or in breach of law, contract or proper conduct.

E. **Waiver**. The failure of the Debtor to demand from Defendant performance of any act under the Agreement shall not be construed as a waiver of Debtor's right to demand, at any subsequent time, such performance. The failure of Defendant to demand from Debtor performance of any act under the Agreement shall not be construed as a waiver of Defendant's right to demand, at any subsequent time, such performance.

F. **Tax Consequences**. The Debtor understands and agrees that Defendant may be required to report this Agreement, the payment referenced in paragraph B above and/or other matters relating to the Loan or the Property to the Internal Revenue Service or other taxing authority. The Debtor agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit they receive pursuant to this Agreement, they will be solely responsible for paying such taxes. Defendant makes no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Defendant. The Debtor further expressly acknowledges that he neither received nor relied upon any tax advice from the Defendant or their representatives and attorneys.

6

G. **Choice of Law**.  This Agreement shall be construed in accordance with and all disputes hereunder shall be controlled by the laws of the State of California without regard to that State's choice of law rules.

H. **Defendant's Counsel**.  As used in this Agreement, the phrase "**Defendant's Counsel**" means Christopher O. Rivas, Reed Smith LLP, 355 S. Grand Ave., Suite 2900, Los Angeles, CA 90071.

I. **No Interpretation of Captions or Headings**.  The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

J. **Severability**.  If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

K. **Neutral Interpretation and Counterparts**.  The Parties shall be deemed to have cooperated in the drafting and preparation of this Agreement. Hence, any construction to be made of this Agreement shall not be construed against any Party.  This Agreement may be executed in counterparts and each executed counterpart shall be effective as the original.  All faxed, emailed, or electronic signatures affirming this Agreement constitute an original signature.

L. **Integration / Single Agreement**.  This Agreement constitutes a single, integrated, written contract expressing the entire understanding and agreement between the Parties, and the terms of the Agreement are contractual and not merely recitals.  There is no other agreement, written or oral, expressed or implied between the Parties with respect to the subject matter of this Agreement and the Parties declare and represent that no promise, inducement or other agreement not expressly contained in this Agreement has been made conferring any benefit upon them or upon which they have relied in any way.  The terms and conditions of this Agreement may not be contradicted by evidence of any prior or contemporaneous agreement, and no extrinsic evidence may be introduced in any judicial proceeding to interpret this Agreement.  This provision does not apply either to any other business relations between the Parties not related to the subject matter of the release with this Agreement or to the Loan(s), Note, and/or Deed of Trust at issue herein unless otherwise they have been invalidated or modified by the terms of this Agreement.

M. **Amendments to the Agreement**.  This Agreement shall not be altered, amended or modified by oral representation made before or after the execution of this Agreement. All amendments or changes of any kind must be in writing, executed by all Parties.

7

N. **Negotiations**. All negotiations have been conducted in English. If necessary, the Debtor has had this document translated by a translator of the Debtor's choice to the Debtor's satisfaction. The Debtor represents and warrants that that the Debtor has had all terms explained to the Debtor and that by signing below the Debtor fully understands and agrees to them.

O. **Authority**. The Debtor represents and warrants that he has not sold, transferred, conveyed, assigned, or otherwise disposed of any right, title or interest in any of the Released Matters herein to any person or entity, and that the Debtor is not aware of any other person or entity who may have or who has asserted or can assert a right, title, or interest in any of the Released Matters covered by this Agreement. The Debtor further affirms that he is fully capable of executing this Agreement and understands its contents and further that he has legal counsel of her own choice or that he has had an opportunity to obtain such legal counsel to explain the legal effect of signing this Agreement.

P. **Advice of Counsel**. Each Party to this Agreement acknowledges that they have had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement. The individuals whose signatures are affixed to this Agreement in a personal or representative capacity represent that they are competent to enter into this Agreement and are doing so freely and without coercion by any other Party or non-party hereto.

Q. **Successors**. This Agreement shall inure to the benefit of the respective heirs, successors, and assigns of the Parties and each and every one of the Releasees shall be deemed to be intended third-party beneficiaries of this Agreement.

R. **Attorneys' Fees**. Unless otherwise expressly set forth herein, each of the Parties shall bear its own attorney's fees, costs, and expenses in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and the negotiations and preparation of this Agreement. However, if any Party institutes legal proceedings over the enforcement of this Agreement or any provision of it, the prevailing Party shall be entitled to recover from the losing Party its costs, including reasonable attorneys' fees, at both the trial and appellate levels.

S. **Waiver of Trial by Jury**. The Parties knowingly, voluntarily, and intentionally waive the right they may have to a trial by jury in respect to any litigation based hereon, or arising out of, under or in connection with this Agreement, any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written), or action of the Parties.

T. **Other Accounts / Future Events**. The Parties understand and agree that this Agreement shall not, under any circumstances, be deemed to prohibit Defendant (or any other person or entity) from continuing to take any actions with regard to any

8

other mortgage, credit, or account obtained by the Debtor from Defendant and/or serviced by Defendant, including but not limited to such actions as acceleration and foreclosure as may be appropriate in the event of a future default on any other mortgage or credit obtained by the Debtor from Defendant.

U.  **Future Correspondence**. During the pendency of the Motion for Contempt, Ditech changed the Debtor's mailing address to that of their attorney and/or designated representative.    Upon the withdrawal of the Motion for Contempt, all future correspondence will be sent to the Debtor's property address or the following approved mailing address:

Joseph Williams
550 E. Carson Plaza Dr. #206
Carson, CA 90746

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument
and have executed this Agreement as of the day and year first below written.

JOSEPH WILLIAMS

*(signature)*
(Signature)

County of _____ in the State of_____.   On this, the
_____ day of _____, 2018, before me a notary public, the undersigned officer,
personally appeared _____, known to me (or satisfactorily
proven) to be the person whose name is subscribed to the within instrument, and acknowledged
that he executed the same for the purposes therein contained.  In witness hereof, I hereunto set
my hand and official seal.


(Seal)                                   Please See Attachment

                              _____
                              Notary Public
                              My Commission Expires:_____

10

# CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGMENT
### (CALIFORNIA CIVIL CODE § 1189)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA )
COUNTY OF _Los Angeles_ )

On _May 2, 2018_ before me, _Kimberly Phillips, Notary Public_ ———
_____(Date)_____          _____(Here Insert Name and Title of the Officer)_____

personally appeared _Joseph Williams_ ————————————————
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

KIMBERLY PHILLIPS
Commission # 2085468
Notary Public - California
Los Angeles County
My Comm. Expires Oct 10, 2018

(Notary Seal)

_____ADDITIONAL OPTIONAL INFORMATION_____

**Description of Attached Document**

Title or Type of Document: _Confidential Settlement Agreement_ Document Date: _5/2/18_

Number of Pages: _1_    Signer(s) Other Than Named Above: _N/A_

Additional Information: _N/A_

revision date 01/01/2015

IN WITNESS WHEREOF, the Parties hereto evidence their agreement as a sealed instrument and have executed this Agreement as of the day and year first below written.

**DITECH FINANCIAL LLC**

By: _Patricia Hobbib_

Title: _SVP_

Date: _May 7, 2018_

County of _Montgomery_ in the State of _Pennsylvania_. On this, the _7th_ day of _May_, 2018, before me a notary public, the undersigned officer, personally appeared _Patricia Hobbib_, known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that he executed the same for the purposes therein contained. In witness hereof, I hereunto set my hand and official seal.

(Seal)

Commonwealth of Pennsylvania – Notary Seal
LEIGH GAGLIARDI – Notary Public
Montgomery County
My Commission Expires Feb 5, 2022
Commission Number 1326859

Notary Public

My Commission Expires: _February 5, 2022_

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
The Orantes Law Firm, P.C. 3435 Wilshire Blvd., Ste. 2920, Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION UNDER RULE 9019 FOR APPROVAL OF SETTLEMENT; SUPPORTING MEMORANDUM AND DECLARATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **05/31/2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Michael Avanesian on behalf of Attorney Alik Segal
bk@jtlegalgroup.com, michael@ecf.inforuptcy.com

Michael Avanesian on behalf of Interested Party Courtesy NEF
bk@jtlegalgroup.com, michael@ecf.inforuptcy.com

Michael Daniels on behalf of Creditor Nationstar Mortgage, LLC.
BkECFnotifications@nationstarmail.com

Mark T. Domeyer on behalf of Interested Party Courtesy NEF
mdomeyer@denleyinvestment.com

Jacqueline S Eberhard on behalf of Creditor Bank of America, N.A., its assignees and/or successors
bknotice@mccarthyholthus.com

Todd S Garan on behalf of Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR8
ch11ecf@aldridgepite.com, TSG@ecf.inforuptcy.com;tgaran@aldridgepite.com

Lemuel Bryant Jaquez on behalf of Creditor Citibank, N.A. as Trustee for Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-8
bjaquez@mileslegal.com

Neil M Katsuyama on behalf of Creditor Maurice Stephenson
nmkatsuyama@jonesbell.com, neil.katsuyama@gmail.com

Vanessa Lewis on behalf of Creditor Ocwen Loan Servicing, LLC
vanessa.lewis@ocwen.com

Erica T Loftis on behalf of Creditor Federal National Mortgage Association (Fannie Mae), creditor c/o Seterus, Inc.
Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Erica T Loftis on behalf of Creditor Wilmington Trust, N.A., as trustee for the structured asset mortgage investments II trust, mortgage pass-through certificates, series 2007-AR2
Erica.Loftis@BuckleyMadole.com, Susana.Hernandez@BuckleyMadole.com

Terry Loftus on behalf of Creditor Bank of America, N.A.
bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com

Terry Loftus on behalf of Creditor Green Tree Servicing, LLC
bknotice@mccarthyholthus.com, tloftus@mccarthyholthus.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

June 2012                                                                                        F 9013-3.1.PROOF.SERVICE

Casey J OConnell on behalf of Creditor Citibank, N.A. as Trustee for Bear Sterns ALT-A Trust, Mortgage Pass-Through Certificates, Series 2006-8
casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com

Casey J OConnell on behalf of Creditor U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR8
casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com

Casey J OConnell on behalf of Creditor U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certif
casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com

Casey J OConnell on behalf of Interested Party Courtesy NEF
casey@caseyoconnelllaw.com, colaw@ecf.inforuptcy.com

Giovanni Orantes on behalf of Debtor Joseph Williams
go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com,gobklaw@gmail.com,go@ecf.inforuptcy.com

Renee M Parker on behalf of Creditor Federal National Mortgage Association (Fannie Mae), creditor c/o Seterus, Inc.
renee.parker@mtglawfirm.com, bknotice@earthlink.net

Renee M Parker on behalf of Interested Party Courtesy NEF
renee.parker@mtglawfirm.com, bknotice@earthlink.net

Kelly M Raftery on behalf of Creditor Bank of America, N.A.
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Kelly M Raftery on behalf of Creditor Wilmington Trust, NA, successor trustee to Citibank, N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust II, Mortgage Pass- Throug
bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com

Christopher O Rivas on behalf of Interested Party Ditech Financial LLC
crivas@reedsmith.com, chris-rivas-8658@ecf.pacerpro.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

John D Schlotter on behalf of Creditor CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST, BY PENNYMAC LOAN SERVICES, LLC, ITS SERVICING AGENT
ecfmail@aclawllp.com

John D Schlotter on behalf of Creditor PennyMac Loan Services, LLC
ecfmail@aclawllp.com

Alik Segal on behalf of Attorney Alik Segal
alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com

Alik Segal on behalf of Creditor Bank of America, N.A.
alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com

Alik Segal on behalf of Interested Party Courtesy NEF
alik.segal@bkfort.com, alik.segal.ecf.mem@gmail.com

Timothy J Silverman on behalf of Creditor CITIBANK N.A. AS TRUSTEE FOR CMLTI ASSET TRUST, BY PENNYMAC LOAN SERVICES, LLC, ITS SERVICING AGENT
tsilverman@scheerlawgroup.com

Timothy J Silverman on behalf of Creditor Citibank, N.A. As Trustee For CMLTI Asset Trust its successors and/or assigns by its duly authorized agent PennyMac Loan Services, LLC
tsilverman@scheerlawgroup.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2

**F 9013-3.1.PROOF.SERVICE**

Luis A Solorzano on behalf of Debtor Joseph Williams
ls@gobklaw.com, go@ecf.inforuptcy.com

Bill Taylor on behalf of Creditor SELECT PORTFOLIO SERVICING, INC.
ecfnotices@4stechnologies.com

Edward A Treder on behalf of Interested Party Courtesy NEF
cdcaecf@bdfgroup.com

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

Perry W Wade on behalf of Creditor Green Tree Servicing LLC
perry.w.wade@gt-cs.com

Edward T Weber on behalf of Interested Party Courtesy NEF
bknotice@rcolegal.com

Jennifer C Wong on behalf of Creditor Green Tree Servicing LLC
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Creditor Green Tree Servicing LLC., its assignees and/or successors
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

Jennifer C Wong on behalf of Creditor Green Tree Servicing, LLC
bknotice@mccarthyholthus.com, jwong@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **5/31/2018,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

U.S. Bankruptcy Court
Hon. Judge Martin Barash
21041 Burbank Blvd., Ste. 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) **12/5/2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/31/2018 | Luis A. Solorzano | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3

**F 9013-3.1.PROOF.SERVICE**